EPSTEIN BECKER & GREEN, P.C.
Allen B. Roberts
Lori A. Medley
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
ARoberts@ebglaw.com
LMedley@ebglaw.com
*Attorneys for Defendants*
*Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMY MILLER,  :

               Plaintiff,  :
  :
  :
      -v-  :   Case: 1:20-cv-01390-LAP-BCM
  :
LEVI & KORSINSKY, LLP, EDUARD KORSINSKY,  :   **ANSWER, DEFENSES**
and JOSEPH LEVI,  :   <u>**AND COUNTERCLAIMS**</u>
  :
           Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky ("Korsinsky"), and

Joseph Levi ("Levi") (collectively, "Defendants"), by and through their attorneys Epstein Becker

& Green, P.C., answer Plaintiff Amy Miller's ("Plaintiff") Complaint (the "Complaint"), as

follows:

### I.    <u>THE NATURE OF THIS ACTION</u>

      1.     The allegations set forth in Paragraph 1 of the Complaint state conclusions of law

and Plaintiff's characterization of the case, which Defendants are not required to either admit or

deny. To the extent that a response is required, Defendants deny the allegations set forth in

Paragraph 1 of the Complaint.

2.      The allegations set forth in Paragraph 2 of the Complaint state conclusions of law and Plaintiff's characterization of the case, which Defendants are not required to either admit or deny. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit that Plaintiff was employed at L&K, and aver that the last title she held during her employment at L&K was a non-equity Partner and that Plaintiff's employment at-will with L&K terminated on or around March 28, 2019.

## II.      **JURISDICTION AND VENUE**

4.       The allegations set forth in Paragraph 4 of the Complaint state conclusions of law, which the Defendants are not required to either admit or deny.  To the extent a response is required, Defendants deny any violations under any of the laws or liability for any of the causes of action referenced in the Complaint.

5.      The allegations set forth in Paragraph 5 of the Complaint state conclusions of law, which the Defendants are not required to either admit or deny.  To the extent a response is required, Defendants deny any violations under any of the laws or liability for any of the causes of action referenced by Plaintiff in the Complaint.

6.      The allegations set forth in Paragraph 6 of the Complaint state conclusions of law, which the Defendants are not required to either admit or deny. To the extent a response is required, Defendants admit that venue is proper in the United States District Court for the Southern District of New York based on 28 U.S.C. § 1391(b).

### III.    <u>**PROCEDURAL REQUIREMENTS**</u>

7.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8.

9.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of the Complaint. To the extent a response is required, Defendants deny the allegations.

### IV.    <u>**PARTIES**</u>

11.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Plaintiff is female.

12.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 12 of the Complaint.

13.     The allegations set forth in Paragraph 13 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint, except aver that Plaintiff was employed by L&K in the position of Counsel from August 2016 to December 2017, and from in or around January 2018 until March 28, 2019, with the title of non-equity Partner in L&K's New York office.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint, except aver that L&K is a leading firm practicing in the area of securities and derivatives litigation.

17.     The allegations set forth in Paragraph 17 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation concerning L&K's status as set forth in Paragraph 17 of the Complaint, but deny any violations under the Equal Pay Act or the New York Equal Pay Act.

18.     Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint, except aver that as the founding and managing partners of L&K, Korsinsky and Levi made various personnel, staffing and compensation decisions.

23.     The allegations set forth in Paragraph 23 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any discrimination on the basis of sex, familial status, or retaliation for engaging in protected activity and aver that each of them acted lawfully.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     The allegations set forth in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 25 of the Complaint, except aver that as the founding and managing partners of L&K, Korsinsky and Levi made various personnel, staffing and compensation decisions.

## V.      FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff's Skill, Qualifications and Background*:

25.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in the second paragraph numbered as Paragraph 25 of the Complaint.

26.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Complaint.

27.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Complaint, except admit that, while employed at L&K, Plaintiff was an attorney licensed to practice law in the State of New York.

28.      Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of the Complaint.

31.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32.      Defendants deny the allegations set forth in Paragraph 32 of the Complaint, except aver that Plaintiff began her at-will employment at L&K as Of Counsel and her title was changed to Partner in or around January 2018.

33.      Defendants deny the allegations set forth in Paragraph 33 of the Complaint, except aver that Plaintiff did not lead L&K's corporate governance practice, but admit that she worked in L&K's corporate governance practice, which represented institutional and individual stockholders in derivative lawsuits, class actions, and appraisal proceedings.

5

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint, except aver that Plaintiff, along with other attorneys at various levels of activity bore some responsibility for supervising associates and support staff and participating in strategy for the development and management of cases, but Plaintiff did not develop or retain clients, having introduced only a single client to L&K and having failed to produce for L&K adequate revenue relative to related expenses.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint, except aver that Plaintiff's title was changed to Partner at L&K in or around January 2018.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

*KORSINSKY Offers Promotion but Fails to Increase Plaintiff's Salary:*

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except aver that Levi and Korsinsky were dissatisfied with aspects of Plaintiff's performance and offered her a title change to Partner in order to attempt to bolster her standing with her colleagues in the derivative defense bar where she had been struggling professionally, and that Plaintiff was informed that her salary and compensation terms would remain the same and not increase, although her compensation could be revisited if and when the cases for which Plaintiff had supervisory or lead responsibility generated adequate revenue for L&K relative to related expenses.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint, except aver that at all times Plaintiff was an at-will employee of L&K and the terms of Plaintiff's compensation at the time of her hire were set forth in her offer of employment letter and Plaintiff's compensation exceeded her performance and always remained at a level higher than warranted by Plaintiff's failure to work and contribute to L&K in a manner that generated adequate revenue relative to related expenses.

*Plaintiff is* [sic] *Promised Commissions as Offered to her Comparable Male Partners with L&K:*

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint, except aver that Plaintiff was told that she might receive a larger annual bonus if her work generated adequate revenue for L&K relative to related expenses.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

*Plaintiff Receives the Same Bonus as One of Her Male Subordinate Associates:*

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint, except admit that Plaintiff was informed she would receive a bonus of $30,000 for 2017.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint, except admit that Plaintiff received a bonus of $30,000 for 2017.

47.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 47 of the Complaint concerning Plaintiff's knowledge and deny the remaining allegations set forth in Paragraph 47 of the Complaint, except admit that Will Fields received a bonus of $30,000 for 2017.

*Plaintiff is* [sic] *Considered the "Head" of the New York Derivative Department:*

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint, except aver that Plaintiff was required to provide Defendants with reports related to cases on which Plaintiff worked, including fee projections.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint, except aver that although Plaintiff was required to regularly provide Korsinsky with reports regarding the cases she worked on and supervised, she submitted reports to Korsinsky only sporadically.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint and aver that Plaintiff was informed that Defendants would revisit exploring her bonus eligibility if and when the cases for which Plaintiff had supervisory responsibility and was assigned a lead role generated sufficient fee revenue for L&K relative to related expenses, and further aver as a whole the cases for which Plaintiff had supervisory responsibility and was assigned a lead role during her employment with L&K failed to generate adequate revenue for L&K relative to related expenses, and that her tenure resulted in a substantial economic loss for L&K.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

*Plaintiff is* [sic] *Denied Commissions on a Derivative Case Against Fox News:*

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint, except admit that Plaintiff worked on a derivative case against Twenty-First Century Fox, Inc.'s board of directors and deny that she had sole management responsibility for the case. Plaintiff worked on the case and reported to Korsinsky, who was ultimately responsible for the management of the case, on all substantial issues.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint, and aver that it is improper for Plaintiff to plead confidential, non-public terms of litigation agreements or arrangements concerning client matters.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint, except aver that there was no reasonable basis for Plaintiff to expect to receive bonuses comparable to that of attorneys who generated a substantial amount of fee revenue for L&K relative to related expenses on a consistent basis and the only reasonable basis for Plaintiff to believe she would receive a bonus would be by qualifying for treatment comparable to other L&K attorneys by generating fee revenue for L&K relative to related expenses similar to theirs.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint, except aver upon information and belief that Plaintiff spoke from time to time about various matters with Svetlana Mayzus, who was L&K's office manager, and Ms. Mayzus did not have the authority to make decisions regarding attorneys' compensation.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

*KORSINSKY Makes Discriminatory Statements to Plaintiff*:

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint, except aver that there was no reasonable basis for Plaintiff to believe that she performed her duties and responsibilities while generating fee revenue for L&K relative to related expenses comparably to other attorneys to whom she compares herself.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint, except aver that Defendants maintained the consistent position that they would revisit the amount of her

bonus if and when Plaintiff improved her fee revenue generation for L&K relative to related expenses, which she did not.

*KORSINSKY Makes More Discriminatory Statements to Plaintiff*:

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint, except aver that there was no reasonable basis for Plaintiff to expect to receive bonuses without generating for L&K similar to other attorneys.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint, except aver that there is no reasonable basis for Plaintiff to believe that she was treated by L&K differently from other female attorneys who were mothers and received favorable treatment.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint, except aver that Plaintiff was not entitled to attempt to obtain L&K's financial information from anyone other than Levi or Korsinsky without first obtaining the permission of Defendants.

*KORSINSKY Withdraws Compliments of Plaintiff*:

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint, except aver that there is no reasonable basis for Plaintiff to believe that competent written work product was a basis for the additional compensation she sought from Defendants.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint, except deny sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 74 of the Complaint concerning Plaintiff's co-counsel.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

*KORSINSKY Retaliates Against Plaintiff*:

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with Svetlana Mayzus and that Ms. Mayzus, as L&K's office manager, did not have the authority to negotiate or suggest the terms of an employee's compensation.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint, except aver that L&K's clients did not enter into a settlement agreement and that when the focus of the litigation transformed into a securities fraud class action, Plaintiff repeatedly informed Defendants that securities fraud actions were not her specialty. Thus, based on Plaintiff's repeated representations that she did not have the knowledge and experience with securities fraud class actions to adequately represent L&K's clients, L&K had to ask another Partner, a skilled litigator with focus on securities class actions and Rule 10b-5 litigations, to assume responsibility for the litigation, and aver that it is improper for Plaintiff to plead confidential, non-public terms of litigation agreements or arrangements concerning confidential client matters.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with Svetlana Mayzus.

81.     Defendants deny the allegations set forth in paragraph 81 of the Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with Svetlana Mayzus and that Ms. Mayzus was not involved in any of the decision making regarding attorneys' bonuses.

*Plaintiff Meets with LEVI and Faces Further Discrimination and Retaliation*:

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint, except aver that Levi met with Plaintiff on December 14, 2018 to inform Plaintiff that her bonus for 2018 was $15,000.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint, except aver that in or around 2018 Plaintiff was often not present in the office for hours at a time during the day, which adversely impacted her ability to oversee and lead associates in the derivative group.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint, except aver that Defendants did not object to Plaintiff being out of the office on firm business, but did have objections to Plaintiff being out of the office for hours at a time on a regular basis in order to attend to personal matters that were outside of L&K's lawful policy and practice.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint, except aver that Plaintiff received a bonus of $15,000 for 2018.

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 87 of the Complaint as to what Plaintiff was aware of regarding Shannon Hopkins, and Defendants aver that Shannon Hopkins is a female and mother of two children and she is a highly regarded Partner in L&K's Connecticut office who always has expressed appreciation to Defendants and others for the professional opportunities and treatment she has received from Defendants and whose strong performance over the years led to L&K accommodating her personal and professional circumstances by creating and maintaining an office

in Connecticut to allow Hopkins to be situated near her home in order to better assist Hopkins with balancing her professional obligations with her care of her young children.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint, except aver that Plaintiff was reminded that whether she would qualify to receive a discretionary bonus depended in part on the amount of revenue generated by cases on which she worked relative to related expenses of those matters for L&K.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 90 of the Complaint as to what Plaintiff learned regarding compensation of Will Fields and Defendants further aver that Will Fields worked on a number of cases at L&K, only some of which Plaintiff had oversight over, and Will Fields also worked on cases that he managed on his own that, unlike the cases Plaintiff oversaw, generated satisfactory revenue for L&K relative to related expenses.

*KORSINSKY Continues to Retaliate Against Plaintiff:*

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint, except aver that Will Fields and Chris Kupka, who were senior-level associates at L&K and capable of assuming greater responsibility over cases, were assigned as part of their case load cases that did not require or necessitate Plaintiff's oversight or that were supervised by other Partners of L&K.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 93 of the Complaint as to what "was clear to Plaintiff," and deny the remaining allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint, except aver that Plaintiff, while employed at L&K, was expected to have, and should have, billed all of the time she worked on cases and that Plaintiff's title as a Partner of L&K signified that she was expected to give guidance to associate attorneys and allow associate attorneys to work on smaller less-complicated matters so that Plaintiff could concentrate on larger more complex and potentially more profitable cases.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint, except aver that, due to the thinness of the walls and the level at which sound carried from the adjoining office occupied at the time by Plaintiff, Korsinsky converted the office next to his from an actively occupied attorney office to a conference room used principally for his meetings, and that former office remains dedicated to such auxiliary conference use.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 98 of the Complaint as to what Plaintiff may have discussed with colleagues.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint, except admit that L&K's September 2018 Employee Handbook sets forth the complaint procedure process for reporting or making a complaint of discrimination and respectfully refer the Court to the September 2018 Employee Handbook for its contents.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations

set forth in Paragraph 100 of the Complaint as to what Plaintiff may have discussed with Shannon Hopkins.

101.     Defendants deny the allegations set forth in Paragraph 101 of the Complaint, except aver that Shannon Hopkins repeatedly and consistently expressed to Defendants her appreciation for the professional opportunities and treatment she received from Levi and Korsinsky as an attorney and mother of young children.

*Plaintiff's Employment with Defendant L&K is* [sic] *Terminated*:

102.     Defendants deny the allegations set forth in Paragraph 102 of the Complaint, except admit that during a meeting with Korsinsky and Svetlana Mayzus on March 28, 2019, Plaintiff's employment at L&K was terminated and aver that Levi and Korsinsky suspected not only that Plaintiff was seeking other employment but also that Plaintiff was "shopping" L&K's cases, processes and associates, and disparaging L&K, both internally and in the close community of law firms, prospective employees and clients within L&K's practice area and that Plaintiff dishonestly denied such activity when confronted by Defendants.

103.     Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 105 of the Complaint as to what Plaintiff may have heard from Joanna Cheblus and Defendants further aver that customary and uniform attendance records were maintained for L&K for legitimate nondiscriminatory business reasons by Svetlana Mayzus, and Joanna Cheblus had no authority from L&K to track time of any L&K employee or whether he/she

was either in the office or out of the office, except as may have been useful to her for purposes of performing her own marketing related functions.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Complaint, except aver that Plaintiff was offered a severance agreement, which she did not sign.

*Plaintiff's Termination was* [sic] *Timed to Benefit L&K and Deprive her Commissions on Fees*:

107.     Defendants deny the allegations set forth in Paragraph 107 of the Complaint, except are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 107 of the Complaint regarding what Plaintiff believed Mr. Fields had "confirmed" to her.

108.     Defendants deny the allegations set forth in Paragraph 108 of the Complaint, except aver that certain matters in which L&K represents clients have been resolved by settlement since the date of Plaintiff's employment termination.

109.     Defendants deny the allegations set forth in Paragraph 109 of the Complaint, and aver that it is improper for Plaintiff to plead confidential, non-public terms of litigation agreements or arrangements concerning confidential client matters, and upon information and belief by disparaging Defendants and other purposeful wrongful conduct, Plaintiff caused L&K's fee in the referenced matter to be reduced from the amount to which L&K was otherwise entitled.

110.     Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

*Defendants' Actions are* [sic] *Unlawful and Caused Plaintiff Harm*:

111.     Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations set forth in Paragraph 115 of the Complaint, except aver that Plaintiff has no entitlement to a remedy at law.

## FIRST COUNT AGAINST DEFENDANT L&K
### (Sex/Gender Discrimination Under Title VII)

116.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 115 of the Complaint, as if fully set forth herein.

117.     Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations set forth in Paragraph 118 of the Complaint, including subparagraphs 118(a) through 118(g).

119.     Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

## SECOND COUNT AGAINST DEFENDANT L&K
### (Retaliation Under Title VII)

122.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

123.     Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.     Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

## THIRD COUNT AGAINST ALL DEFENDANTS
### (Violation of the Equal Pay Act)

125.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 124 of the Complaint, as if fully set forth herein.

126.     Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

## FOURTH COUNT AGAINST ALL DEFENDANTS
### (Retaliation in Violation of the Equal Pay Act, Section 215(a)(3))

133.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 132 of the Complaint, as if fully set forth herein.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

## FIFTH COUNT AGAINST ALL DEFENDANTS
### (Violation of N.Y. Labor Law § 194)

136.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 136 of the Complaint, as if fully set forth herein.

137.    The allegations set forth in Paragraph 137 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

**SIXTH COUNT AGAINST ALL DEFENDANTS**
**(Sex and Familial Status Discrimination in Violation of the NYSHRL)**

143.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 142 of the Complaint, as if fully set forth herein.

144.     The allegations set forth in Paragraph 144 of the Complaint state a legal conclusion to which no response is required.

145.     Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

146.     Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

**SEVENTH COUNT AGAINST ALL DEFENDANTS**
**(Sex and Familial Status Discrimination in Violation of the NYCHRL)**

147.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 146 of the Complaint, as if fully set forth herein.

148.     The allegations set forth in Paragraph 148 of the Complaint state a legal conclusion to which no response is required.

149.     Defendants deny the allegations set forth in Paragraph 149 of the Complaint.

150.     Defendants deny the allegations set forth in Paragraph 150 of the Complaint, except admit that Plaintiff purports to seek punitive damages.

151.     Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

**EIGHTH COUNT AGAINST ALL DEFENDANTS**
**(Caregiver Discrimination in Violation of the NYCHRL)**

152.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 151 of the Complaint, as if fully set forth herein.

153.     The allegations set forth in Paragraph 153 of the Complaint state a legal conclusion to which no response is required.

154.    The allegations set forth in Paragraph 154 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations set forth in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations set forth in Paragraph 156 of the Complaint, except admit that Plaintiff purports to see punitive damages.

157.    Defendants deny the allegations set forth in Paragraph 157 of the Complaint.

**NINTH COUNT AGAINST ALL DEFENDANTS**
**(Retaliation in Violation of the NYSHRL and NYCHRL)**

158.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 157 of the Complaint, as if fully set forth herein.

159.    Defendants deny the allegations set forth in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations set forth in Paragraph 160 of the Complaint.

**TENTH CAUSE OF ACTION AGAINST DEFENDANT L&K**
**(Breach of Contract)**

161.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 160 of the Complaint, as if fully set forth herein.

162.    Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations set forth in Paragraph 165 of the Complaint.

**PUNITIVE DAMAGES**

166.    Defendants deny the allegations set forth in Paragraph 166 of the Complaint, except admit that Plaintiff purports to seek punitive damages.

167.     Defendants deny that Plaintiff is entitled to any judgment in her favor, the relief sought in the unnumbered WHEREFORE paragraph following Paragraph 166 of the Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

168.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

169.     The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

170.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages, if any exist, as required under the law.

### FOURTH AFFIRMATIVE DEFENSE

171.     At all relevant times, L&K had an appropriate policy and program against unlawful discrimination, harassment, and retaliation, and an effective complaint procedure that was known and available to all employees, including Plaintiff.  Nonetheless, Plaintiff unreasonably failed to take advantage of the preventative or corrective measures provided by L&K to avoid harm or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

172.     At all relevant times, all actions taken by Defendants with respect to Plaintiff were non-discriminatory, non-retaliatory, and non-harassing in nature, were based on reasonable,

21

legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws.

## SIXTH AFFIRMATIVE DEFENSE

173.    Defendants would have taken the same employment actions, if any, toward Plaintiff in the absence of any alleged protected status or alleged impermissible motivating factor.

## SEVENTH AFFIRMATIVE DEFENSE

174.    Plaintiff has failed to state a claim for the recovery of punitive and/or liquidated damages.

## EIGHTH AFFIRMATIVE DEFENSE

175.    Plaintiff has not suffered any damages as a result of any acts or omissions by Defendants.

## NINTH AFFIRMATIVE DEFENSE

176.    Plaintiff's claims are barred, in whole or in part, to the extent she failed to invoke and exhaust applicable administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

177.    Subject to proof through discovery, Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

178.    Any damages sought for emotional distress, pain and suffering, mental anguish, embarrassment, and/or humiliation suffered or claimed to be suffered by Plaintiff are not reasonable or justified under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

179.    To the extent that Plaintiff purports to allege a claim or claims for emotional, mental, or physical injuries, including any claim for infliction of emotional distress and any claim for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

180.    The alleged harassment and other conduct complained of consisted of nothing more than "petty slights and trivial inconveniences," which are not actionable under the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

181.    Defendants deny every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.  Any pay differential, if any, was or is based on merit, quality of production, or a factor other than sex.

## FIFTEENTH AFFIRMATIVE DEFENSE

182.    The positions Plaintiff refers to as being paid unequal do not involve substantively equal work, do not require substantively equal skill, effort and responsibility and/or are not performed in equal working conditions.

## SIXTEENTH AFFIRMATIVE DEFENSE

183.    Defendants assert all affirmative defenses provided by Section 194 of the New York Labor Law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

184.    No enforceable contract exists between Plaintiff and Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

185.    Plaintiff failed to perform her duties and obligations to L&K faithfully, with utmost good faith and loyalty in the performance of her duties, and, instead, she acted in a prohibited manner, inconsistent with her agency and trust.

## NINETEENTH AFFIRMATIVE DEFENSE

186.    Plaintiff's claims are barred, in whole or in part, based on Plaintiff's faithless and disloyal service and the faithless servant doctrine.

## RESERVATION OF RIGHTS

187.    In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

## COUNTERCLAIMS

188.    As and for its Counterclaims against Plaintiff, L&K respectfully alleges as follows:

## NATURE OF THE COUNTERCLAIMS

189.    While employed by L&K, Plaintiff was obligated to serve L&K with the utmost good faith and loyalty. Plaintiff failed to do so, however.  To the contrary, during her employment by L&K, Plaintiff materially acted in a manner that was disloyal, adverse to L&K's interests, and completely inconsistent with her agency, trust, and fiduciary duties.  Among other things, Plaintiff willfully and in bad faith pursued a personal agenda for her personal advantage and to the material detriment of L&K and intentionally compromised L&K's relationship with a major client, at least one prospective employee, and other law firms with which L&K had then current professional and economic relations, and will in the future have ongoing professional and economic relations. Additionally, Plaintiff undermined L&K's credibility and reputation generally.

24

190.    While actively working to undermine L&K and further her interests, the cases that were under Plaintiff's supervision generated a cumulative loss during Plaintiff's tenure at L&K.

191.    Accordingly, L&K seeks to recover damages based on Plaintiff's faithless and disloyal service and the faithless servant doctrine.

## JURISDICTION AND VENUE

192.    The Court has jurisdiction over L&K's Counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

193.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the practices complained of herein occurred within the Southern District of New York and it is where L&K resides.

## FACTUAL ALLEGATIONS

194.    Plaintiff was entrusted with an important fiduciary role and had responsibility for representing L&K's clients and upholding L&K's interests in certain matters involving multiple parties and their respective law firms and in certain relationships.

195.    Plaintiff was bound to serve L&K faithfully and was at all times obligated to exercise the utmost good faith and loyalty in the performance of her duties.

196.    Overtly and vocally unhappy with various aspects of her work arrangements and compensation, upon information and belief, Plaintiff began to pursue career opportunities elsewhere and to seek favor from colleagues and mentors at law firms where she had worked previously or where she had professional relations by virtue of L&K's representation of clients in multi-plaintiff derivative actions.

197.    At the same time that Plaintiff pursued and courted others for her future career opportunities, she took actions inconsistent with her duty of good faith and loyalty to L&K.

198.    In April, 2018, L&K entrusted to Plaintiff the handling of certain negotiations representing the interests of L&K in arranging with counsel in a multi-plaintiff derivative litigation the share and amount of attorneys' fees L&K would receive in a substantial matter in which L&K had a large investment of time and effort and a significant stake in the attorneys' fees to be allocated.

199.    L&K gave Plaintiff explicit limits concerning her authority to agree to terms concerning the amount of attorneys' fees acceptable to L&K in the allocation.

200.    Notwithstanding her duty of good faith and loyalty to L&K, Plaintiff participated in discussions with representatives of other law firms who, upon information and belief, she perceived as prospective employers and/or sources of future referral business and whose interests in the fee allocation were adverse to L&K's interests.

201.    Contrary to her duty of good faith and loyalty and her expressly restricted authority, Plaintiff concluded with the other law firms an arrangement that was materially detrimental to L&K and she knew exceeded her authority. Indeed, she later boasted about her unauthorized conduct.

202.    Although Plaintiff was at all times bound to exercise the utmost good faith and loyalty in service of L&K, and was prohibited from acting in any manner inconsistent with her agency, trust, or fiduciary duties, she breached her duty of good faith and loyalty by committing L&K to terms whereby L&K's entitlement to attorneys' fees was severely reduced and compromised, while the interests of other firms whose favor Plaintiff sought for reasons of her own were advanced.

203.    While employed by L&K, Plaintiff worked actively with a large financial institution that was an L&K client in multi-party derivative actions. L&K made a substantial

investment to retain such client, particularly investing heavily in a software platform to monitor said client's investment portfolio so L&K could advise the client on securities litigation.

204.    Plaintiff made disparaging remarks to such client's General Counsel in the early months of 2019, and in July 2019 directly caused said client to terminate its relationship with L&K and go to a competing firm in a matter that was heading toward a resolution.

205.    Contrary to her duty of good faith and loyalty, Plaintiff sought favor from a mentor at a law firm where she had worked previously by orchestrating such change in counsel to this mentor, knowing that her actions were contrary to the interests of L&K.

206.    The firm that Plaintiff directed L&K's client to was the very same one through which Plaintiff had concluded an arrangement that was materially detrimental to L&K and contrary to Plaintiff's authority alleged in paragraphs 198-202 above.

207.    Upon information and belief, Plaintiff perceived as a prospective employer and/or source of future referral business or fee arrangement such mentor who she knew had interests in the fee allocation that were adverse to L&K's interests.

208.    As a result of Plaintiff's actions, L&K's ability to collect a fee in this case was compromised and L&K collected substantially less than it should have in this matter.

209.    Although Plaintiff was at all times duty bound to exercise the utmost good faith and loyalty in service of L&K and was prohibited from acting in any manner inconsistent with her agency, trust, or fiduciary duties during her employment by L&K and was obligated to not tortuously interfere with L&K's prospective economic advantage, she breached her duty of good faith and loyalty by disparaging L&K to its client and orchestrated a change of counsel to a firm adverse to L&K's interests in one or more matters, thereby causing L&K substantial damages.

## FIRST COUNTERCLAIM
### (Faithless and Disloyal Service and the Faithless Servant Doctrine)

210.     L&K repeats and realleges the allegations set forth in Paragraphs 1 through 209 as if fully set forth herein.

211.     During her employment by L&K, Plaintiff was at all times bound to exercise the utmost good faith and loyalty in service to L&K and she was prohibited from acting in a disloyal manner, or in any manner inconsistent with her fiduciary duties, agency, or trust.

212.     Notwithstanding these obligations and duties, and in violation thereof, Plaintiff acted disloyally by, *inter alia*, acting in a manner inconsistent with her agency, trust, or fiduciary duties, and breaching her duty of good faith and loyalty by committing L&K to terms whereby L&K's entitlement to attorneys' fees was severely reduced and compromised, while the interests of one or more other firms whose favor Plaintiff sought for reasons of her own were advanced.

213.     As a result of Plaintiff's breach of her duties of good faith, loyalty, and faithful service, L&K has been damaged in an amount to be proven at trial, but no less than the amount of any salary, bonuses, or other compensation and/or benefits Plaintiff received from L&K during the entirety of her period of faithless and disloyal service.

## SECOND COUNTERCLAIM
### (Tortious Interference with Prospective Economic Advantage)

214.     L&K repeats and realleges the allegations set forth in Paragraphs 1 through 213 as if fully set forth herein.

215.     By virtue of L&K's trust in Plaintiff to perform her professional duties and responsibilities in good faith and with loyalty, Plaintiff obtained unique, unmonitored access, as L&K's representative, to L&K's clients and the law firms representing their own clients in multi-party derivative litigations.

28

216.   Wrongfully exploiting the advantage gained from her position of trust while employed by L&K, Plaintiff purposefully and in bad faith acted to harm L&K and interfere with its business relations.

217.   As a result of Plaintiff's tortious interference with L&K's prospective economic advantage, L&K has been damaged in an amount to be proven at trial.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment against Plaintiff as follows:

A.   Denying the relief sought by Plaintiff and entering an Order dismissing Plaintiff's Complaint in its entirety;

B.   Awarding L&K the amount of any salary, bonuses, or other compensation and/or benefits Plaintiff received from L&K during the entirety of her period of faithless and disloyal service.

C.   Awarding L&K compensatory damages, together with prejudgment interest, in an amount to be determined at trial.

D.   Granting L&K such other and further relief as may be just and proper.


Dated: New York, New York            EPSTEIN BECKER & GREEN, P.C.
       June 1, 2020

                                     By:   /s/ Allen B. Roberts
                                             Allen B. Roberts
                                             Lori A. Medley
                                           875 Third Avenue
                                           New York, New York 10022
                                           Tel: (212) 351-4500
                                            *Attorneys for Defendants*
                                           *Levi & Korsinsky, LLP, Eduard Korsinsky*
                                           *and Joseph Levi*