- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -x

AMY MILLER,                                              :
                                                        :
                          Plaintiff,                    :
                                                        :
                                                        :
              -v-                                       :        Case: 1:20-cv-01390-LAP-BCM
                                                        :
LEVI & KORSINSKY, LLP, EDUARD KORSINSKY,                :
and JOSEPH LEVI,                                        :
                                                        :
                                                        :
                          Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -x


**MEMORANDUM OF LAW OF DEFENDANT LEVI & KORSINSKY, LLP IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**


EPSTEIN BECKER & GREEN, P.C.
Allen B. Roberts
Lori A. Medley
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
*Attorneys for Defendants Levi & Korsinsky, LLP,*
*Eduard Korsinsky and Joseph Levi*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................2

    I.      PLAINTIFF WAS OBLIGATED TO SERVE L&K
          WITH THE UTMOST GOOD FAITH AND LOYALTY ...........................................2

    II.     PLAINTIFF SURREPTITIOUSLY ENGAGED IN CONDUCT
          MATERIALLY DETRIMENTAL TO L&K IN ORDER TO INCREASE
          HER STANDING WITH COMPETING LAW FIRMS .................................................3

    III.    PLAINTIFF TORTIOUSLY INTERFERED WITH AN EXISTING
          CLIENT RELATIONSHIP OF L&K AND ORCHESTRATED TO
          HAVE THAT CLIENT TRANSFER ITS REPRESENTATION
          IN ANOTHER MATTER TO ONE OF THE COMPETING LAW FIRMS
          INVOLVED IN THE APRIL, 2018, SETTLEMENT NEGOTIATIONS ...................4

LEGAL ARGUMENT...........................................................................................5

    I.      MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)
          OF THE FEDERAL RULES OF CIVIL PROCEDURE .................................................5

    II.     L&K'S COUNTERCLAIM FOR FAITHLESS AND
          DISLOYAL SERVICE AND THE FAITHLESS SERVANT
          DOCTRINE IS SUFFICIENTLY PLEADED PURSUANT TO RULE
          12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE ...............................7

    III.    L&K'S COUNTERCLAIM FOR TORTIOUS
          INTERFERENCE WITH PROSPECTIVE ECONOMIC
          ADVANTAGE IS SUFFICIENTLY PLEADED PURSUANT TO
          RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE..................12

    IV.    DISMISSAL PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF
          CIVIL PROCEDURE IS UNWARRANTED BECAUSE SUBJECT MATTER
          JURISDICTION OVER L&K'S COUNTERCLAIMS EXISTS ...............................14

          A.  The Counterclaims Are Compulsory Counterclaims ............................................14

          B.  Alternatively, The Counterclaims Are Permissive Counterclaims
              Over Which The Court Should Exercise Supplemental Jurisdiction....................18

CONCLUSION...................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*30 FPS Prods., Inc. v. Livolsi*,
  68 A.D.3d 1101 (2d Dep't 2009) ............................................................................8

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006) .................................................................................18

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ................................................................1, 6, 11, 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .........................................................................................6, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................6, 11, 14

*Carco Grp., Inc. v. Maconachy*,
  383 F. App'x 73 (2d Cir. 2010) ...............................................................................8

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*,
  233 F.3d 697 (2d Cir. 2000) ..................................................................................15

*Deshaw v. Lord & Taylor, Div. of May Dep't Stores Co.*,
  No. 90-cv-0490 (JFK), 1991 WL 107271 (S.D.N.Y. 1981) .............................. 17-18

*Design Strategies, Inc. v. Davis*,
  384 F. Supp. 2d 649 (S.D.N.Y. 2005), *aff'd sub nom. by*
  *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006)...................................10

*Design Strategies, Inc. v. Davis*,
  No. 02 Civ. 5329 (VM), 2004 WL 1394327 (S.D.N.Y. June 22, 2004)...................8

*E.E.O.C. v. Vamco Sheet Metals, Inc.*,
  No. 13 Civ. 6088 (JPO), 2014 WL 2619812 (S.D.N.Y. June 5, 2014) ..................19

*Ginsberg v. Valhalla Anesthesia Assocs., P.C.*,
  971 F. Supp. 144 (S.D.N.Y. 1997), *abrogated in part by Ozawa v. Orsini*
  *Design Assocs., Inc.*, No. 13-CV-1281 (JPO),
  2015 WL 1055902 (S.D.N.Y. Mar. 11, 2015) .......................................................17

*Haley v. Teachers Ins. and Annuity Ass'n of Am.*,
  377 F. Supp. 3d 250 (S.D.N.Y. 2019).....................................................................6

*Hannex Corp. v. GMI, Inc.*,
    140 F.3d 194 (2d Cir. 1998)..............................................................................13

*Harris v. Steinem*,
    571 F.2d 119 (2d Cir. 1978)..............................................................................15

*Interpool Ltd v. Patterson*,
    874 F. Supp. 616 (S.D.N.Y. 1995) ....................................................................16

*Johnson v. Wave Comm GR LLC*,
    No. 6:10-cv-346, 2011 WL 13134625 (N.D.N.Y. Sept. 27, 2011)......................20

*Jones v. Ford Motor Credit Co.*,
    358 F.3d 205 (2d Cir. 2004)..............................................................................16

*Kamakazi Music Corp. v. Robbins Music Corp.*,
    534 F. Supp. 57 (S.D.N.Y. 1981) ......................................................................16

*Khodeir v. Sayyed*,
    323 F.R.D. 193 (S.D.N.Y. 2017) ......................................................................17

*Kirch v. Liberty Media Corp.*,
    449 F.3d 388 (2d Cir. 2006)..............................................................................13

*Klein v. London Star Ltd.*,
    26 F. Supp. 2d 689 (S.D.N.Y. 1998)............................................................15, 16

*Markbreiter v. Barry L. Feinberg, MD, P.C.*,
    No. 09 Civ. 5573 (LAK), 2010 WL 334887 (S.D.N.Y. Jan. 29, 2010)..................16

*McGuire v. Town of Stratford*,
    No. 3:14-cv-1471 (SRU), 2016 WL 3172725 (D. Conn. June 6, 2016)..........17, 18

*Meyer v. JinkoSolar Holdings Co.*,
    761 F.3d 245 (2d Cir. 2014)................................................................................6

*Pawlowski v. Kitchen Expressions Inc.*,
    No. 17-cv-2943-ARR-VMS, 2017 WL 10259773 (E.D.N.Y. Dec. 15, 2017) ..........7, 11

*Penrose Computer Marketgroup, Inc. v. Camin*,
    682 F. Supp. 2d 202 (N.D.N.Y. 2010)..............................................................7, 13

*Phansalkar v. Andersen Weinroth & Co.*,
    344 F.3d 184 (2d Cir. 2003)............................................................................8, 16

*Reeves v. Am. Broad. Cos.*,
    580 F. Supp. 84 (S.D.N.Y. 1983), *aff'd by*, 719 F.2d 602 (2d Cir. 1983) ..............15

*Rothstein v. Mahne*,
   No. 15-CV-3236 (VEC), 2015 WL 6828061 (S.D.N.Y. Nov. 5, 2015) .................6, 11, 12, 14

*S.E.C. v. Rorech*,
   673 F. Supp. 2d 217 (S.D.N.Y. 2009) ............................................................... 5-6, 17

*Schanfield v. Sojitz Corp. of Am.*,
   663 F. Supp. 2d 305 (S.D.N.Y. 2009) ..................................................................8

*Shamrock Power Sales, LLC v. Scherer*,
   No. 12-CV-8959 (KMK), 2015 WL 5730339 (S.D.N.Y. Sept. 30, 2015) ............................10

*Spencer v. Banco Real, S.A.*,
   623 F. Supp. 1008 (S.D.N.Y. 1985) ....................................................................18

*Stanley v. Skowron*,
   989 F. Supp. 2d 356 (S.D.N.Y. 2013) ................................................................9, 10

*Stefanovic v. Old Heidelberg Corp.*,
   No. 18-cv-2093-LTS-KNF, 2019 WL 3745657 (S.D.N.Y. Aug. 8, 2019) ........................8, 18

*U.S. for Use & Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co.*,
   430 F.2d 1077 (2d Cir. 1970) ............................................................................15

*United States v. Daugerdas*,
   No. 09cr581, 2020 WL 364601 (S.D.N.Y. Jan. 22, 2020) ...............................11, 14

*Walton v. Hadley*,
   No. 13-cv-7907 (ER), 2014 WL 3585525 (S.D.N.Y. July 10, 2014) ......................5

*Whitehurst v. 230 Fifth, Inc.*,
   998 F. Supp. 2d 233 (S.D.N.Y. 2014) ..................................................................13

## Rules and Statutes

28 U.S.C. § 1367(a) .............................................................................................15

28 U.S.C. § 1367(c)(1) .........................................................................................19

28 U.S.C. § 1367(c)(2) .........................................................................................19

28 U.S.C. § 1367(c)(3) .........................................................................................19

28 U.S.C. § 1367(c)(4) .........................................................................................19

Fed. R. Civ. P. 13(a)(1) .......................................................................................15

Fed. R. Civ. P. 12(b)………………………………………………………………………*passim*

iv

## PRELIMINARY STATEMENT

Defendant and Counterclaim-Plaintiff Levi & Korsinsky, LLP ("L&K") respectfully submits this memorandum of law in opposition to the Motion to Dismiss the Counterclaims (the "Motion") filed by Plaintiff Amy Miller ("Plaintiff") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Plaintiff's Motion is a transparent attempt to avert personal accountability for her improper conduct and to deny L&K the remedies to which it is entitled.

Under well-established pleading standards within the Second Circuit, L&K's Counterclaims have been sufficiently pleaded and Plaintiff's Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is subject to denial for lack of merit. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).  Nevertheless, Plaintiff seeks to preempt and bar discovery concerning her serious misdeeds and the substantial harm she caused L&K by her faithless and disloyal service (the "Faithless and Disloyal Service Counterclaim") and her tortious interference with prospective economic advantage (the "Tortious Interference Counterclaim," collectively with the Faithless and Disloyal Service Counterclaim, the "Counterclaims").

Transparently, Plaintiff endeavors to foreclose the discovery of documents concerning her wrongful activities that are the subject of L&K's well-pleaded Counterclaims and to insulate herself from the rigors of deposition and third-party discovery. Basing her Motion on misconstructions and mischaracterizations of L&K's Counterclaims, Plaintiff strives to avoid discovery that will further reveal the magnitude of her misdeeds and the full extent of her breaches

---

[1] Though the Motion is brought against all Defendants, the counterclaims have been brought only on behalf of defendant L&K. (*See* Answer, Defenses and Counterclaims ("A & C") at ¶ 188).  Thus, because co-defendants Joseph Levi ("Levi") and Eduard Korsinksy ("Korsinsky") are not parties to the Counterclaims, the Motion should be dismissed in its entirety as to Levi and Korsinsky, individually.

of her fiduciary duty and duty of loyalty and good faith owed to L&K, while laying bare her lack of truthfulness and candor with L&K.

There is also no merit to Plaintiff's Motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)").  The Court has subject matter jurisdiction over the Counterclaims because they arise out of the same facts as Plaintiff's claims.  For the reasons set forth herein, the Motion should be denied in its entirety.

## STATEMENT OF FACTS[2]

### I.   PLAINTIFF WAS OBLIGATED TO SERVE L&K WITH THE UTMOST GOOD FAITH AND LOYALTY

In her role as an L&K attorney, Plaintiff was entrusted by L&K with an important fiduciary role, entailing responsibility for representing L&K's clients and upholding L&K's interests in matters involving multiple parties and their respective law firms and in certain relationships.  (A & C at ¶ 194).  Throughout her employment by L&K, Plaintiff was obligated to serve L&K and perform her duties to L&K with the utmost good faith and loyalty.  (A & C at ¶¶ 189, 195).

As pleaded by L&K, Plaintiff was overtly and vocally unhappy with various aspects of her work arrangements and compensation and began pursuing career opportunities elsewhere and to seek favor from colleagues and mentors at law firms where she had worked previously or where she had current professional relations by virtue of L&K's representation of clients in multi-plaintiff derivative actions.  (A & C at ¶ 196).  While pursuing and courting others for future personal opportunities, Plaintiff took actions inconsistent with her duty of good faith and loyalty to L&K. (A & C at ¶¶ 197, 207).

---

[2] The facts set forth herein derive from the Answer, Defenses and Counterclaims ("A & C") filed by Defendants in this action. (*See* Dkt. No. 19).

2

## II.    PLAINTIFF SURREPTITIOUSLY ENGAGED IN CONDUCT MATERIALLY DETRIMENTAL TO L&K IN ORDER TO INCREASE HER STANDING WITH COMPETING LAW FIRMS

In April, 2018, Plaintiff was entrusted to handle certain negotiations representing L&K's interests in arranging with counsel in a multi-plaintiff derivative litigation the share and amount of attorneys' fees L&K would receive. (A & C at ¶ 198). With its large investment of time and effort, L&K had a significant stake in the attorneys' fees to be allocated. (A & C at ¶ 198). L&K gave Plaintiff explicit limits concerning her authority to agree to settlement terms concerning the amount of attorneys' fees acceptable to L&K in the allocation. (A & C at ¶ 199).

Notwithstanding her duty of good faith and loyalty to L&K, Plaintiff participated in settlement discussions with representatives of other law firms, whose interests in the fee allocation were adverse to L&K's interests, and who, upon information and belief, she perceived as sources of personal advantage: prospective employers and/or sources of future referral business or a fee arrangement. (A & C at ¶¶ 200, 207). Although Plaintiff was at all times bound to exercise the utmost good faith and loyalty in service of L&K, and was prohibited from acting in any manner inconsistent with her agency, trust, or fiduciary duties, she breached her duty of good faith and loyalty by committing L&K to terms whereby L&K's entitlement to attorneys' fees was severely reduced and compromised, while the interests of other firms whose favor Plaintiff sought for reasons of her own were advanced. (A & C at ¶ 202). Specifically, Plaintiff acted contrary to her duty of good faith and loyalty and her expressly restricted authority by concluding with the other law firms an arrangement that was materially detrimental to L&K and that she knew exceeded her authority. (A & C at ¶ 201). Indeed, Plaintiff later boasted about her unauthorized unilateral action to exceed the expressly restricted authority granted her by L&K. (*Id.*). Rather than proceeding openly to fulfill her plain instruction and duty of loyalty to L&K, Plaintiff, motivated by self-interest and perceived personal advantage, operated unilaterally and surreptitiously to arrange a

commitment she knew blatantly disregarded L&K's express restriction on her settlement authority. As pleaded in L&K's Counterclaims, Plaintiff sought the favor of attorneys at other law firms (including her mentor at a law firm where she had previously worked) by giving them a larger share of attorneys' fees in order to advance her personal interest in pursuing career opportunities elsewhere and/or developing these firms as sources of future referral business or fee arrangements. (A & C at ¶¶ 196, 200, 207).

### III. PLAINTIFF TORTIOUSLY INTERFERED WITH AN EXISTING CLIENT RELATIONSHIP OF L&K AND ORCHESTRATED TO HAVE THAT CLIENT TRANSFER ITS REPRESENTATION IN ANOTHER MATTER TO ONE OF THE COMPETING LAW FIRMS INVOLVED IN THE APRIL, 2018, SETTLEMENT NEGOTIATIONS

While employed by L&K, Plaintiff worked actively with a large financial institution that was an L&K client in multi-party derivative actions.  L&K made a substantial investment to support such client, particularly by investing heavily in a software platform to monitor the client's investment portfolio so L&K could advise the client on securities litigation.  (A & C at ¶ 203). Plaintiff made disparaging remarks to such client's General Counsel in the early months of 2019, and in July 2019 directly caused said client to abruptly terminate its relationship with L&K and transfer from L&K to a competing firm in a matter with potential to generate substantial fees for L&K.  (A & C at ¶¶ 204, 208).  The firm to which Plaintiff orchestrated the client's transfer of representation was the law firm of her mentor and one of the law firms through which Plaintiff had concluded, in or around April, 2018, an arrangement with regard to attorneys' fees that was materially detrimental to L&K and contrary to her authority.  (A & C at ¶¶ 198-202, 205-206). While employed by L&K, Plaintiff had acted in a manner inconsistent with her agency, trust, or fiduciary duties, breaching her duty of good faith and loyalty by committing L&K to terms whereby L&K's entitlement to attorneys' fees was severely reduced and compromised, while her mentor's firm was one of the firms whose interests were advanced. (A & C at ¶ 212).  Knowing

4

her actions were contrary to the interests of L&K, Plaintiff orchestrated the change in counsel to her mentor's firm in order to seek his favor. (A & C at ¶ 205). Moreover, during her L&K employment, Plaintiff perceived her mentor as a valuable prospective ally who could favor her with future referral business or a fee arrangement. (A & C at ¶ 207).

As a result of Plaintiff's actions, L&K's ability to collect a fee in the transferred case was severely compromised and L&K collected substantially less for the matter than it otherwise would have. (A & C at ¶¶ 109, 208). Although Plaintiff was at all times duty bound to exercise the utmost good faith and loyalty in service of L&K and was prohibited from acting in any manner inconsistent with her agency, trust, or fiduciary duties during her employment by L&K and was obligated to not tortuously interfere with L&K's prospective economic advantage, she breached her duty of good faith and loyalty by disparaging L&K to its client and by orchestrating a change of counsel to a firm adverse to L&K's interests in one or more matters, thereby causing L&K substantial damages. (A & C at ¶¶ 109, 209).

## LEGAL ARGUMENT

### I. MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

When determining a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept all factual allegations in the counterclaims as true and draw all reasonable inferences in the counterclaimant's favor.[3] *See S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009). The court's role on a motion to dismiss for failure to state a claim upon which relief can be granted is "not to weigh the evidence that might be presented at trial but merely to

---

[3] As noted by Plaintiff, the standard applied to a motion to dismiss counterclaims is the same standard applied on a motion to dismiss a complaint. *Walton v. Hadley*, No. 13-cv-7907 (ER), 2014 WL 3585525, at *3 (S.D.N.Y. July 10, 2014). (Plaintiff's Memorandum of Law ("Pl. Mem.") at p. 4).

determine whether the [counterclaims themselves are] legally sufficient." *Id.* (internal quotation marks and citation omitted). Counterclaims are not required to be pleaded with "detailed factual allegations" and should not be dismissed if they state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [party against whom the claim is asserted] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff is uniquely in custody and control of the facts of her surreptitious wrongdoing and the associated documents she is obligated to have preserved. Applicable case authority deprives Plaintiff of her desired selfish use of the stealth and concealment of her misdeeds as a shield to deflect L&K's Counterclaims – much less as a sword to slay the Counterclaims. In the Second Circuit, "'allegations made on information and belief' satisfy the *Twombly* pleading threshold … when the facts pleaded are 'peculiarly within the possession and control of the [party against whom the claim is asserted] or where the belief is based on factual information that makes the inference of culpability plausible.'" *Haley v. Teachers Ins. and Annuity Ass'n of Am.*, 377 F. Supp. 3d 250, 269 (S.D.N.Y. 2019) (quoting *Arista Records*, 604 F.3d at 120). Additionally, *Twombly*'s plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the counterclaim]." *Twombly*, 550 U.S. at 556 (footnote omitted). Thus, "'[a]t this stage, dismissal is appropriate only where [a counterclaimant] can prove no set of facts consistent with the [counterclaims] that would entitle [it] to relief.'" *Rothstein v. Mahne*, No. 15-CV-3236 (VEC), 2015 WL 6828061, at *2 (S.D.N.Y. Nov. 5, 2015) (quoting *Meyer v. JinkoSolar Holdings Co.*, 761 F.3d 245, 249 (2d Cir. 2014)).

Plaintiff acted contrary to L&K's interests and to L&K's material detriment. Her transparent resistance to exposing herself and the third parties with whom she acted does not suffice to insulate her from the force of L&K's Counterclaims.

**II.    L&K'S COUNTERCLAIM FOR FAITHLESS AND DISLOYAL SERVICE AND THE FAITHLESS SERVANT DOCTRINE IS SUFFICIENTLY PLEADED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

It is well established under New York law that "an employee owes a duty of 'utmost good faith and loyalty' to [her] employer and may not 'act[ ] in any manner inconsistent with [her] agency or trust.'" *Pawlowski v. Kitchen Expressions Inc.*, No. 17-cv-2943-ARR-VMS, 2017 WL 10259773, at *2 (E.D.N.Y. Dec. 15, 2017) (citation omitted).  L&K's pleading is straightforward:

> 212.    Notwithstanding [Plaintiff's] obligations and duties, and in violation thereof, Plaintiff acted disloyally by, *inter alia*, acting in a manner inconsistent with her agency, trust, or fiduciary duties, and breaching her duty of good faith and loyalty by committing L&K to terms whereby L&K's entitlement to attorneys' fees was severely reduced and compromised, while the interests of one or more other firms whose favor Plaintiff sought for reasons of her own were advanced.
>
> 213.    As a result of Plaintiff's breach of her duties of good faith, loyalty, and faithful service, L&K has been damaged in an amount to be proven at trial, but no less than the amount of any salary, bonuses, or other compensation and/or benefits Plaintiff received from L&K during the entirety of her period of faithless and disloyal service.

(A & C at ¶¶ 212, 213).

Under New York law, a fiduciary relationship exists when a person is "'under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" *Penrose Computer Marketgroup, Inc. v. Camin*, 682 F. Supp. 2d 202, 214 (N.D.N.Y. 2010) (denying motion to dismiss claim of breach of fiduciary duty) (citations omitted).  A fiduciary relationship existed between Plaintiff and L&K because it is well settled in New York that an

7

employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties. *30 FPS Prods., Inc. v. Livolsi*, 68 A.D.3d 1101, 1102 (2d Dep't 2009); *Design Strategies, Inc. v. Davis*, No. 02 Civ. 5329 (VM), 2004 WL 1394327, at \*4 (S.D.N.Y. June 22, 2004). Thus, L&K has sufficiently pleaded that a fiduciary relationship existed between Plaintiff and L&K and that Plaintiff, by virtue of her employment by L&K, owed L&K a duty of good faith and loyalty. (A & C at ¶¶ 189, 194-195, 205-209, 215-216). Indeed, Plaintiff correctly cites certain authorities condemning her material and substantial faithless and disloyal service as pleaded by L&K. (Pl. Mem. at pp. 5-7).[4] In doing so, Plaintiff concedes not only that she had a fiduciary relationship with L&K and, by virtue of her employment, owed L&K a duty of good faith and loyalty, but also that the Faithless and Disloyal Servant Counterclaim sufficiently pleads those required elements.

Plaintiff does not argue that some legal standard enables her escape from liability for her wrongful conduct. On the contrary, Plaintiff leads with citation to *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 200 (2d Cir. 2003), for the proposition that the loyalty of an employee like Plaintiff is paramount: "An agent is obligated 'to be loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'" *Id.* (citation omitted); (Pl. Mem. at p. 5).

---

[4] Indeed, cases relied upon by Plaintiff support denying Plaintiff's Motion to dismiss the Faithless and Disloyal Service Counterclaim pursuant to either Rule 12(b)(1) or 12(b)(6). *See Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73, 76-77 (2d Cir. 2010) (affirming judgment against defendant as to faithless servant claim); *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 348-49 (S.D.N.Y. 2009) (contrary to Plaintiff's argument, denying the *plaintiff's* motion to dismiss counterclaims and *sua sponte,* granting summary judgment to the *defendant* on its counterclaims as to culpability and leaving issue of remedy for trial); *Stefanovic v. Old Heidelberg Corp.*, No. 18-cv-2093-LTS-KNF, 2019 WL 3745657, at \*3 (S.D.N.Y. Aug. 8, 2019) (refusing to dismiss counterclaim for lack of subject matter jurisdiction and denying motion to dismiss counterclaim for failure to state a claim against one plaintiff).

While Plaintiff devotes substantial attention to whether the remedy of compensation forfeiture could appropriately be applied against her for the wrongful conduct pleaded by L&K (Pl. Mem. at pp. 5-7), she ignores the threshold point of liability for the underlying wrong to be remedied – by forfeiture or otherwise.[5]  On Plaintiff's Motion, the remedial considerations of the amount for which Plaintiff may become liable to L&K for her faithless and disloyal service need not be addressed; all that is at issue before the Court on Plaintiff's Motion is whether Plaintiff has overcome L&K's well-pleaded allegations sufficiently to preclude L&K's pursuit of its Faithless and Disloyal Service Counterclaim.

Contrary to Plaintiff's naked assertion, L&K sufficiently and plausibly pleads its Faithless and Disloyal Service Counterclaim because Plaintiff's faithless and disloyal service was substantial and detrimental to L&K's interests, such that dismissal pursuant to Rule 12(b)(6) plainly is not warranted.  L&K's Faithless and Disloyal Service Counterclaim sufficiently pleads that Plaintiff breached the duty of good faith and loyalty she owed to L&K by agreeing to settlement terms that were detrimental to L&K's interests, and that she did so – in dereliction and subversion of the express authority granted to her – in order to divert to competing law firms a larger percentage of the collective attorneys' fees to be shared amongst counsel.  Plaintiff's decision to divert attorneys' fees away from L&K and to its competitors, a fact about which she openly boasted (A & C at ¶ 201), was not done because she possessed some grandiose sense of L&K's economic interests and entitlement superior to that of L&K's managing partners who

---

[5] Under the faithless servant doctrine, New York courts acknowledge each of two standards to determine if faithless service requires forfeiture. "The first standard is met when 'the misconduct and unfaithfulness … substantially violates the contract of service' such that it permeate[s] [the employee's] service in its most material and substantial part.'" *Stanley v. Skowron*, 989 F. Supp. 2d 356, 359 (S.D.N.Y. 2013) (footnotes omitted). "The second standard requires only 'misconduct [ ] that rises to the level of a breach of a duty of loyalty or good faith,'" such that the employee "'acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment.'" *Id.* at 359-60 (citation omitted).

trusted her to execute their express settlement authority.  Rather, Plaintiff deliberately defied express L&K instruction when she committed L&K to terms of the lesser fee award that benefited competitor law firms in order to curry favor with those competing law firms for her own self-interest in future favor by way of employment opportunities and/or obtaining business referrals or fee arrangements.

Plaintiff's disloyalty substantially permeated her service to L&K as Plaintiff wrongfully withheld from Levi and Korsinsky knowledge of the personal interests that motivated her defiant diversion of L&K's proper and expected share of fees and the delivery of an undeserved benefit to L&K's competitors. *See Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 663 (S.D.N.Y. 2005), *aff'd sub nom. by Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) (diverting a valuable opportunity away from the employer and to a direct competitor rises to level of breach of duty of loyalty and good faith under faithless servant doctrine).  *See Shamrock Power Sales, LLC v. Scherer*, No. 12-CV-8959 (KMK), 2015 WL 5730339, at *24 (S.D.N.Y. Sept. 30, 2015) (faithless servant doctrine applied where employee acted contrary to his duty of loyalty in order to divert a business opportunity from employer); *Stanley*, 989 F. Supp. 2d at 361-62 (finding employee was a faithless servant where employee engaged in single instance of insider trading followed by employee's failure to disclose his involvement to employer and lying to regulators).

Finally, Plaintiff's wrongful acts favored competitive firms that in some instances also hold the purse strings of disbursement to firms collaborating in derivative class action lawsuits – firms with which Plaintiff has had previous and subsequent relations. Indeed, one of these law firms is not only Plaintiff's former employer and the firm where her mentor works, but also the same law firm to which the L&K client discussed above (at pp. 3-4) transferred its representation due to Plaintiff's wrongful machinations. (*See* A & C at ¶¶ 198-202, 206-207). As a result of Plaintiff's

disloyalty, this one law firm controlled and severely impacted the allocation of attorneys' fees to L&K and, as a result, L&K received substantially less fees than it otherwise would have.  (A & C at ¶¶ 109, 198-202, 208).  Contrary to Plaintiff's assertions (Pl. Mem. at pp. 7-9), L&K did not "tolerate" Plaintiff's faithlessness and breach of her duty of good faith and loyalty to L&K. Rather, the conduct that constituted the breach – Plaintiff's desire to advance her personal relationships with those firms in her efforts to secure for herself future employment opportunities and/or business referrals and fee arrangements – was not known to L&K during her employment.  (A & C at ¶¶ 189, 196-197, 200-202, 206-207).

The facts alleged in L&K's Faithless and Disloyal Service Counterclaim, which must be accepted as true, (Pl. Mem. at p. 2, n.1), are sufficient to plead a plausible cause of action pursuant to the "*Twombly* plausibility standard" because "the facts are peculiarly within the possession and control of [Plaintiff and third parties]."  *Arista Records*, 604 F.3d at 120 (citations omitted).  *See also, Rothstein*, 2015 WL 6828061, at *5 (stating allegations based on information and belief "must be 'accompanied by a statement of facts upon which the belief is founded.'") (citation omitted).  *See also Pawlowski*, 2017 WL 10259773, at *3 ("The pleading rules described in *Twombly* and *Iqbal* do not require a counterclaimant to plead granular details—especially those known only to the opposing party—before discovery has occurred.").  That some additional information regarding Plaintiff's faithless and disloyal actions must be pursued in discovery because such after-acquired evidence is uniquely within the control of Plaintiff and third parties does not aid Plaintiff's Motion.  *See*, *e.g.*, *United States v. Daugerdas*, No. 09cr581, 2020 WL 364601, at *4-5 (S.D.N.Y. Jan. 22, 2020) (rejecting request to dismiss a claim pleaded upon information and belief because underlying information needed to support claim was in the possession of third parties and allegations raised "a reasonable expectation that discovery will

reveal evidence to support" the claim) (citations omitted); *Rothstein*, 2015 WL 6828061, at *6 (plaintiff alleged sufficient facts to raise a reasonable expectation that discovery would reveal evidence to support claim).

For the aforementioned reasons, L&K sufficiently pleads a Faithless and Disloyal Service Counterclaim and Plaintiff's Motion pursuant to Rule 12(b)(6) should be denied.

### III.   L&K'S COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE IS SUFFICIENTLY PLEADED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff's sole basis for seeking to dismiss L&K's Tortious Interference Counterclaim pursuant to Rule 12(b)(6) is the misplaced argument that L&K has not alleged Plaintiff used wrongful means to interfere with L&K's relationship with its client because L&K did not plead the independent tort of defamation.  (Pl. Mem. at pp. 12-14).  However, the wrongful means employed by Plaintiff that form the basis of the Tortious Interference Counterclaim is not that Plaintiff, as she erroneously asserts, defamed L&K.  The crux of the Tortious Interference Counterclaim is that Plaintiff intentionally and wrongfully interfered with L&K's relationship with the client by breaching her fiduciary duties and breaching her duty of good faith and loyalty to L&K by "disparaging L&K to its client and orchestrat[ing] a change of counsel to a firm adverse to L&K's interests in one or more matters."[6]  (A & C at ¶ 209).

"To state a claim for tortious interference with prospective economic advantage under New York law, a plaintiff must allege that: '[i] it had a business relationship with a third party; [ii] the defendant knew of that relationship and intentionally interfered with it; [iii] the defendant acted

---

[6] Because L&K considers it improper to plead confidential, non-public terms of litigation agreements or arrangements concerning confidential client matters, the client at issue is not identified in the Counterclaims.

solely out of malice, or used dishonest, unfair, or improper means; and [iv] the defendant's interference caused injury to the relationship.'" *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 247 (S.D.N.Y. 2014) (internal quotation marks and citations omitted); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006).  To satisfy the third element, a counterclaim for tortious interference with prospective economic advantage must show that the plaintiff engaged in wrongful means such that he or she "'committed a crime or an independent tort [such as fraud], or [acted] for the sole purpose of inflicting intentional harm' on the plaintiff." *Whitehurst*, 998 F. Supp. 2d at 247 (citations omitted).

L&K's Tortious Interference Counterclaim satisfies the third element because it sufficiently pleads that Plaintiff, via her conduct of disparaging L&K and orchestrating a client's change in counsel to a firm adverse to L&K's interests in various matters, knowingly breached her fiduciary duties and duty of loyalty and good faith to L&K.[7]  *Penrose Computer Marketgroup*, 682 F. Supp. 2d at 216 (claim of tortious interference with prospective economic advantage not dismissed where it was sufficiently alleged the party had breached his fiduciary duty); *see also Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 206 (2d Cir. 1998) (tortious interference with prospective economic advantage established by breach of fiduciary duty where individual interfered with an ongoing third-party business relationship).[8]

_____

[7] Apart from L&K's sufficient pleading that Plaintiff engaged in wrongful means, Plaintiff endeavors to deprive L&K of the opportunity to pursue discovery of malice and other improprieties, exclusively within her knowledge and control, motivating her breach of her fiduciary duty and duty of loyalty and good faith to L&K. (Pl. Mem. at 12).

[8] Plaintiff's unsubstantiated argument in her Memorandum of Law cannot defeat L&K's sufficient pleading that it had an expectation it would receive further business from the client at issue in the Tortious Interference Counterclaim. L&K has stated that it had represented the client in more than one multi-party derivative action. (A & C at ¶ 203). Additionally, L&K has also plausibly pleaded that, because of its ongoing relationship with this client and expectation of retaining the client, it had "invest[ed] heavily in a software platform to monitor said client's investment portfolio so L&K could advise the client on securities litigation." (A & C at ¶ 203). Thus, L&K has sufficiently pleaded that it had a plausible expectation of an ongoing business relationship with this client. *Penrose Computer Marketgroup*, 682

Finally, the Tortious Interference Counterclaim is properly pleaded upon information and belief pursuant to the "*Twombly* plausibility standard" because L&K has sufficiently set forth the facts upon which it bases its information and belief and "the [additional] facts [needed] are peculiarly within the possession and control of [Plaintiff and third parties]." *Arista Records*, 604 F.3d at 120 (citations omitted); *Rothstein*, 2015 WL 6828061, at \*5.

Having met *Twombly*'s plausibility standard, L&K is entitled to seek in discovery from Plaintiff and third parties further information regarding Plaintiff's actions taken with respect to her tortious interference with L&K's relationship with its client and the extent of her dealings with and nature of her relationship with the competing law firm to whom she orchestrated the change in counsel. *See*, *e.g., Daugerdas*, 2020 WL 364601 at \*4-5; *Rothstein*, 2015 WL 6828061, at \*6.

Therefore, for the aforementioned reasons, L&K sufficiently pleads its Tortious Interference Counterclaim and Plaintiff's Motion pursuant to Rule 12(b)(6) should be denied.

## IV.   DISMISSAL PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE IS UNWARRANTED BECAUSE SUBJECT MATTER JURISDICTION OVER L&K'S COUNTERCLAIMS EXISTS

### A.   The Counterclaims Are Compulsory Counterclaims

Plaintiff's contention of lack of subject matter jurisdiction rests on the erroneous argument that the Counterclaims are permissive, not compulsory.  (Pl. Mem. at pp. 15-16).  However, Plaintiff's argument that the Counterclaims should be dismissed pursuant to Rule 12(b)(1) is without merit because L&K's Counterclaims are compulsory counterclaims over which the Court is vested the jurisdiction to adjudicate because they "arise[] out of the transaction or occurrence that is the subject matter of [Plaintiff's] claim[s]" and "do[ ] not require adding another party over

---

F. Supp. 2d at 216 (reasonable to infer an economic relationship with the third party would have occurred but for defendants' actions).

whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1); 28 U.S.C. § 1367(a).

It is well established that the Second Circuit applies the "logical relation" test to determine whether a counterclaim is compulsory or permissive. *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699-700 (2d Cir. 2000) (claims "which arise out of the same facts" held to be compulsory counterclaims); *Reeves v. Am. Broad. Cos.*, 580 F. Supp. 84, 88 (S.D.N.Y. 1983), *aff'd by*, 719 F.2d 602 (2d Cir. 1983) (same); *Klein v. London Star Ltd.*, 26 F. Supp. 2d 689, 697 (S.D.N.Y. 1998) (counterclaims based on after acquired evidence brought in response to employment discrimination claims held to be compulsory).  Under the "logical relation" test, the court analyzes:

> whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit …. [P]recise identity of issues and evidence between claim and counterclaim is not required**.**

*Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978) (citations omitted).  The "logical relationship" between a counterclaim and the subject matter of the plaintiff's claim is to be broadly interpreted. *U.S. for Use & Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co.*, 430 F.2d 1077, 1081 (2d Cir. 1970) (citations omitted).

The Faithless and Disloyal Service Counterclaim is a compulsory counterclaim because it is logically and directly related to Plaintiff's allegations that she is entitled to not only the compensation she received during her employment, but also to the additional compensation sought by her Complaint, including a claim for additional compensation allegedly arising from the settlement of the case that is the subject of the Faithless and Disloyal Service Counterclaim.[9]  *See*

---

[9] Defendants have also asserted as an affirmative defense that Plaintiff's claims are barred, in whole or in part, based on Plaintiff's faithless and disloyal service and the faithless servant doctrine. (*See* A & C at ¶ 186).

*Markbreiter v. Barry L. Feinberg, MD, P.C.*, No. 09 Civ. 5573 (LAK), 2010 WL 334887, at *1 (S.D.N.Y. Jan. 29, 2010) (finding logical relationship between faithless servant counterclaim and unpaid compensation claim because of necessity to determine whether employee was entitled to amount of compensation paid during employment).    Indeed, Plaintiff concedes in her Memorandum of Law (at p. 5) that should L&K prevail on either its Faithless and Disloyal Service Counterclaim or affirmative defense, Plaintiff must return to L&K all compensation from the date of her breach.  *See*, *e.g.*, *Phansalkar*, 344 F.3d at 188.  In addition, prevailing on the Faithless and Disloyal Service Counterclaim or faithless servant affirmative defense will bar Plaintiff from recovering any alleged additional compensation she is seeking as of the date of her breach, including Plaintiff's baseless allegations she should receive additional compensation by way of "commissions."  *See Interpool Ltd v. Patterson*, 874 F. Supp. 616, 620-622 (S.D.N.Y. 1995) (finding faithless employee was not entitled to commissions).

Moreover, Plaintiff will suffer no prejudice if the Court properly exercises subject matter jurisdiction over the Faithless and Disloyal Service Counterclaim because the Faithless and Disloyal Service Counterclaim is "also an affirmative defense, and thus no additional discovery will be required."  *Klein*, 26 F. Supp. 2d at 697; *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 57, 64 (S.D.N.Y. 1981) ("The court should also consider the extent of identity of facts and the mutuality of proofs" in determining whether a logical relationship exists between the claim and the counterclaim.) (citations omitted).  Indeed, the operative facts arising from the Faithless and Disloyal Service Counterclaim, Defendant's affirmative defense, and Plaintiff's compensation allegations are so inextricably intertwined that "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citations omitted).  Therefore, the Faithless and Disloyal

Service Counterclaim is a compulsory counterclaim over which subject matter jurisdiction exists.

L&K's Tortious Interference Counterclaim, which is based in part on after-acquired evidence, also is logically related to Plaintiff's claims.  L&K's Tortious Interference Counterclaim arises out of – and it is an extension of – the operative facts concerning Plaintiff's misconduct during her L&K employment, breaching her duty of good faith and loyalty to L&K.[10]  Although Plaintiff deprived L&K of complete knowledge of her misdeeds during her employment, those wrongful acts provide an alternative basis for the decision to terminate her employment and serve as an offset to the damages Plaintiff claims.  *See McGuire v. Town of Stratford*, No. 3:14-cv-1471 (SRU), 2016 WL 3172725, at *2 (D. Conn. June 6, 2016) (Counterclaims involving "after-acquired evidence that would have provided the basis for termination once discovered and accordingly provide a defense to [plaintiff's] *damages* claims, [ ] are part of the instant case or controversy".); *Khodeir v. Sayyed*, 323 F.R.D. 193, 199 (S.D.N.Y. 2017) (counterclaims were compulsory because they related to non-discriminatory explanations for conduct that tenants alleged constituted housing discrimination); *Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, 971 F. Supp. 144, 147 (S.D.N.Y. 1997), *abrogated in part by Ozawa v. Orsini Design Assocs., Inc.*, No. 13-CV-1281 (JPO), 2015 WL 1055902 (S.D.N.Y. Mar. 11, 2015) (proposed counterclaim was compulsory because the essential facts of both the counterclaim and plaintiff's claim involved whether plaintiff's employment was terminated); *Deshaw v. Lord & Taylor, Div. of May Dep't Stores Co.*, No. 90-cv-0490 (JFK), 1991 WL 107271, at *5 (S.D.N.Y. 1981) (proposed counterclaim of tortious interference with prospective economic advantage was compulsory because there was a "'logical relationship' between the [plaintiff's] claim of discriminatory

---

[10] When determining a motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the material factual allegations in the counterclaim must be accepted as true.  *See Rorech*, 673 F. Supp. 2d at 221.

employment practices resulting from [the plaintiff's] termination and between defendant's claims that [the plaintiff] violated company policy [for his own personal benefit] while employed by defendant.") (citation omitted).

Additionally, L&K's Tortious Interference Counterclaim is pleaded upon information and belief and based in part on the after acquired-evidence doctrine, which is also asserted as an affirmative defense.  (A & C at ¶ 177).  Thus, L&K's defenses are inextricably intertwined with and relate to Plaintiff's conduct as an employee such that the Court has subject matter jurisdiction over the Tortious Interference Counterclaim.  *See McGuire*, 2016 WL 3172725, at *2 (finding jurisdiction existed over counterclaims involving after-acquired evidence that would have provided the basis for termination once discovered and provided a defense to plaintiff's damages).

### B.   Alternatively, the Counterclaims Are Permissive Counterclaims Over Which the Court Should Exercise Supplemental Jurisdiction

Even if the Counterclaims were not compulsory, the standards for permissive counterclaims would be satisfied, and the Court may properly exercise supplemental jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1367 because L&K's Counterclaims and the claims "derive from a common nucleus of operative fact."[11] *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted); *Stefanovic*, 2019 WL 3745657, at *2 (faithless servant counterclaim deemed permissive and subject to supplemental jurisdiction where the faithless servant doctrine also alleged as an affirmative defense). The factual allegations of the Counterclaims and Plaintiff's claims arise not only out of Plaintiff's employment relationship with

---

[11] Plaintiff's reliance on *Spencer v. Banco Real, S.A.*, 623 F. Supp. 1008 (S.D.N.Y. 1985) is unavailing. In *Spencer*, the court dismissed the employer's counterclaims because the employer conceded that the counterclaims are "entirely unrelated" to the plaintiff's discrimination claims and the employer's stated purpose for asserting the counterclaims was to obtain a preliminary injunction, which was unrelated to plaintiff's claims. *Id.* at 1012.

L&K, but also facts regarding Plaintiff's performance of her duties while employed by L&K and her employment misconduct that serves as a bar to her claims for damages and additional compensation to which she claims she is entitled. *See E.E.O.C. v. Vamco Sheet Metals, Inc.*, No. 13 Civ. 6088 (JPO), 2014 WL 2619812, at *4 (S.D.N.Y. June 5, 2014) ("Typically, supplemental jurisdiction is appropriate for claims during the employment relationship because those claims arise from the same underlying factual basis.") (citation omitted).

Further, none of the grounds set forth in 28 U.S.C. § 1367(c) for declining supplemental jurisdiction are present.  *See* 28 U.S.C. § 1367(c).  The Counterclaims will not: (1) "raise[ ] a novel or complex issue of State law;" or (2) "substantially predominate[ ] over the … claims over which the [Court] has original jurisdiction."  *See* 28 U.S.C. § 1367(c)(1), (2).  Additionally, the Court has not "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Nor does this matter constitute an "exceptional circumstance[ ] [where] there are other compelling issues for declining jurisdiction." 28 U.S.C. § 1367(c)(4).  Therefore, interests of fairness and efficiency weigh in favor of the Court exercising supplemental jurisdiction over the Counterclaims. *See Johnson v. Wave Comm GR LLC*, No. 6:10-cv-346 (DNH/ATB), 2011 WL 13134625, at *10 (N.D.N.Y. Sept. 27, 2011).

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Dismiss the Counterclaims should be denied it is entirety, the Court should exercise jurisdiction over the Counterclaims, and find that the Counterclaims are sufficiently pleaded such that L&K should be permitted to proceed to discovery in order to obtain information in further support of its Counterclaims that is held solely within the possession of Plaintiff and third-parties.

Date:   September 4, 2020
        New York, New York

Respectfully Submitted,

*/s/ Allen B. Roberts*
Allen B. Roberts
Lori A. Medley
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022
Telephone: (212) 351-4500
Facsimile:  (212) 878-8600
aroberts@ebglaw.com
lmedley@ebglaw.com