EPSTEIN BECKER & GREEN, P.C.
Allen B. Roberts
Lori A. Medley
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
ARoberts@ebglaw.com
LMedley@ebglaw.com
*Attorneys for Defendants*
*Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMY MILLER,

                Plaintiff,

                -v-

LEVI & KORSINSKY, LLP, EDUARD KORSINSKY, and JOSEPH LEVI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case: 1:20-cv-01390-LAP-BM

**CONFIDENTIALITY STIPULATION AND ORDER**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for plaintiff Amy Miller ("Plaintiff"), and defendants Levi & Korsinsky, LLP ("L&K") Eduard Korsinsky and Joseph Levi (collectively, "Defendants"), that the following Confidentiality Stipulation and Order ("Confidentiality Stipulation") shall govern the handling of documents and information designated confidential by any party during this litigation (the "Action").

**A.**    <u>**Material Designated As Confidential**</u>.

    1.    This Confidentiality Stipulation shall govern the handling of all pleadings, documents, testimony, recordings, and other materials or information produced, given or exchanged by and among the parties and any non-parties in connection with the Action (the "Material").

    2.    Any party, or counsel for any such party, may designate as "CONFIDENTIAL" any Material disclosed, or to be disclosed, by that party as to which counsel entertains a good faith belief that such document is entitled to confidentiality pursuant to Fed. R. Civ. P. 26(c)(1)(G) or because it otherwise contains non-public, personal, proprietary or sensitive information of the parties or non-parties to the Action, including, without limitation, information regarding clients, trade secrets, proprietary business information, information concerning economic affairs,

finances, attorney productivity, compensation, incentives, client and law firm arrangements, regulatory information, competitively sensitive information, medical information, or other information the public disclosure of which would, in the good faith judgment of the party designating such material as confidential, (a) be detrimental to the conduct of that party's legitimate business or the business of any of that party's clients, or (b) be an unwarranted invasion of privacy ("Confidential Material"). Such "CONFIDENTIAL" designation shall, without more, subject the Material provided under said designation to the provisions of this Confidentiality Stipulation.[1]

3. Any Material produced by any party or person in the Action may be designated as "CONFIDENTIAL" by stamping the word "CONFIDENTIAL" on the face of the writing, document or other information by the producing party or person in such a manner as will not interfere with the legibility thereof or by any other appropriate designation.

4. Any inadvertently omitted "CONFIDENTIAL" designation may be corrected by written notification to counsel of record for the other party so long as the correction is made promptly after discovery of the omission.

5. Whenever any Confidential Material is identified as an exhibit in connection with testimony given in the Action, it shall be so marked and it shall be subject to all of the requirements of this Confidentiality Stipulation.

6. Any transcript, or applicable portions thereof, which record testimony concerning Confidential Material shall be marked "CONFIDENTIAL" by any party by notifying the other parties on the record at the time of testimony or by notifying the other parties in writing within thirty (30) days after the Court reporter or counsel for any of the parties advises another party's counsel that the transcript is available for review. Pages identified as "CONFIDENTIAL" shall be so labeled. All portions of the transcript designated as "CONFIDENTIAL" shall be subject to all of the requirements of this Confidentiality Stipulation.

7. Confidential Material includes all material designated "CONFIDENTIAL" pursuant to the terms of the Confidentiality Stipulation, as well as summaries, compilations, and notes derived from such materials, including, but not limited to, charts, tables, graphs and models.

**B.   Use of Confidential Material.**

1. Confidential Material shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purposes of the Action and not for any commercial, business, competitive, personal or other purpose, nor in any other judicial or administrative proceeding, arbitration, dispute, action, or case. Confidential

---

[1] This Confidentiality Stipulation is without waiver of or prejudice to the right of either party to assert that documents or information requested in the future in the Action should be designated "Attorneys' Eyes Only" and to seek an appropriate agreement with respect to such documents or information at that time.

        Material may be disclosed only to those persons identified in ¶ B.2 below. No person, including any individual mentioned in ¶ B.2.a.–h., shall, for itself or any other person or persons acting on its behalf, make more copies of any Confidential Material than are reasonably necessary to conduct the Action.

2.   Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person, except that disclosure may be made for use solely as relevant to an aspect or phase of the Action and subject to this Confidentiality Stipulation to the following:

   a. Any Court in connection with the Action (including court reporters, stenographic reporters, the Court-appointed mediator assigned to conduct the mediation ordered by the Court in this Action pursuant to the Second Amended Standing Administrative Order (Docket No. 20) or other Court personnel);

   b. Counsel for the respective parties and their employees;

   c. Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions, provided that any such expert or consultant has executed the Understanding and Agreement attached to this Confidentiality Stipulation as Exhibit A in accordance with ¶ C below;

   d. Officers, Directors, or employees of any party to the Action who are assisting counsel in the prosecution or defense of this matter;

   e. Parties to the Action;

   f. Stenographic reporters engaged for any proceedings necessary to the conduct of the Action;

   g. Non-party testifying witnesses, provided that the testifying witness has executed the Understanding and Agreement attached to this Confidentiality Stipulation as Exhibit A; and

   h. Any other individual or entity as to whom counsel for the producing party and counsel for the party seeking to disclose the documents(s) identified above agree in writing.

3.   Upon written notice by the producing party within fifteen (15) days of learning of the inadvertent disclosure of attorney-client or work product material, the producing party shall notify the receiving party that such material was inadvertently disclosed. Thereafter, the receiving party shall promptly return the originals and all copies of the documents or things containing the allegedly privileged or immune information and permanently delete or destroy all electronic versions. If the

       receiving party disagrees that the information is protected from disclosure by the attorney-client privilege or work-product immunity, or asserts that there has been a waiver of privilege, the receiving party may keep one copy of such material while it makes a motion in the Action pursuant to the requirements and procedures set forth in the Court's Individual Practices for an order that such information be produced. Inadvertent production of privileged or otherwise protected materials will not be deemed to have waived any privilege and shall not be treated as such.

   4.    If any party, or such party's counsel, objects to the designation of any Material as "CONFIDENTIAL," the parties shall meet and confer in an effort to resolve any such dispute. The party designating Material as "CONFIDENTIAL" bears the burden of demonstrating that the Material contains confidential information. If the parties are unable to resolve such dispute, the objecting party may bring a motion or other action to have the contested information declared non-CONFIDENTIAL pursuant to this Confidentiality Stipulation pursuant to the requirements and procedures set forth in Court's Individual Practices. Unless and until an order is entered to the contrary, the Material shall be treated as Confidential Material pursuant to this Confidentiality Stipulation.

**C.**    **Disclosure of Material Designated As "CONFIDENTIAL" to Experts or Consultants or Non-Party Witnesses.**

   1.    Before Material designated as "CONFIDENTIAL" may be disclosed to an expert or consultant, the expert or consultant shall execute the Understanding and Agreement, in the form of Exhibit A attached hereto.

   2.    This Confidentiality Stipulation shall not preclude counsel for the parties from using during any deposition or hearing in this action or during trial any Material designated "CONFIDENTIAL" hereunder, provided, however, that before disclosing the Confidential Material to a witness who is not a party, the examining counsel shall show this Confidentiality Stipulation to the witness, explain that the Material marked "CONFIDENTIAL" is protected by Court Order, and request that the witness execute the Understanding and Agreement attached hereto as Exhibit A. Such witness's refusal to execute the Understanding and Agreement attached hereto, however, shall not preclude examining counsel from: (1) asking questions of the witness about the documents, provided, however, that no Confidential Material is revealed; or (2) providing the witness with a redacted copy of the document that removes all Confidential Material.

**D.**    **Return of Documents and Information Designated as "Confidential".**

Within thirty (30) days after the final disposition of the Action, including any judicial proceedings related thereto, or upon written consent of either party, all originals and copies of Material designated as "CONFIDENTIAL" (and all copies and summaries thereof) shall be returned to counsel for the producing party, and all electronic versions of Confidential Material and all work product abstracts, summaries, or notes containing or referring to Confidential Material, whether physical or electronic, shall be permanently deleted or destroyed. Upon request

4

by a party, the other party shall certify in writing to the other party within forty-five (45) days of final disposition that all Confidential Material has been returned to the producing or providing party and all electronic versions of Confidential Material and all work product abstracts, summaries, or notes containing or referring to Confidential Material, whether physical or electronic, has been destroyed, as appropriate under this section.  Nothing in this section shall preclude counsel for either party from maintaining copies of work product material which in the good faith judgment of counsel must be maintained to comply with professional responsibility obligations.

**E.      Confidentiality Stipulation Not a Waiver.**

Nothing in this Confidentiality Stipulation shall be deemed to be a waiver of (a) any party's right to object to any document requests on any ground; (b) any party's right to assert a privilege recognized by law; or (c) any party's right to object to the admission of any evidence on any grounds in any proceeding herein.

**F.      Miscellaneous.**

1. Neither party shall file Confidential Material by Case Management/Electronic Case Files ("CM/ECF"). In the event that a party intends to file Material designated as "CONFIDENTIAL" with the Court, the party is to file a motion or letter motion for approval of sealed or redacted filings in civil cases pursuant to the requirements and procedures set forth in Court's Individual Practices. Additionally Material designated as "CONFIDENTIAL" filed with the Court in redacted form, as well as all other documents filed with the Court in this Action, shall be redacted in accordance with Fed. R. Civ. P. 5.2 and any additional requirements of the Court, including requirements governing the filing of highly sensitive documents. Confidential Material sought to be filed under seal will be included in its entirety in courtesy copy submissions to opposing counsel.

2. This Confidentiality Stipulation may be modified by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to differing or additional protection for any particular material or information.

3. This Confidentiality Stipulation may be executed in counterparts, each of which when executed shall be deemed to be an original and all of which taken together shall constitute one and the same Confidentiality Stipulation.

4. The provisions of this Confidentiality Stipulation shall survive and remain in full force and effect after the conclusion of the Action, whether by settlement or adjudication, including any judicial proceedings related hereto.

5. All persons who are granted access to Material designated as "CONFIDENTIAL" including any party to the Action, their attorneys, or others who acknowledge their consent to be bound by this Confidentiality Stipulation but fail to comply with its provisions may be held in breach for violation of the terms of this Confidentiality

Stipulation.

6. Execution of this Confidentiality Stipulation by counsel for a party shall constitute a representation by such counsel that they and their staff will abide by the terms of this Confidentiality Stipulation.

| | |
|---|---|
| MADUEGBUNA COOPER LLP | EPSTEIN BECKER & GREEN, P.C. |
| By: /s/ Samuel O. Maduegbuna<br>Samuel O. Maduegbuna<br>William W. Cowles, II | By: /s/ Allen B. Roberts<br>Allen B. Roberts<br>Lori A. Medley |
| 30 Wall Street, 8th Fl.<br>New York, New York 10005<br>(212) 232-0155<br>*Attorneys for Plaintiff* | 875 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 351-4500<br>*Attorneys for Defendants* |
| Dated: May 5, 2021 | Dated: May 5, 2021 |

5/6/21

SO ORDERED:

/s/ Loretta A. Preska
LORETTA A. PRESKA
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
AMY MILLER,

                    Plaintiff,

                    -v-

LEVI & KORSINSKY, LLP, EDUARD KORSINSKY,
and JOSEPH LEVI,

                    Defendants.
------------------------------------- x

Case: 1:20-cv-01390-LAP-BM

## UNDERSTANDING AND AGREEMENT PURSUANT TO CONFIDENTIALITY STIPULATION AND ORDER BETWEEN THE PARTIES

    I, _____, have read and understand the Confidentiality Stipulation and Order that has been entered into between the parties to the action *Amy Miller v. Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi,* Case No. 1:20-cv-01390-LAP-BM, and agree to be bound by all of its provisions and terms.

Dated:_____

                                              _____
                                                     (signature)