

Attorneys at Law

Allen B. Roberts
t  212.351.3780
f  212.878.8600
ARoberts@ebglaw.com

November 24, 2021

<u>VIA ECF</u>

Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

      Re:  *Amy Miller v. Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*
            Civil Action No. 1:20-cv-01390-LAP-BCM

Dear Judge Preska:

      We represent defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky and Joseph Levi (collectively, "Defendants") in the above-referenced matter. We write pursuant to the Court's Order of November 22, 2021 to provide a letter response to Plaintiff's request (at Dkt. No. 44) for an extension of the parties' deadline to produce electronically stored information ("ESI") from November 19, 2021 to December 10, 2021 and a corresponding extension of the deadline to complete all fact discovery from January 28, 2022 to February 28, 2022 (the "Request for Extensions").

      On November 18, Defendants informed Plaintiff that Defendants would not join in Plaintiff's Request for Extensions, but that Plaintiff may note in her letter to the Court that the Defendants take no position with respect to Plaintiff's Request for Extensions. While Defendants have informed Plaintiff that her production failures and refusals have been unacceptable, Defendants leave to the Court's discretion whether to extend the deadlines to complete ESI discovery and all fact discovery.

      Plaintiff's Request for Extensions does not accurately set forth material aspects of Defendants' actions in compliance with the agreements reached with Plaintiff regarding Defendants' review and production of ESI discovery and the Court's Civil Case Management Plan and Scheduling Order (the "Scheduling Order"). Nor does Plaintiff's Request for Extensions remotely address Plaintiff's multiple discovery deficiencies and failures of good faith compliance with ESI and other production responsibilities that have caused delays. Accordingly, Defendants do not join in Plaintiff's Request for Extensions.

      On November 19, Defendants complied with the Scheduling Order by producing their ESI production by the court-ordered deadline of November 19. As set forth in Defendants' November 19, 2021 letter to Plaintiff, which accompanied Defendants' ESI production, Defendants believe

The Honorable Loretta A. Preska
November 24, 2021
Page 2

they have completed their production of ESI in good faith. (A copy of Defendants' November 19 letter to Plaintiff is annexed hereto as Exhibit A.). However, in several written and oral communications, Defendants have informed Plaintiff that, in contrast to Defendants' actions to fulfill their discovery obligations, Plaintiff has not fulfilled her discovery responsibilities, having failed to respond to Defendants' discovery requests with responses that satisfy elemental standards of Rule 26 of the Federal Rules of Civil Procedure. In several teleconferences and written communications, including a November 16 deficiency letter, Defendants have addressed with Plaintiff her unrectified discovery deficiencies. (A copy of Defendants' November 16 deficiency letter to Plaintiff (the "Deficiency Letter") is annexed hereto as Exhibit B.).

Defendants believe their good faith endeavors to proceed cooperatively with Plaintiff and comply with responsibilities to Plaintiff and the Court are evidenced by their communications with Plaintiff and their substantive satisfaction of established discovery deadlines. In contrast, Plaintiff has equivocated and delayed, as evidenced by her conduct captured in Defendants' Deficiency Letter. It was not until the evening of November 17, when it was already too late to meet the Court's requirement that adjournments be requested at least forty-eight hours in advance, that Plaintiff first informed Defendants that Plaintiff required an extension of time to complete ESI discovery and the remainder of fact discovery. Although Plaintiff subsequently communicated an ESI Hit Report at 7:21 PM on November 23, inviting discussion about search terms, she still has not produced any additional documents noted in the Deficiency Letter.

Defendants regret that Plaintiff elected to load her Request for Extensions with the extraneous presentation of erroneous and unwarranted disparagements and transparently diversionary fault-shifting to Defendants, and Defendants remain hopeful that mutual cooperativeness and candor expected in relations between counsel will prevail without the need to burden the Court. Nevertheless, if invited by the Court, Defendants are prepared to demonstrate promptly additional details of their good faith and diligence, contrasting with Plaintiff's acts and omissions that have occasioned delay and very significantly escalated the costs Defendants have incurred as they have acted prudently and timely to meet responsibilities to Plaintiff and the Court.

We thank Your Honor for the Court's attention to this matter and stand ready to supply such additional information as the Court may request.

Respectfully,

*/s/Allen B. Roberts*

Allen B. Roberts

Annexed Exhibits

cc:     All Counsel of Record via ECF