# Exhibit B



**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Allen B. Roberts
t 212.351.3780
f 212.878.8600
ARoberts@ebglaw.com

November 16, 2021

**VIA EMAIL**

Samuel O. Maduegbuna, Esq.
William W. Cowles, Esq.
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, NY 10005
sam.m@mcande.com
wcowles@mcande.com

      Re:  *Amy Miller v. Levi & Korsinsky, LLP, et al.*
            Civil Action No. 1:20-cv-01390 (LAP)(BCM)
            Plaintiff's Deficient Responses to Defendants' Discovery Requests

Dear Sam and Will:

    With earnest desire to resolve differences in good faith and cooperatively, we write on behalf of Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky, and Joseph Levi (collectively, "Defendants") to note deficiencies in Plaintiff's responses to Defendants' First Set of Interrogatories and Defendants' First Set of Document Requests (collectively, the "Responses"). The topics set forth below indicate the pervasiveness of Plaintiff's failures as a litigant to fulfill her responsibilities and enable the meaningful discovery intended by the Federal Rules of Civil Procedure ("Fed. R. Civ. P." and each a "Rule"), developed through the relevant and proportional discovery Defendants seek relative to Plaintiff's varied claims, the issues her pleadings put at stake, the extraordinary amount of damages her pleadings place in controversy, as well as defenses available to Defendants.

### I.    Plaintiff's Inadequate Responsiveness to Discovery Requests Focused on Specific Complaint Allegations

    While deliberately setting out 166 separate paragraphs that lay the ground and develop the allegations of her Complaint, Plaintiff incongruously declines to supply Responses that satisfy elemental standards of Fed. R. Civ. P. Rule 26. At virtually every turn, Plaintiff avoids supplying documentation supportive of her Complaint allegations, instead pointing circularly to her own administrative Charge filed with the Equal Employment Opportunity Commission ("EEOC") in September 2019 as a precursor to her corresponding Complaint in the instant action filed some five months later, essentially saying repeatedly: my lawsuit allegations are supported by my own

November 16, 2021
Page 2

previously filed administrative pleading and some plain vanilla onboarding documents, Handbook policies and the post-employment resume she has crafted – but producing nothing going to core factual allegations on which she bases her claims and damages.

Unacceptably, fully 31 times, Plaintiff responds with no documents other than citations to herself by way of either her post-employment resume (*see* Responses to Request Nos. 7, 8 and 18) or her EEOC Charge as the sole source of support for her Complaint allegations (Responses to Request Nos. 12, 13, 14, 15, 16, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 42, 43 and 52).  Plaintiff also obfuscates by averring – or teasing – eight times that she possesses supportive revealing audio recordings – but defiant of Rule 26 – she intransigently withholds them, asserting that they will be held hostage until certain depositions have been completed.  (Responses to Request Nos. 16, 30, 34, 40, 41, 55, 56 and 75).  On another set of 15 straightforward requests rooted in Complaint allegations, Plaintiff inexplicably tenders nothing and suggests peculiarly that she may locate something responsive by about November 27. (Responses to Request Nos. 3, 4, 10, 11, 23, 38, 44, 45, 46, 48, 49, 51, 53, 54 and 82).  To avert a motion to compel, Defendants request that Plaintiff retract her unjustifiable resistance to producing responsive documents promptly and without awaiting an artificial and arbitrarily set date for production.

    **II.**    **Plaintiff's Inadequate Responsiveness to Discovery Requests Focused on Specific Sources of Information**

Contrary to the explicit instruction of Fed. R. Civ. P. Rules 26 and 34, Plaintiff's responses repeatedly frustrate and thwart meaningful discovery and fail to satisfy Plaintiff's obligations in material respects.

Plainly relevant and proportional to Plaintiff's claims, Document Request Nos. 12 and 14 seek production of documents concerning any complaints or grievances made by Plaintiff to any individuals outside of L&K, including Plaintiff's family members, spouse, and friends, concerning any alleged discrimination or unfair treatment of Plaintiff or retaliation against Plaintiff from L&K, Korsinsky and/or Levi, or Plaintiff's consideration or acts to leave employment with L&K or to seek other employment, or emotional distress, embarrassment, humiliation, or anguish allegedly suffered by Plaintiff.  Inadequately and unresponsively, Plaintiff produces only her own post-termination authorship of her EEOC Charge.

Plaintiff responds with similar inadequacy and unresponsiveness to Document Request No. 13, seeking documents sent by Plaintiff to, or received by Plaintiff from, any third parties concerning her employment terms, conditions or treatment or any alleged contracts, agreements or arrangements with L&K or transfer or portability of client relations.  Again, Plaintiff produces only her own post-termination authorship of her EEOC Charge.

In Document Request Nos. 61, 62, 63 and 64, Defendants seek documents showing Plaintiff's interest in and activity to seek employment or otherwise secure income outside of L&K prior to her employment termination, documents plainly relevant to claims lying at the core of

November 16, 2021
Page 3

Plaintiff's Complaint. Refusing production without warrant, Plaintiff offers no excuse and evasively comments that Defendants' counterclaims were dismissed.

Absent prompt remediation by Plaintiff and production of responsive documents, Defendants will seek to compel production.

### III. Plaintiff's Inadequate Responsiveness to Discovery Requests Focused on Specific Pleadings and Averments of Damages

Plaintiff's May 7, 2021 Responses to Pilot Discovery Protocols for Counseled Employment Cases ("Pilot Disclosures") indicate damages approximating $5 million (Paragraph 2(b)), with a similar, but larger, amount indicated in Plaintiff's November 3, 2021 Amended Responses and Objections to Defendants' First Set of Interrogatories (Response to Interrogatory No. 14). Despite the magnitude of her claimed damages and the variance in itemization and amount in a period of less than six months, Plaintiff has supplied no documentary support for any of the items in her calculations. Moreover, rather than being forthcoming in her responses concerning damages or the mitigation of damages, Plaintiff has resolutely refused to supply essential information, ten times repeating the mantra that she somehow can escape or elude those relevant disclosures responsive to Defendants' legitimate requests for documents and information and Interrogatories concerning her alleged damages and mitigation because counterclaims were dismissed (Responses to Request Nos. 60, 65, 66, 71, 72 and 73 and Responses to Interrogatory Nos. 8, 9, 10 and 11), refusing altogether to supply responses concerning any receipt of unemployment insurance benefits, social security disability benefits, workers' compensation benefits, or disability insurance benefits (Response to Request No. 70),[1] and dissembling incomprehensibly relative to Defendants' request for responses relative to the five categories of damages Plaintiff pleads at Paragraph 166 of her Complaint (Response to Request No. 74).

Responding inappropriately, Plaintiff has disregarded clear obligations under the Federal Rules of Civil Procedure and refused to produce any documents or respond to Interrogatories regarding these topics, irrelevantly citing the dismissal of Defendants' counterclaims. Contrary to Plaintiff's unjustifiable failures of responsiveness, Fed. R. Civ. P. 26(b)(1) makes clear that Plaintiff's discovery obligations extend equally to documents and information relevant to her own claims and to Defendants' defenses. In both respects, there is no justifiable basis for Plaintiff's improper withholding of responsive documents.

In the first instance, with her several and varied bases for seeking multi-million dollar economic damages on alleged theories of discrimination, retaliation, contract, severe emotional distress, back pay, front pay and purportedly lost earnings and benefits, Plaintiff has placed squarely at issue her claims for damages and her actions or inactions relative to actual and

---

[1] Plaintiff's refusal to produce documents regarding her receipt of unemployment insurance benefits is also contrary to Plaintiff's response to Request No. 1(f) in the Pilot Disclosures, in which Plaintiff stated she would "produce any documents in her possession showing unemployment benefits awarded."

November 16, 2021
Page 4

mandatory mitigation, with specifics concerning her compensation, income, earnings, bonuses, and employment history. Notwithstanding the breadth of theories and the extraordinary sums Plaintiff pleads and avers as damages, she has resisted Defendants' discovery having the simple and straightforward purpose of learning the bases underlying her claims and the value she attaches to each of them – or debunking those claims and valuations.

Plaintiff's posture, if not modified promptly, would prejudicially foreclose the production of documents and information appropriately requested by Defendants and critical to Defendants' ability to defend. Defendants are entitled to discovery regarding Plaintiffs' conduct and activities, including communications with third parties – whether they support her claims or undermine or refute them. Absent prompt remediation by Plaintiff and production of responsive documents, Defendants will seek to compel production.

Plaintiff also should assure that ESI review includes searches consistent with such Document Requests.

### IV. Plaintiff's Inadequate Responsiveness to Discovery Requests for Documents and Information Relating to Plaintiff's Claims of Emotional Distress, Embarrassment, Humiliation or Anguish

Interrogatory No. 19 and Document Request Nos. 68 and 69 seek documents and information regarding Plaintiff's allegations of emotional distress, embarrassment, humiliation or anguish allegedly suffered by Plaintiff as alleged by her consistently from the filing of her Complaint on February 18, 2020 (¶¶ 113, 131, prayer for relief), through her May 7, 2021 Pilot Disclosures (¶ 2(b)), and as recently as September 27, 2021, by Plaintiff's Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1) (¶ C). Apart from her repeated characterizations of her emotional distress as "severe," Plaintiff has attached substantial monetary value to her claims for emotional distress, embarrassment, humiliation and anguish. Nevertheless, even if Plaintiff were to find expedience in attempted backdoor repudiation and disavowal of her longstanding averments and representations made to the Court and Defendants, Defendants may not be denied the opportunity to receive discovery responses concerning any ostensible support for her previous assertions and any changes of position.

On September 28, 2021, Defendants served Plaintiff with requests for documents concerning Plaintiff's treatment by or consultation with any medical doctor, physician, psychologist, psychiatrist, social worker, mental health practitioner, chiropractor, pharmacist, physical therapist, counselor, nurse, hospital, clinic, or other health provider or practitioner of the healing arts for emotional health reasons, including reports of doctors, physicians, psychiatrists, psychologists, counselors, social workers, medical groups or therapists; hospital reports and records; insurance claim forms, reports and records; employment-related forms, reports and records; and any and all invoices or bills, paid or unpaid, and canceled checks relating to any such treatment or therapy (Document Request No. 68), as well as documents concerning treatment, therapy, or medical or psychological attention of any kind Plaintiff has received in connection with

any mental or emotional distress damages that Plaintiff is claiming (Document Request No. 68). Unacceptably, Plaintiff has produced nothing, apparently contending that her Complaint and other averments and representations to the Court and Defendants, including valuing her emotional distress claim at $100,000, are nullities that should enable escape from integrity and spare her from discovery concerning her pleadings, responses and representations.

Just as Plaintiff must produce documents in her custody or control, she may not obstruct Defendants' receipt of reports from her healthcare providers concerning treatment, consultation, therapy, or medical or psychological attention she received, as requested in Document Request Nos. 68 and 69, and the accompanying HIPAA-compliant authorizations requested by Defendants of September 28. Defendants require Plaintiff's immediate execution of the authorizations needed to obtain records within the scope of Document Request Nos. 68 and 69. Absent prompt remediation by Plaintiff and production of responsive documents and authorizations, Defendants will seek to compel production and authorizations.

### V. Plaintiff's Inadequate Responsiveness to Discovery Requests for Documents Regarding Plaintiff's Social Media Postings

Document Request Nos. 57, 58 and 59 seek information regarding Plaintiff's postings, submissions or messages on social networking websites, including but not limited to Facebook, LinkedIn, and any other platforms utilized by Plaintiff, from January 1, 2016 through the present. In response, Plaintiff has objected to these requests, again noting the dismissal of Defendants' counterclaims. Plaintiff's objections are meritless. As stated above, Plaintiff's discovery obligations extend not only to documents and information relevant to her own claims; she must also respond to discovery relevant to Defendants' defenses. *See* Fed. R. Civ. P. Rule 26(b)(1). Plaintiff's postings on social media are not protected by any privilege, as social media is a public forum. Plaintiff could not have any expectation of privacy in her postings, submissions, or messages, nor are such postings consistent with any duty to keep communications secret or to maintain any asserted privilege. The requested discovery is relevant to, among other things, Plaintiff's emotional state, which Plaintiff has placed at issue in this lawsuit. Moreover, to the extent such communications relate to any other discoverable topics set forth in Defendants' Document Requests, they should be collected, reviewed, and produced along with Plaintiff's other ESI. Plaintiff's Response to Interrogatory No. 16 identified Facebook, Facebook messenger, and LinkedIn as the platforms utilized by Plaintiff, so it is clear that she utilizes social media. Plaintiff must supplement her production to include discovery responsive to Document Request Nos. 57, 58 and 59 regarding Plaintiff's postings, submissions or messages on social networking websites from January 1, 2016 through the present. Absent prompt remediation by Plaintiff and production of responsive documents, Defendants will seek to compel production.

November 16, 2021
Page 6

### VI. Plaintiff's Inadequate Responsiveness to Discovery Requests for Documents and Information Regarding Other Lawsuits Involving Plaintiff

Interrogatory No. 15 and Document Request No. 77 seek documents and information regarding, *inter alia*, other claims, complaints, lawsuits, charges, and judicial or administrative proceedings involving Plaintiff. There is no justification for Plaintiff's bald objection that the documents and information sought are not "relevant to Plaintiff's claims." The documents and information sought are conventional and entirely appropriate areas of inquiry. Absent prompt remediation by Plaintiff and production of responsive documents, Defendants will seek to compel production.

\*\*\*

Defendants expect prompt receipt of responsive documents to address the noted deficiencies and delinquencies. To the extent Plaintiff continues to resist compliant production, please notify us immediately so we may meet and confer in an effort to resolve differences and fulfill responsibilities in good faith.

Very truly yours,

/s/ *Allen B. Roberts*

Allen B. Roberts