**MADUEGBUNA COOPER LLP**
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
TEL: (212) 232-0155
FAX: (212) 232-0156

November 16, 2021

**VIA ELECTRONIC MAIL**
EPSTEIN BECKER & GREEN P.C.
875 Third Avenue
New York, NY 10022

Attention:   Allen B. Roberts, Esq.
             Lori A. Medley, Esq.

Re:   *Miller v. Levi & Korsinsky, LLP, et al.*
      Docket No.: 20-cv-1390 (LAP)(BCM)

Dear Mr. Roberts and Ms. Medley:

We reviewed Defendants' Reponses and Objections to Plaintiff's First Set of Interrogatories, dated October 27, 2021.

Given the number of deficiencies, we are writing in a good-faith attempt to efficiently resolve the outstanding issues.

I.   **PLAINTIFF'S INTERROGATORIES**

**Interrogatory No. 2**

This interrogatory asked for the location of ESI that potentially contains responsive information within Defendants' possession, custody, and control.

Defendants made a number of boiler plate objections that must be withdrawn, including that the request is vague and ambiguous, not proportional and burdensome. *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse.").

First, the word "location" for ESI is well-understood in the federal rules. Rule 26(a)(1)(A)(ii) calls for parties to provide the "location" of ESI in initial disclosures.

Indeed, the "'Advisory Notes to the 1993 amendments to Fed. R. Civ. P. 37 make clear that interrogatories "should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under' the rule." *Shim-Larkin v. City of New York*, 2018 WL 3187327, at *12 (S.D.N.Y. June 28, 2018). For that reason, Defendants are mistaken in claiming that the request is vague or ambiguous.

More notably, Defendants claim they cannot respond because the parties are negotiating an ESI protocol. However, Plaintiff served this question to help her negotiate the ESI protocol. During that process, Defendants have not answered whether L&K has text messages on work-cell phones owned or provided by L&K. Without this information, Plaintiff cannot properly negotiate and enter into an ESI agreement. In addition, Defendants asked this same questions of Plaintiff. *See* Defendants' Interrogatories Nos. 16-17. She responded, and it appears that Defendants incorporated that information in the ESI protocol by listing Plaintiff's electronic devices in the ESI protocol.

Accordingly, please withdraw these objections and answer the interrogatory completely on behalf of all three defendants without further delay.

**Interrogatory No. 3**

Plaintiff asked Defendants to "[i]dentify all female attorneys who were employed by any of L&K's offices, including the New York, Washington D.C. and Stamford, Connecticut offices, from August 2016 to March 2019."

Defendants did not provide any information and claim that the interrogatory is "overly broad," seeks information not relevant to this case, and is not reasonably calculated to lead to the discovery of relevant evidence, and not proportional.

First, Defendants' objections are improper because they do not provide any specifics. *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) ("[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").

Instead, the request properly seeks comparator information that is routinely ordered to be produced to plaintiffs in discrimination cases. *Moll v. Telesector Resources Group, Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (compelling production of comparator discovery for reductions in force that may support plaintiff's claims that employer's "reasons for firing her were pretextual, that she was discriminated based on her sex, or that she was paid unequally."); *Deluca v. Sirius Xm Radio, Inc.*, 2016 WL 3034332, at *2 (S.D.N.Y. May 27, 2016) (compelling production of comparator pay information in unequal pay case even outside statute of limitations period); *Esterquest v. Booz-Allen & Hamilton, Inc.*, 2003 WL 21673630, at *1 (S.D.N.Y. July 17, 2003) (compelling discovery of partner salary and bonus data in support of plaintiff's damages in gender, age and retaliation case); *see also Doe v. Wesleyan U.*, 2021 WL 4704852, at *6 (D. Conn. Oct. 8, 2021) (compelling production of comparator information in university discipline case); *Metcalf v. Yale U.*, 2017 WL 627423, at *3 (D. Conn. Feb. 15, 2017) (compelling production of potentially similarly situated

comparators); *Edebali v. Bankers Stand. Ins. Co.*, 2016 WL 4621077, at *4 (E.D.N.Y. Sept. 6, 2016) ("the source of factual information and the identities of individuals with knowledge are permissible areas of inquiry and require full and complete answers.").

Plaintiff is permitted to learn the identities of potential female comparators that were treated the same as her or better, which would go to discovery of Defendants' defenses.

Plaintiff is also entitled to female attorneys who may also have been subjected to discrimination and unequal pay like herself to support evidence of a pattern of gender discrimination at L&K. *Moll*, 760 F.3d at 204 (quoting *Hollander v. Am. Cyanamid Co.* 895 F.2d 80, 84 (2d Cir. 1990) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive.").

Please provide the requested information without delay.

**Interrogatory No. 4**

Plaintiff asked Defendants to identify "all attorneys who were employed as Partners by any of L&K's offices, including the New York, Washington D.C. and Stamford, Connecticut offices, from August 2016 to March 2019, and identify each person's (1) gender; (2) years admitted to the bar; (3) years as a Partner with L&K; (4) base salary, and (5) yearly bonus for 2016 to 2019."

Like Interrogatory No. 3, Plaintiff permissibly seeks information on potential comparators to support her claim of unequal pay, disparate treatment and to support claims of a pattern of gender pay discrimination at L&K. *Moll*, 760 F.3d at 204; *Kozak v. Off. Depot, Inc.*, 2020 WL 913750, at *5 (W.D.N.Y. Feb. 24, 2020) (upholding magistrate's order compelling production of comparator compensation data and bonuses in age, gender and disability discrimination case); *Esterquest*, 2003 WL 21673630, at *1 (compelling discovery of partner salary and bonus data in support of plaintiff's damages in gender, age and retaliation case). To achieve this, Plaintiff's request is narrowly tailored to the years 2016 to 2019.

In response, Defendants improperly assert boiler-plate objections. *Harris*, 2020 WL 763740, at *2.

Please provide the requested information without delay.

**Interrogatory No. 14**

Plaintiff asked Defendants to "[i]dentify all cases that were removed from Plaintiff's caseload and given to Associate attorneys, including but not limited to Will Fields and Chris Kupka, between August 2016 and March 2019."

In response, Defendants objected that the interrogatory seeks facts not established. This objection lacks merit. *Hamilton v. Kerik*, 2002 WL 31834428, at *1 n. 2 (S.D.N.Y. Dec. 17, 2002) ("Since the dispute arises out of a discovery request, defendants' objection that the request 'assumes facts not established' is frivolous since the purpose of discovery is to learn facts."); *Stinson v. Sirleff*,

1994 WL 406344, at *1 (S.D.N.Y. Aug. 1, 1994) ("Finally I note the defendants object to some interrogatories as assuming a fact that is disputed by the defendant. Again, the proper response in this case is for the defendant to state, in answer to the interrogatory, his denial of any assumed fact.").

In addition, Defendants object that the request is not relevant or not proportional. However, Plaintiff's cases being removed and given to subordinates males is directly relevant to her gender discrimination and retaliation claims.

While Defendants provided some information about five cases removed from Plaintiff, the response is not complete because the case names were not provided, as requested. No privilege prevents Defendants from providing the case names since case names and staffing information are facts – not mental impressions, legal advice or communications to a client. *Grossman v. Schwarz*, 125 F.R.D. 376, 386 (S.D.N.Y. 1989) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396, (1981) ("facts are not invested with a privilege merely by being communicated to an attorney and the presence of documents in an attorney's files does not automatically mean that privilege attaches.")). Claims involving attorney case assignment in discrimination lawsuits have openly put project and client names on the public docket. *See Simmons-Grant v. Quinn Emanuel Urquhart & Sullivan, LLP*, 915 F. Supp. 2d 498, 500 (S.D.N.Y. 2013).

Please provide the requested case names.

**Interrogatory No. 15**

Plaintiff asked Defendants to "[i]dentify all cases that were removed from Plaintiff's caseload and given to Partners, including but not limited to Donald Enright and Nicholas Porritt, between August 2016 and March 2019."

Like their response to Interrogatory No. 14, Defendants generally described cases without providing the case names. Please provide the case names, as requested.

**Interrogatory No. 19**

Plaintiff asked Defendants to "[i]dentify all cases handled by Plaintiff between August 2016 and March 2019 that settled after her termination, including name, docket number, venue, date of settlement and the legal fee earned by L&K."

Under Title VII and local laws, a litigant can be entitled to an award of backpay that includes salary and lost bonuses. *Luciano v. Olsten Corp.*, 912 F. Supp. 663, 667 (E.D.N.Y. 1996), *aff'd*, 110 F.3d 210 (2d Cir. 1997).

Plaintiff needs the requested case information to calculate her damages for the money she lost due to her wrongful termination. *Kozak*, 2020 WL 913750, at *5; *Magnello v. TJX Companies, Inc.*, 2007 WL 4105322, at *2 (D. Conn. Nov. 15, 2007) (compelling interrogatory response identifying wages, bonus and benefits plaintiff would have received in failure to hire discrimination case); *Jackson v. Bankers Tr. Co.*, 1991 WL 2844, at *1 (S.D.N.Y. Jan. 9, 1991), *r&r approved*, 1991

*Miller v. L&K, et al.*
November 16, 2021
Page 5 of 5

WL 73874 (S.D.N.Y. Apr. 29, 1991) (compelling production of document needed to determine employee's lost bonuses).

Plaintiff also needs this information in support of her claim that she was strategically fired for discriminatory reasons with an aim to prevent her from obtaining a bonus in order to enrich defendants. That goes to the issue of pretext as to why she was terminated and for rebutting Defendants' legitimate, non-discriminatory business reasons for the termination. *McDonnell v. First Unum Life Ins. Co.*, 2011 WL 5301588, at *6 (S.D.N.Y. Nov. 3, 2011) (compelling discovery of money earned by those enriched by plaintiff's termination); *Hogan–Cross*, 568 F.Supp.2d at 414 ("The bases for and amounts of compensation paid to employees ... involved in plaintiff's benefit termination itself could prove relevant to plaintiff's claim.").

In fact, Defendants concede the relevance of this request because they sought discovery of Plaintiff's damages from settlement commissions. *See* Defendants' Interrogatory No. 4.

Accordingly, since Defendants admit that the request is relevant, material and proportional, and the information is uniquely in Defendants' possession, please provide the requested information without further delay.

## II.   CONCLUSION

Given the need to begin depositions soon, we are available to meet and confer on the above issues. Please let us know of a convenient date within seven (7) days when you would like to speak or when we can expect supplementary responses from Defendants.

Very truly yours,

*/s/ Samuel O. Maduegbuna*

Samuel O. Maduegbuna

SOM/wwc