# MADUEGBUNA COOPER LLP
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
TEL: (212) 232-0155
FAX: (212) 232-0156

November 23, 2021

**VIA ELECTRONIC MAIL**
EPSTEIN BECKER & GREEN P.C.
875 Third Avenue
New York, NY 10022

Attention:    Allen B. Roberts, Esq.
              Lori A. Medley, Esq.

Re:    ***Miller v. Levi & Korsinsky, LLP, et al.***
       <u>**Docket No.: 20-cv-1390 (LAP)(BCM)**</u>

Dear Mr. Roberts and Ms. Medley:

We reviewed Defendants' Reponses and Objections to Plaintiff's First Set of Document Requests, dated October 27, 2021. Given the number of deficiencies, we are writing in a good-faith attempt to efficiently resolve the outstanding issues.

## I.    PLAINTIFF'S DOCUMENT REQUESTS

**Document Request No. 2**

Plaintiff requested her personnel file from L&K. Defendants state that the request implicates their trial counsel's legal advice and work product, and, without waiving that objection, pointed Plaintiff to certain documents.

We are unsure if Defendants are withholding any documents and on what basis. Rule 34(b)(2)C) mandates that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." *Herman v. City of New York*, 334 F.R.D. 377, 383 (E.D.N.Y. 2020) ("To the extent that a party is objecting to a document request and intends to withhold documents on the basis of that objection, it is required to so state."). Without providing a privilege log or identifying what was withheld, Defendants have waived any assertion of privilege. *Freydl v. Meringolo*, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011) ("objections based on 'the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity' are overruled because [defendant] failed to describe the nature of the documents, communications or tangible things not produced or disclosed, as required by Rule 26(b)(5).").

*Miller v. L&K, et al.*
November 23, 2021
Page 2 of 9

Please provide a privilege log for any withheld documents that were in Plaintiff's L&K personnel folder.

## Document  Request No. 3

Plaintiff requested "documents describing the essential duties, responsibilities and functions of each position held by Plaintiff with L&K."

Among various objections, Defendants state that the request implicates their trial counsel's legal advice and work product, and, without waiving that objection, state that they do not have "arguably" responsive documents.

Please provide a privilege log for any documents withheld in response to this request.

## Document Request No. 9

Plaintiff requested "a list of employees assigned to Plaintiff's supervision between August 2016 and March 2019, including the job title, name, sex of each employee."

In response, Defendants assert a number of generic objections including that it is vague, not proportional, not relevant, and better obtained in depositions.

We do not agree that the phrase "assigned to Plaintiff's supervision" is vague. Defendants do not explain what is vague about the phrase or what information they need to clarify the request so that they can respond.

To be sure, Defendants must produce this information to the extent that it can be provided from an Excel spreadsheet or database. "Case law makes clear that simply searching a database and providing the results therefrom does not require creation of a new document beyond the scope of Rule 34. *Humphrey v. LeBlanc*, 2021 WL 3560842, at *3 (M.D. La. Aug. 11, 2021) (collecting cases).

Please produce the requested documents.

## Document Request No. 12

Plaintiff requested "all documents concerning Plaintiff's promotion to Partner in December 2017." In response, Defendants offered several generic, undefined objections.

Plaintiff's compensation as a Partner is at the heart of this case and she is entitled to documents about the promotion, including those relating to her compensation.
In further response, Defendants indicate that they will produce documents under the parties' ESI protocol. However, Plaintiff is requesting that Defendants produce any paper documents they know are responsive following a reasonably diligent search.

*Miller v. L&K, et al.*
November 23, 2021
Page 3 of 9

## Document Request Nos. 14-17

In these requests, Plaintiff seeks comparator salary and commission information about Nicholas Porritt and Donald Enright from August 2016 to March 2019.

Defendants make several non-specific objections without any explanation. *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse.").

Plaintiff is entitled to comparator salary information to support her disparate treatment and unequal pay claim along with her need to calculate her damages. *Moll v. Telesector Resources Group, Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (compelling production of comparator discovery for reductions in force that may support plaintiff's claims that employer's "reasons for firing her were pretextual, that she was discriminated based on her sex, or that she was paid unequally."); *Deluca v. Sirius Xm Radio, Inc.*, 2016 WL 3034332, at *2 (S.D.N.Y. May 27, 2016) (compelling production of comparator pay information in unequal pay case even outside statute of limitations period); *Esterquest v. Booz-Allen & Hamilton, Inc.*, 2003 WL 21673630, at *1 (S.D.N.Y. July 17, 2003) (compelling discovery of partner salary and bonus data in support of plaintiff's damages in gender, age and retaliation case); *see also Aldinger v. Alden State Bank*, 2020 WL 3000759, at *3 (W.D.N.Y. June 4, 2020) ("Plaintiff's requests for salary and performance information, including information about other employees, is broadly directed towards the issue of comparators. These are directly relevant to Plaintiff's burden of proof for discrimination."); *Kozak v. Off. Depot, Inc.*, 2020 WL 913750, at *5 (W.D.N.Y. Feb. 24, 2020) (upholding magistrate's order compelling production of comparator compensation data and bonuses in age, gender and disability discrimination case).

Please produce the requested information without further delay.

## Document Request Nos. 19, 56

Plaintiff requested "all documents concerning Will Fields receiving a bonus of $30,000.00 for 2017" and in 2018.

Defendants make several improper non-specific objections with no explanation. *Harris*, 2020 WL 763740, at *2.

As pled in the Complaint, Mr. Fields' bonus information is relevant to Plaintiff's disparate treatment and unequal pay claims as well as her damages. Please produce the requested information without further delay.

*Miller v. L&K, et al.*
November 23, 2021
Page 4 of 9

## Document Request No. 20

Plaintiff requested that Defendants "produce all documents concerning Plaintiff being considered the head of the New York Derivative Department."

Defendants object that the request assumes facts, seeks irrelevant documents, is overly broad, and not reasonably calculated, and not proportional.

The "assumes facts" objection lacks merit and must be withdrawn as improper obstruction. *Hamilton*, 2002 WL 31834428, at *1 n. 2 ("Since the dispute arises out of a discovery request, defendants' objection that the request 'assumes facts not established' is frivolous since the purpose of discovery is to learn facts.").

If Defendants believe the request is overly broad, Plaintiff will narrow the request for documents sufficient to show that Plaintiff was considered the head of the New York Derivative Department." This allegation is relevant to this case and was alleged in Complaint paragraph 14 and 48, and Defendants denied the allegations in their Answer. (Dkt. # 19.)

## Document Request No. 21

Plaintiff requested " a list of cases that Plaintiff handled between August 2016 and March 2019."

Defendants trotted out their usual list of boiler-plate objections and also claim that case names are protected by attorney-client privilege and attorney work product.

However, case names are part of the public record and it is "well-established in the Second Circuit that a client's identity is not protected by the attorney-client privilege." *Bank Brussells Lambert v. Credit Lyonnais (Suisse)*, 220 F. Supp. 2d 283, 288 (S.D.N.Y. 2002) (citing *Gerald B. Lefcourt, P.C. v. United States*, 125 F.3d 79, 86 (2d Cir.1997)); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, 2019 WL 3034866, at *5 (S.D.N.Y. July 11, 2019) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016) ("confidential client information does not generally include 'the fact of representation.'")).

Given this well-established law, the facts of which cases and clients Plaintiff handled and represented is not privileged. *Fischman*, 2019 WL 3034866, at *5 (finding that plaintiff, an in-house attorney, had not pled privileged information because "the fact that [plaintiff] visited or handled projects for two entities publicly affiliated with MCHA, Mitsubishi Chemical Performance Polymers, Inc. and Mitsubishi Polyester Film, Inc. does not qualify as confidential client information."). In connection, how work is assigned or distributed in a law office relates to a business practice that is not protected by privileged. *Bernstein*, 814 F.3d at 145 ("The complaint's allegation that BLB & G routinely assigns work to unqualified local counsel at the AG's Office's direction relates to a business practice, not to a 'client confidence.'").

Defendants' objection on privilege is particularly groundless because Plaintiff pled case-identifying information in her Complaint filed in February 18, 2020 and Defendants did not move

to seal the references. (*see e.g.,* Dkt. # at ¶¶ 55, 78, 109.) Defendants' own Answer repeats a case references. (Dkt. # 19 ¶ 55.) *Fischman*, 2019 WL 3034866, at *2 (delay in moving to seal claimed privileged information in complaint fatal to sealing request due to waiver).

Defendants' claim of work-product fairs no better. The party asserting work product protection faces "heavy" burden. *In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003). The protection claimed must be narrowly construed and its application must be consistent with the purposes underlying the asserted immunity. *Id.* "The attorney work product privilege attaches to documents prepared in anticipation of litigation for trial by a party or his representative [.] The work product privilege is not intended to protect from general discovery materials prepared in the ordinary course of business." *Hardy v. New York News, Inc.*, 114 F.R.D. 633, 644 (S.D.N.Y. 1987).

Defendants cannot show that internal business records of assignments are prepared for trial on behalf of the client nor do such routine business records "in any way reveal litigation strategy or the mental impressions or thought processes of an attorney." *Id.* That is why, in an analogous situation, time records showing how an attorney bills her time is not privileged just like internal law firm case assignments lists. *DiBella v. Hopkins*, 403 F.3d 102, 120 (2d Cir. 2005) ("attorney time records and billing statements are not privileged when they do not contain detailed accounts of the legal services rendered.").

Please produce the requested information without further delay.

## Document Request No. 22

Plaintiff requested  the "charts of New York Derivative Department cases created by Plaintiff and sent to KORSINSKY and LEVI each month between December 2017 and March 2019."

Defendants offer their usual list of boiler-plate objections and also claim that case names are protected by attorney-client privilege and attorney work product. The requested charts are business records and subject to no privilege. Please withdraw the unsupported assertion of privilege.

The charts relevant to Plaintiff's disparate treatment and unequal pay claims as well as her damages. Please produce the requested information without further delay.

## Document Request Nos. 23-41, 57

In these requests, Plaintiff seeks information sufficient to calculate and establish her damages by requesting the fees earned in specific cases.

Defendants offer their usual list of boiler-plate objections and also claim that legal fees are protected by attorney-client privilege and attorney work product. First, L&K's own website lists case settlement amounts. Second, attorney fee settlement amounts is not the type of information that is privileged, *DiBella v. Hopkins*, 403 F.3d at 120, and is routinely published in decisions awarding attorney's fees and settlement amounts in securities class actions, in part, because of the

*Miller v. L&K, et al.*
November 23, 2021
Page 6 of 9

public interest in assuring that reasonable fees are awarded. *In re Flag Telecom Holdings, Ltd. Securities Litig.*, 2010 WL 4537550, at *22 (S.D.N.Y. Nov. 8, 2010).

Additionally, Defendants have conceded that this information is relevant and necessary in this case by asking Plaintiff the same type of questions in their discovery demands.

The requested data is necessary to support Plaintiff's disparate treatment and unequal pay claims as well as her damages. Please produce the requested information without further delay.

## Document Request No. 42

Plaintiff requested "all documents concerning Plaintiff's discussions with any L&K employee, including but not limited to Svetlana Mayzus, about payment of a commission from the" cases in Plaintiff's portfolio.

Defendants do not articulate a basis for any of their objections and they must be withdrawn. To the extent Defendants claim the request is overly broad, Plaintiff narrows the request for documents sufficient to show internal records about what Plaintiff would be paid for cases she was handling.

## Document Request No. 43-45

Plaintiff requested "all documents concerning Plaintiff's discussions with Svetlana Mayzus about putting the terms of her Partner compensation in writing," and with KORSINKSY and Plaintiff's own compensation proposal from May 2018.

Notwithstanding several objections, Defendants agreed to produce any responsive ESI.

However, it is not burdensome or disproportionate for Defendants to request hard-paper responsive documents from Ms. Mayzus and KORSINSKY. And, if such documents exist, Plaintiff need not solely rely on ESI and can make requests for paper discovery. Such documents are relevant because they could contain admissions against interest from Defendants and/or include protected activity by Plaintiff. Please produce the requested information without further delay.

## Document Request No. 46

Plaintiff requested "all documents concerning L&K's profit and loss numbers for the New York office's Derivative Department between December 2017 and March 2019."

Defendants objected that the request seeks irrelevant information and is overly broad.

In response, Plaintiff will narrow the request by asking for documents sufficient to show the profit and loss numbers for the New York office's Derivative Department between December 2017 and March 2019.

*Miller v. L&K, et al.*
November 23, 2021
Page 7 of 9

## Document Request No. 48

Plaintiff requests "all documents concerning compliments made to and about Plaintiff on her work product."

Defendants objected that the request seeks irrelevant information and is overly broad.

In response, Plaintiff narrows her request for compliments from KORSINSKY and LEVI.

## Document Request No. 50-51, 53

Plaintiff requested "all documents concerning Plaintiff's complaints to Svetlana Mayzus about KORSINSKY's sex-based comments" and notes of Mayzus discussions with KORSINKSY about Plaintiff's compensation; and discussions with Mayzus about 2019 bonuses.

Despite Defendants' meritless objections, Plaintiff requires these documents in support of her damages and her retaliation claim and to show the element of notice. It is not burdensome for Defendants to obtain the paper records from a file in Ms. Mayzus' records. Plaintiff is not required to rely on ESI alone, as Defendants suggest.

Please produce the requested information.

## Document Request No. 52

Plaintiff requested "all documents concerning KORSINSKY prohibiting Plaintiff from settling a securities class action involving Patriot National, Inc."

Although Defendants object but state that responsive information will be produced if found in ESI searches, Plaintiff's entitlement to discovery is not limited to what is emailed around the office.

Please produce the requested information.

## Document Request No. 58

Plaintiff requested " documents concerning Shannon Hopkins negotiating the amount of her yearly bonus.

Defendants object as to relevance and proportion. To narrow the request, please produce documents sufficient to show that Shannon Hopkins was permitted to negotiate her yearly bonus.

## Document Request Nos. 60-61

Plaintiff requested "all documents concerning the removal of cases from Plaintiff's caseload in January 2019" and a list of all cases removed from her in 2019.

*Miller v. L&K, et al.*
November 23, 2021
Page 8 of 9

Although Defendants object but state that responsive information will be produced if found in ESI searches, Plaintiff's entitlement to discovery is not limited to what is emailed around the office.

Please produce the requested information.

### Document Request Nos. 63-64

Plaintiff requested "all documents concerning the decision to change Plaintiff's office into a conference room in January 2019" and move her into a smaller office.

Although Defendants object but state that responsive information will be produced if found in ESI searches, Plaintiff's entitlement to discovery of this disparate and retaliatory treatment is not limited to email.

Please produce the requested information if it exists in hard copy or other physical files.

### Document Request No. 67

Plaintiff requested "all documents concerning KORSINSKY's instruction that vacation pay be deducted from female attorneys who were mothers when they worked from home.

Although Defendants object but state that responsive information will be produced if found in ESI searches, Plaintiff's entitlement to discovery is not limited to ESI.

Please produce the requested information if it exists in hard copy or other physical files.

### Document Request No. 68

Plaintiff requested "a list of all cases handled by Plaintiff between August 2016 and March 2019 that settled after her termination, including name, docket number, venue, date of settlement and the legal fee earned by L&K."

For the reasons stated above, Plaintiff is entitled to discovery of her damages. Please produce the requested information.

## II.    DEFENDANTS' ESI PRODUCTION

Our initial review of Defendants' ESI reveals to problems that will delay our ability to conduct depositions. First, all case names are redacted. We are unable to discern what cases are being discussed and that makes many of the emails unusable at this point. Given the law cited above, case names are not protected. Please remove the redactions.

Second, most of the email attachments are missing. We must have complete emails. Please provide the attachments. *PSEG Power N.Y., Inc. v. Alberici Constructors, Inc.*, 2007 WL 2687670, at *12 (N.D.N.Y. Sept. 7, 2007) ("Without question, attachments should have been produced with their corresponding emails as such are kept in the usual course of business.").

*Miller v. L&K, et al.*
November 23, 2021
Page 9 of 9

### III.     CONCLUSION

We are available to meet and confer on the above issues. Please let us know of a convenient date within seven (7) days when you would like to speak or when we can expect a supplementary production from Defendants.

Very truly yours,

*/s/ Samuel O. Maduegbuna*

Samuel O. Maduegbuna