## MADUEGBUNA COOPER LLP
ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

November 19, 2021

**VIA ELECTRONIC CASE FILING**
The Honorable Loretta A. Preska
United States District Judge
500 Pearl Street
New York, NY 10007-1312

     **Re:** *Amy Miller v. Levi & Korsinsky, LLP, et al.*
        <u>Docket No.: 20-cv-01390(LAP)(BCM)</u>

Dear Judge Preska:

  We represent Plaintiff Amy Miller, and write to respectfully request an <u>extension of the parties' deadline to produce ESI from November 19 to December 10, 2021</u> and a commensurate extension of the fact discovery deadline from January 28 to February 28, 2022. This is Plaintiff's first request to extend the ESI deadline.

  Based on Defendants' decision not to file a joint letter, as explained below, we understand that they will not consent and may take no position to this request mainly because they claim to be producing their ESI on November 19 (although the parties have not agreed on all the search terms and time-frames for Defendants' ESI).

  While this Court requires extension requests 48 hours before a deadline, Plaintiff has been requesting Defendants' position on extension since Friday evening, November 12, 2021. Defendants did not provide their position until late in the afternoon of Thursday November 18; required reviewing the proposed joint letter before informing us if they would join, only to advise at 4:42 PM yesterday that Defendants will not be joining in Plaintiff's proposed joint letter.

  Under the Case Management Plan, the parties had an interim deadline of October 20, 2021 to agree on an ESI proposal "barring any exigent circumstances," and a deadline of November 19, 2021 to complete ESI productions "barring any exigent circumstances." (Dkt. # 43, dated Sept. 20, 2021.) Your Honor also directed the parties to depose plaintiff, the two individual defendants, and Defendants' law firm "office manager" and then report back to the Court.

  In working to meet these deadlines, the parties have exchanged multiple versions of the ESI protocol, numerous letters, emails, and held two conferrals by Zoom/phone to discuss custodians, search terms, time frames, Hit Reports, and other ESI issues.

*Miller v. L&K, et al.*
November 19, 2021
Page 2 of 3

  In the latest of a series of exchanges, the parties conferred by phone on November 5, 2021. That same evening Defendants provided a Hit Report for Plaintiff's L&K email account and Plaintiff provided proposed targeted searches for the time periods "March 28, 2019 to June 1, 2019" and "June 1, 2019 to present" that were at-issue. On Monday, November 8, 2021, we emailed Defendants with further responses to search terms for Plaintiff's personal ESI that were discussed on November 5 and were anticipating Defendants' response so Plaintiff could begin running the search terms once there was an agreement. *See Beaton v. Verizon New York, Inc.*, 2020 WL 6449235, at *4 (E.D.N.Y. Nov. 3, 2020) (stating that "courts encourage and expect cooperation among counsel when it comes to crafting search terms."); *William A. Gross. Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D 134, 134 (S.D.N.Y. 2009) (explaining that ESI requires "careful thought, quality control, testing, and cooperation with opposing counsel in designing search terms or 'keywords'" to be used in searching and producing ESI).

  On Friday, November 12, we asked Defendants when they would provide a response and about their position in seeking an ESI deadline extension, given the fact that it was November 12 and there was no agreement about what search terms Plaintiff would apply to her personal ESI. On Monday, November 15, 2021, Defendants said they would have a response shortly. On Tuesday evening after 8:00 PM, November 16, 2021, Defendants responded and added new search terms they wanted Plaintiff to run in addition to agreeing with some of Plaintiff's suggested changes and continuing to oppose Plaintiff's objections to irrelevant search terms like "Jewish" and "Jew" and "Orthodox."

  After completing an all-day deposition on November 17, our office was able to review and respond to Defendants' November 16 evening counter-proposal. Faced with new search term proposals from Defendants and having had to wait 8 days for Defendants to respond, only today could Plaintiff provide a semi-finalized list of search terms to her ESI vendor to run. Given this situation and the November 19 deadline, Plaintiff again proposed that the parties jointly request to extend the November 19 deadline. After agreeing to review Plaintiff's joint letter draft, on November 18, Defendants declined to join in this application because they plan to now produce all ESI by today, November 19 (instead of on a rolling basis as represented to us in Defendants' evening letter on Nov. 16). This is despite the fact that the parties have not fully agreed on the search terms and time-frames for Defendants' searches and it appears that the parties may seek judicial intervention given the remaining disagreements on search terms. Moreover, based on Defendants' November 16 letter, it was clear that Defendants would not be ready to produce all ESI on November 19 and that their need to make a rolling production would require a deadline extension since a rolling production was not contemplated in the Case Management Plan.

  Additionally, in the middle of the ESI meet-and-confer process, our office had to transfer the ESI collection and hired an ESI vendor given the scope and complexity of Defendants' proposed search terms. *See* Ex. 1 (Defs. Proposed Search Terms for Plaintiff's ESI, dated Nov. 16, 2021.) Since Plaintiff is undertaking the expense of a vendor, and given her limited resources relative to her former law firm employer-defendant, Plaintiff could not afford to run multiple versions of varying searches in the middle of ESI negotiations. Yesterday, our vendor indicated that the ESI would be ready for our office to review next week.

*Miller v. L&K, et al.*
November 19, 2021
Page 3 of 3

  The parties have narrowed the issues but are still working to agree on all search terms and time frames. In addition, our office is pressed to complete several depositions in two other federal civil rights cases with soon approaching deadlines and will need more time to review ESI for relevancy and privilege after our vendor provides it.

  As a result, and considering the upcoming holidays, Plaintiff requests that the November 19 deadline by extended until December 10, 2022 and that the current fact discovery deadline of January 28, 2022 by moved commensurately to February 28, 2022.

  We thank the Court for its consideration of this request.

           Respectfully Submitted,

          */s/ Samuel O. Maduegbuna*

          Samuel O. Maduegbuna

cc: Allen B. Roberts, Esq.
   Lori A. Medley, Esq.

   *Attorneys for Defendants*

```
The Court is in receipt of and
has considered the parties'
additional letters dated
November 24, 2021.

Plaintiff's request to extend
the time to produce ESI to
December 10, 2021 is granted.

The parties shall appear for a
telephonic conference on
Wednesday December 1 at 9:30
a.m.  Dial-in:  (877) 402-9753
Access Code: 6545179.

SO ORDERED.
```

*Loretta A. Preska* 11/29/2021