## MADUEGBUNA COOPER LLP
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
TEL: (212) 232-0155
FAX: (212) 232-0156

January 7, 2022

**VIA ELECTRONIC FILING (ECF)**
Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

                    **Re:**    *Amy Miller v. Levi & Korsinsky, LLP et al.*
                             **Docket No. 1:20-cv-01390-LAP-BCM**

Dear Judge Preska:

      We represent Plaintiff Amy Miller and write to obtain a temporary protective order pursuant to Fed.R.Civ.P. 26(c) directing that Plaintiff does not need to produce four (4) audio recordings of Defendant Eduard Korsinsky until after he has been deposed. Plaintiff lawfully made the recording to preserve evidence of sex discrimination at her former employer, Defendant Levi & Korsinsky, LLP ("L&K"). In addition, Plaintiff requests that the Court direct Defendant Korsinksy's deposition to be held before Plaintiffs so Defendants can review the recordings before deposing Plaintiff. Since depositions are tentatively scheduled for the end of January 2022, we now seek a ruling to resolve this issue.

      The parties have exchange letters on this topic and met-and-conferred on Friday, January 7, 2022 by Zoom. Despite these efforts, Defendants have not agreed with Plaintiff's position and do not want Defendant Korsinsky to be deposed until he can listen to the audio of himself to prepare for his own deposition.

      Defendant Korsinsky's insistence that he listen to audio of himself before being deposed has solidified Plaintiff's position that the audio is being properly held until after his deposition. As such, we make this application for a protective order to ensure the integrity and truth-seeking function of Defendant Korsinsky's deposition.

    **1. Defendants' Discovery Requests Establish Good Cause to Grant Plaintiff a Temporary Protective Order**

      Defendants sought audio recordings in eight (8) different document requests. *See* <u>Ex. 1</u> (Plaintiff's Supplemental Responses to Defs. First Request for Production, dated Dec. 22, 2021.)

*Miller v. L&K, et al.*
January 7, 2022
Page 2 of 4

Based on this alone, Defendants' document requests were improperly repetitive, burdensome, and could serve as independent grounds for a protective order. *Beaton v. Verizon N.Y., Inc.*, 2020 WL 6449235, at *2 (E.D.N.Y. Nov. 3, 2020) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)) ("A court must limit discovery if the discovery sought is unreasonably cumulative or duplicative.").

Defendants' Document Request No. 16 is a catch-call for recordings, though Defendants demanded recordings in Document Requests 31, 34, 40, 41, 55, 56, and 75:

> Document Request No. 16: All documents, (including diaries, logs, notes, memoranda, calendars, appointment books, telephone recordings, tape recordings, including video and answering machine tapes, e- mails, computer files and other documents), whether prepared or maintained for personal or business-related purposes or sent to a third party, that contain Plaintiff's records, notes, descriptions, conversations, discussions or thoughts concerning (a) her work environment, treatment, peers, supervisors and managers, and any other aspects of the terms and conditions of her employment with L&K; or (b) any allegations contained in the Complaint.
>
> Document Request No. 55: All recordings, videos, photographs or images concerning the allegations and claims set forth in the Complaint.
>
> Document Request No. 56: Plaintiff's recording(s), regardless of form, of any conversation with any L&K employee during her employment.

In response to these many requests, Plaintiff properly identified the existence of responsive audio recordings and noted that the recordings would be produced after the individual defendants' depositions. *See* Ex. 1. The parties have not agreed on the timing of the audio production.

Plaintiff has four discoverable audio recordings. Plaintiff made these recordings after realizing she was the victim of sex discrimination at Defendant L&K. Plaintiff made the recordings to preserve evidence in support of her claims and violations of federal, state and city law.

One recording is from March 28, 2019 and documents the termination meeting involving Plaintiff, Defendant Korsinksy and Svetlana Mayzus, L&K's Human Resources manager. A second recording is from on or around January 8, 2019 and is a discussion between Plaintiff and Defendant Korsinsky about the status of cases. The third and fourth recordings are between Plaintiff and Defendant Korsinsky involving discussions before the McKesson Corporation mediation that were held in or around March 2019 just before Plaintiff's termination and resulted in her losing substantial compensation, as pled in the Complaint, for a case that she brought to Defendant L&K.

### 2. A Protective Order Will Ensure the Integrity and Truth-Seeking Function of Defendant Korsinsky's Deposition

Caselaw firmly supports Plaintiff's position that audio recordings should only be produced after Defendant Korsinsky's deposition is complete.

Plaintiff's position is based on common-sense. A party is permitted to delay production of audio recordings to ensure that a witness does not tailor their testimony to the recording. "Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions." *Poppo v. AON Risk Services, Inc.*, 2000 WL 1800746, at *2 (S.D.N.Y. Dec. 6, 2000) (collecting cases) (ruling that plaintiff in employment discrimination case did not have to produce secretly audio recordings of officers and agents of defendant until after they were deposed); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705 (S.D.N.Y. 1977) (upholding magistrate ruling in antitrust case to delay production of audio recordings given plaintiff's interest "in determining the present unrefreshed recollection of such persons"); *Manske v. UPS Cartage Services, Inc.*, 2011 WL 322002, at *1 (D. Me. Jan. 30, 2011) (granting protective order for recordings of employer in employment termination case until after depositions are completed); *Walls v. Intl. Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000) (granting protective order in disability discrimination case to delay production of supervisor audio recordings until after his deposition); *Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487, 488 (S.D.Cal. 1994) (holding that "[i]f defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident").

In the analogous situation of video recordings, courts have recently held that "it is appropriate to delay production of the video footage until after Plaintiff's deposition is taken, so that she cannot – wittingly or unwittingly – tailor her testimony to conform to the video footage." *Ampong v. Costco Wholesale Corp.*, 2021 WL 3159757, at *3 (S.D.N.Y. July 27, 2021).

There is no prejudice to Defendant Korsinsky. He was present for the discussions and knows what he said. He can testify to that. There is no need for him to be "refreshed" before his deposition. Plaintiff, on the other hand, has a compelling interest in Defendant's present unfreshed recollection of key conversations that include claimed business justifications for terminating Plaintiff. Indeed, Defendants' continued and vociferous demand for audio of conversations they participated in have confirmed Plaintiff's position that the truth-seeking function of the depositions must be protected by delaying the production of the audio recordings.

Since Plaintiff is requesting to depose Defendant Korsinsky first, produce the audio, and then schedule Plaintiff's deposition, there is no prejudice in the production timing because Defendants can review the audio before Plaintiff's deposition. This also means that a protective order will not delay discovery.

*Miller v. L&K, et al.*
January 7, 2022
Page 4 of 4

### 3. Conclusion

Given the good cause shown, we respectfully request that the Court issue an order (i) requiring Defendant Korsinksy's deposition to occur first, and (ii) permitting Plaintiff to hold the production of the four audio recordings until after Korsinsky's deposition is complete, but before Plaintiff's deposition.

Respectfully Submitted,

/s/

Samuel O. Maduegbuna

cc: Allen B. Roberts, Esq. (*via* ECF)
Lori A. Medley, Esq.

*Attorneys for Defendants*