UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMY MILLER,

                            Plaintiffs,

            -against-                                    Docket No.: 20-cv-01390(LAP)
                                                         (BCM)

LEVI & KORSINSKY LLP, EDUARD KORSINSKY and
JOSEPH LEVI,

                            Defendants.
------------------------------------------------------------------------X

### PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

1.      By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers. Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions of or objections as to the competency, relevancy, materiality or privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject-matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to these requests to the extent that they demand information and documents which are protected by attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Plaintiff also objects in the entirety to any request for documents or information which is not limited in time.

4.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that

document or any other document, or its subject matter, or the information contained therein, or of the plaintiff's right to object to the use of any such document or information contained therein during any proceeding, including the trial of this action.

**REQUEST NO. 1:**

All documents concerning Plaintiff interviewing in 2011 for an attorney position with L&K.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning Plaintiff interviewing in 2011 for an attorney position with L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement. Without waiving the foregoing objections, Plaintiff produces responsive document bates stamped 000045.

**REQUEST NO. 2:**

All documents concerning the offer of employment Plaintiff received in 2011 from L&K, including the compensation, benefits (e.g., health insurance and parental leave), and other terms of employment discussed with Plaintiff and/or presented to Plaintiff in 2011 with respect to the offer of employment from L&K.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning Plaintiff interviewing in 2011 for an attorney position with L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that

- 2 -

it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 1.

**REQUEST NO. 3:**

All documents concerning Plaintiff's decision in 2011 not to accept the offer of employment from L&K.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning Plaintiff's decision in 2011 not to accept the offer of employment from L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, the request seeks non-relevant documents that are not proportionate to the needs of the case.

**REQUEST NO. 4:**

All documents from January 1, 2016 through August 15, 2016 concerning Plaintiff seeking employment at L&K.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents from January 1, 2016 through August 15, 2016 concerning Plaintiff seeking employment at L&K" without specifying the particular documents being requested. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement. Any further production is burdensome and disproportionate to the needs of the case because Plaintiff's hiring is not in issue.

**REQUEST NO. 5:**

All documents concerning Plaintiff's employment with L&K.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning Plaintiff's employment with L&K" without specifying the particular documents being requested. Plaintiff also objects that this request is burdensome because there is no time frame. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000001 – 000361 and produces responsive document bates stamped 000362 – 000689. Plaintiff will seek a protective order and all other appropriate relief if Defendants continue to seek improper, extreme and sweeping discovery as demanded herein.

**REQUEST NO. 6:**

All communications between Plaintiff, on the one side, and L&K, Korsinsky and/or Levi, on the other side.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all communications between Plaintiff, on the one side, and L&K, Korsinsky and/or Levi, on the other side" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff also objects that this request is burdensome because there is no time frame. Without waiving the foregoing objections, Plaintiff refers to responsive document previously produced at bates stamp 000042 and 000045 and produces responsive document bates stamped 000362 – 000365, 000370 – 000377, 000390 –

000398, 000401 – 000418, 000426 – 000444, 000453 – 000467, 000470 – 000498, 000501 –
000528, 000531 – 000532, 000538 – 000542, 000545 – 000579, 000594 – 000596, 000598 –
000639 and 000672 – 000683. Plaintiff will seek a protective order and all other appropriate relief
if Defendants continue to seek improper, extreme and sweeping discovery as demanded herein.

**REQUEST NO. 7:**

All documents concerning Plaintiff's job performance while employed with L&K, including
reviews, evaluations, self-evaluations, performance counseling, disciplinary actions,
recommendations, letters of commendation or documents reflecting praise and/or criticism.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects
to this request on the grounds that it is overly broad in scope by requesting "all documents
concerning Plaintiff's job performance while employed with L&K" without specifying the
particular documents being requested. Plaintiff further objects to this request to the extent that it
seeks information equally available to Defendants. Without waiving the foregoing objections,
Plaintiff refers to responsive document previously produced at bates stamp 000001 – 000002 and
produces responsive documents bates stamped 000368 – 000369, 000529 – 000530, 000597,
000653 – 000654, 000658 – 000660 and 000671. In addition, Plaintiff will produce any relevant
non-privileged documents pursuant to the parties' ESI agreement. Plaintiff will seek a protective
order and all other appropriate relief if Defendants continue to seek improper, extreme and
sweeping discovery as demanded herein.

**REQUEST NO. 8:**

All documents concerning Plaintiff's job responsibilities, assignments and duties pursuant to her
employment with L&K, including any job description.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning Plaintiff's job responsibilities, assignments and duties" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive document previously produced at bates stamp 000001 – 000002 and produces responsive documents bates stamped 000362 – 000683. In addition, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement. Any further production is burdensome and disproportionate to the needs of the case.

**REQUEST NO. 9:**

All documents concerning the terms and conditions of Plaintiff's employment with L&K, including documents concerning her schedule, work hours, remuneration, and bonuses.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning the terms and conditions of Plaintiff's employment with L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive document bates stamped 000046 – 000130.  In addition, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 10:**

All documents concerning any complaints or grievances (whether formal or informal, oral or

written) made by Plaintiff to any agents, employees, or other representatives of L&K, Korsinsky and/or Levi concerning any alleged discrimination or unfair treatment of Plaintiff or retaliation against Plaintiff.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning any complaints or grievances… made by Plaintiff to any agents, employees, or other representatives of L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff objects that this request is burdensome because there is no time frame. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any such responsive documents.

**REQUEST NO. 11:**

All documents concerning any complaints or grievances (whether formal or informal, oral or written) made by Plaintiff to any agents, employees, or other representatives of L&K, Korsinsky and/or Levi concerning any alleged contracts that were breached by L&K, Korsinsky and/or Levi.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning any complaints or grievances… made by Plaintiff to any agents, employees, or other representatives of L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff objects that this request is burdensome because there is no time frame. To the extent that

documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any such responsive documents.

**REQUEST NO. 12:**

All documents concerning any complaints or grievances (whether formal or informal, oral or written) made by Plaintiff to any individuals outside of L&K, including Plaintiff's family members, spouse, and friends, concerning any alleged discrimination or unfair treatment of Plaintiff or retaliation against Plaintiff from L&K, Korsinsky and/or Levi.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning any complaints or grievances… made by Plaintiff to any individuals outside of L&K" without being tailored to the issues in this case and encompasses nearly every issue or complaint an attorney could have working on a legal matter. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000003 – 000008. In addition, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 13:**

All documents sent by Plaintiff to, or received by Plaintiff from, any third parties, including any clients, prospective employers, search firms, resources for employment, family members (including any spouse or parent), or friends concerning her employment terms, conditions or treatment or any alleged contracts, agreements or arrangements with L&K or transfer or portability of client relations.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents sent by Plaintiff to, or received by Plaintiff from, any third parties… concerning her employment terms, conditions or treatment or any alleged contracts, agreements or arrangements with L&K or transfer or portability of client relations" without specifying the particular documents being requested. Plaintiff objects that this request is burdensome because there is no time frame. Plaintiff also objects to this request on the grounds that such information is not proportional to the needs of the case. The request is also not reasonably calculated to lead to discovery of admissible evidence. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12.

**REQUEST NO. 14:**

All documents concerning any complaints or grievances (whether formal or informal, oral or written) made by Plaintiff to any third parties, including any clients, prospective employers, resources for employment, family members (including any spouse or parent), or friends concerning her employment terms, conditions or treatment or any alleged contracts, agreements or arrangements with L&K while employed by L&K, any alleged discrimination, unfair treatment or retaliation by L&K, Korsinsky and/or Levi, Plaintiff's consideration or acts to leave employment with L&K or to seek other employment, or emotional distress, embarrassment, humiliation, or anguish allegedly suffered by Plaintiff.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request on the grounds that it is irrelevant and overly broad in scope by requesting "all documents concerning any complaints or grievances… made by Plaintiff to any third parties…

concerning her employment terms, conditions or treatment or any alleged contracts, agreements or arrangements with L&K while employed by L&K, any alleged discrimination, unfair treatment or retaliation by L&K, Korsinsky and/or Levi, Plaintiff's consideration or acts to leave employment with L&K or to seek other employment, or emotional distress, embarrassment, humiliation, or anguish allegedly suffered by Plaintiff" without specifying the particular documents being requested. Plaintiff objects that this request is burdensome because there is no time frame. Plaintiff also objects to this request on the grounds that such information is not proportional to the needs of the case. The request is also not reasonably calculated to lead to discovery of admissible evidence and is repetitive of Defendants' prior requests and a confusing and compound request. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12.

**REQUEST NO. 15:**

All documents filed or submitted by Plaintiff or on Plaintiff's behalf with, or received from the Equal Employment Opportunity Commission, the New York State Division on Human Rights, the New York City Commission on Human Rights, and/or any other governmental agency concerning L&K, Korsinsky and/or Levi.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents filed or submitted by Plaintiff or on Plaintiff's behalf with, or received from the Equal Employment Opportunity Commission, the New York State Division on Human Rights, the New York City Commission on Human Rights" without specifying the particular documents being requested. Plaintiff objects that this request is burdensome because there is no time frame. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12.

**REQUEST NO. 16:**

All documents, (including diaries, logs, notes, memoranda, calendars, appointment books, telephone recordings, tape recordings, including video and answering machine tapes, e- mails, computer files and other documents), whether prepared or maintained for personal or business-related purposes or sent to a third party, that contain Plaintiff's records, notes, descriptions, conversations, discussions or thoughts concerning (a) her work environment, treatment, peers, supervisors and managers, and any other aspects of the terms and conditions of her employment with L&K; or (b) any allegations contained in the Complaint.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that contain Plaintiff's records, notes, descriptions, conversations, discussions or thoughts concerning (a) her work environment, treatment, peers, supervisors and managers, and any other aspects of the terms and conditions of her employment with L&K; or (b) any allegations contained in the Complaint" without specifying the particular documents being requested. Without waiving the foregoing objections, Plaintiff refers to responsive document previously produced at bates stamp 000003 – 000008 and produces responsive documents bates stamped 000362 – 000683. In addition, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete that relate to conversations Plaintiff had with Defendant Korsinsky, including on the day of her termination from Defendant L&K.

**REQUEST NO. 17:**

All documents concerning the allegations in Paragraphs 32 and 33 of the Complaint that Plaintiff

"was promoted to Partner in December 2017" and "[a]s a Partner at L&K, Plaintiff led the firm's corporate governance practice."

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning… that Plaintiff "was promoted to Partner in December 2017" and "[a]s a Partner at L&K, Plaintiff led the firm's corporate governance practice"" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000001 – 000008 and 000043 – 000044 and produces responsive documents bates stamped 000426 – 000433, 000466 – 000469, 000476 – 000485, 000489 – 000498, 000501 – 000528, 000598 – 000606 and 000609 – 000620. In addition, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 18:**

All documents concerning the allegation in Paragraph 35 of the Complaint that "[s]ince Plaintiff joined Defendant L&K in August 2016, her performance was outstanding, leading to her promotion to Partner in December 2017."

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning the allegation in Paragraph 35 of the Complaint that "[s]ince Plaintiff joined Defendant L&K in August 2016, her performance was outstanding, leading to her promotion to Partner in

December 2017" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 7.

**REQUEST NO. 19:**

All documents concerning the allegations in Paragraph 36 of the Complaint that "[a]lthough Plaintiff's performance was outstanding, since August 2016 until December 2017, Korsinsky made inappropriate, sexist and discriminatory comments, including that Plaintiff should use her sex as a basis to promote herself in the legal community, rather than her clearly exceptional legal skills."

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 20:**

All documents concerning the allegations in Paragraph 37 of the Complaint that "[d]uring a meeting, in mid-December 2017, Plaintiff was offered a Partner position by Korsinsky, who promised they would further discuss and put the terms of Plaintiff's compensation in writing in 2018."

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request on the grounds set forth in her general objections.. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 21:**

All documents concerning the written document regarding the terms of Plaintiff's compensation

and/or "written Partner contract" that Plaintiff alleges she was to receive as alleged in Paragraphs 37, 52, 54 and 58 of the Complaint.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request on the grounds set forth in her general objections. In direct response, as the allegations make clear and as Defendants themselves know, Plaintiff has no written compensation agreement or contract as a partner. Discussions about these issues will be produced by Plaintiff pursuant to the parties' ESI agreement. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete that relate to conversations Plaintiff had with Defendant Korsinsky.

**REQUEST NO. 22:**

All documents concerning the allegation in Paragraph 38 of the Complaint that "from mid-December 2017 until her unlawful termination on March 28, 2019, Plaintiff continued to receive the same and lesser compensation under the written contract with Defendant L&K for her Of Counsel position."

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects that Defendants have equal access to the amount of compensation that Plaintiff received.  In direct response, as the allegations make clear and as Defendants themselves know, Plaintiff has no written compensation agreement or contract as a partner at L&K. Discussions about these issues will be produced by Plaintiff pursuant to the parties' ESI agreement and otherwise she has been unable to locate any further responsive documents.

**REQUEST NO. 23:**

The "written contract" referred to in Paragraph 38 of the Complaint.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request on the grounds set forth in her general objections. See Plaintiff's production bates 000045.

**REQUEST NO. 24:**

All documents concerning the allegation in Paragraph 44 of the Complaint that Plaintiff "told Korsinsky the bonus [for 2017 of $30,000] was too low for the outstanding work she performed in 2017, which had led to her being offered a Partner position."

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 25:**

All documents concerning the allegations in Paragraph 45 of the Complaint that at the "December 2017 meeting [where Plaintiff alleges she was offered a Partner position], Plaintiff asked Korsinsky if she would be entitled to a 'commission' if one of her cases paid L&K a fee prior to the end of 2018. Korsinsky responded that she would be entitled to such commission, and that he would further discuss the specific terms of Plaintiff's partnership agreement in 2018 and ended the meeting."

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive

documents.

**REQUEST NO. 26:**

All documents between Plaintiff and L&K, Korsinsky and/or Levi regarding the "commissions" Plaintiff alleges she was to earn as alleged in Paragraphs 45, 53, 54, 57 and 67 of the Complaint.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 27:**

All documents concerning the allegation in Paragraph 48 of the Complaint that, "in or around March 2018, Korsinsky told Plaintiff he considered her the 'head' of the NY Derivative Department."

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that, 'in or around March 2018, Korsinsky told Plaintiff he considered her the 'head' of the NY Derivative Department'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000003 – 000008 and produces responsive documents bates stamped 000426 – 000433, 000466 – 000469, 000476 – 000485, 000513 – 000528, 000598 – 000606 and 000609 – 000620. Plaintiff will also produce any relevant non-privileged documents pursuant to

the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 28:**

All documents concerning the allegation in Paragraph 49 of the Complaint that, "[a]s head of the NY Derivative Department, Korsinsky explained that he expected Plaintiff to run the department and provide him with reports related to the department's cases, including fee projections."

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that, '[a]s head of the NY Derivative Department, Korsinsky explained that he expected Plaintiff to run the department and provide him with reports related to the department's cases, including fee projections'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 27.

**REQUEST NO. 29:**

All documents concerning the allegation in Paragraph 53 of the Complaint that "Plaintiff also expected that she would soon begin to earn commissions from the cases originating in the NY Derivative Department, as Korsinsky had explained."

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Plaintiff also expected that she would soon begin to earn commissions from the cases originating in the NY Derivative Department, as Korsinsky had explained'" without specifying the particular

documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 27.

**REQUEST NO. 30:**

All documents concerning the allegation in Paragraph 59 of the Complaint that "Ms. Mayzus confirmed to Plaintiff that she should indeed receive a commission from the Fox News Derivative Case and be compensated the same as Messrs. Enright and Porritt in the Washington D.C. office."

**RESPONSE TO REQUEST NO. 30**:

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise directs Defendants to bates 000300.

**REQUEST NO. 31:**

All documents concerning the alleged meeting that occurred between Plaintiff and Korsinsky on or around May 16, 2018 as alleged in Paragraph 60 of the Complaint, including documents concerning the alleged comments made by Korsinsky during the meeting and Plaintiff's alleged response to the comments as alleged in Paragraphs 61 through 65 of the Complaint, including any recordings of that meeting, notes regarding the meeting, or emails or other communications sent to others regarding the meeting.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning the alleged meeting that occurred between Plaintiff and Korsinsky on or around May 16, 2018" without specifying the particular documents being requested. Plaintiff further objects to

this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 32:**

All documents concerning the allegation in Paragraph 66 of the Complaint that Plaintiff "presented Korsinsky with her proposal for her Partner compensation, which included a 15% commission on any fee earned from the NY Derivative Department cases, and a 10% commission for any fee earned by L&K using any of Plaintiff's clients for cases not in her department."

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 33:**

All documents concerning the allegation in Paragraph 67 of the Complaint that "Korsinsky told Plaintiff that he needed to speak with Levi and obtain profit and loss ('P/L') numbers to see if she was entitled to commissions."

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects

to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Korsinsky told Plaintiff that he needed to speak with Levi and obtain profit and loss ('P/L') numbers to see if she was entitled to commissions'" Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000003 – 000008 and produces responsive documents bates stamped 000466 – 000469. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 34**:

All documents and communications concerning the alleged meeting that occurred between Plaintiff and Korsinsky in or around July 2018 as alleged in Paragraph 68 of the Complaint, including documents concerning the alleged comments made by Korsinsky during the meeting and Plaintiff's alleged response to the comments as alleged in Paragraphs 69 and 70 of the Complaint, including any recordings of that meeting, notes regarding the meeting, or emails or other communications sent to others regarding the meeting.

**RESPONSE TO REQUEST NO. 34**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents and communications concerning the alleged meeting that occurred between Plaintiff and Korsinsky in or around July 2018" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any

further responsive documents.

**REQUEST NO. 35**:

All documents concerning the allegation in Paragraph 73 of the Complaint that "[b]efore Plaintiff requested to be paid equally to L&K's male partners, Korsinsky regularly complimented Plaintiff's outstanding work product."

**RESPONSE TO REQUEST NO. 35**:

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 36**:

All documents concerning the allegations in Paragraph 74 of the Complaint that "[a]fter Plaintiff requested pay equal to her male counterparts, Korsinsky stopped complimenting Plaintiff's work despite the fact that such work product remained outstanding" and that "Plaintiff's co-counsel on various cases continued to compliment her work until the day she was terminated."

**RESPONSE TO REQUEST NO. 36**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that '[a]fter Plaintiff requested pay equal to her male counterparts, Korsinsky stopped complimenting Plaintiff's work despite the fact that such work product remained outstanding' and that 'Plaintiff's co-counsel on various cases continued to compliment her work until the day she was terminated'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving

the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000003 – 000008 and produces responsive documents bates stamped 000368 – 000369, 000529 – 000530, 000597, 000653 – 000654, 000658 – 000660 and 000671. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement.

**REQUEST NO. 37**:

The documents, including e-mails, referenced in Paragraph 75 of the Complaint, including the referenced e-mails from Gregory Nespole.

**RESPONSE TO REQUEST NO. 37**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive documents bates stamped 000529 – 000530 and 000671.

**REQUEST NO. 38**:

All documents concerning the allegation in Paragraph 76 of the Complaint that "[i]n or around August 2018, … Plaintiff continued to speak with Ms. Mayzus about: (1) finalizing in writing the terms of her Partner compensation, and (2) the discriminatory statements that Korsinsky made to her."

**RESPONSE TO REQUEST NO. 38**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that '[i]n or around August 2018, … Plaintiff continued to speak with Ms. Mayzus about: (1) finalizing in writing the terms of her Partner compensation, and (2) the discriminatory statements that Korsinsky made to her'" without specifying the particular documents being requested. Plaintiff

further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive documents bates stamped 000543 – 000544.

**REQUEST NO. 39**:

All documents concerning the allegations in Paragraphs 78 and 79 of the Complaint that "Korsinsky prohibited Plaintiff from settling a securities class action … and informed Plaintiff that Mr. Porritt … would handle the ….case … going forward" and that "Korsinsky took these actions to prevent Plaintiff from earning a commission from this case."

**RESPONSE TO REQUEST NO. 39**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Korsinsky prohibited Plaintiff from settling a securities class action … and informed Plaintiff that Mr. Porritt … would handle the ….case … going forward' and that 'Korsinsky took these actions to prevent Plaintiff from earning a commission from this case'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive document previously produced at bates stamp 000003 – 000008 and produces responsive documents bates stamped 000470 – 000473, 000560 – 000596, 000607 – 000608, 000646 and 000661 – 000667.

**REQUEST NO. 40**:

All documents concerning the alleged meeting that occurred between Plaintiff and Levi on or around December 14, 2018 as alleged in Paragraphs 82 and 83 of the Complaint, including documents concerning the alleged comments made by Levi during the meeting and Plaintiff's

response to the alleged comments as alleged in Paragraphs 83 through 84 of the Complaint, including any recordings of that meeting, notes regarding the meeting, or emails or other communications sent to others regarding the meeting.

**RESPONSE TO REQUEST NO. 40**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning the alleged meeting that occurred between Plaintiff and Levi on or around December 14, 2018" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamp 000003 – 000008 and produces responsive documents bates stamped 000554 – 000555. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 41**:

All documents concerning the bonus Plaintiff received for 2018 and the discussion Plaintiff alleges she had with Levi regarding her bonus for 2018 as set forth in Paragraphs 85 through 88 of the Complaint, including any recordings of that discussion, notes regarding the discussion, or emails or other communications sent to others regarding the discussion.

**RESPONSE TO REQUEST NO. 41**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning the bonus Plaintiff received for 2018 and the discussion Plaintiff alleges she had with Levi regarding her bonus for 2018" without specifying the particular documents being requested.

Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 42**:

All documents concerning the allegations in Paragraph 89 of the Complaint that "Levi … discriminatorily advised Plaintiff that there would be no written contract related to the terms of her compensation, and that they would further discuss compensation in 2019 if any of her cases paid fees, on a case by case basis."

**RESPONSE TO REQUEST NO. 42**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Levi … discriminatorily advised Plaintiff that there would be no written contract related to the terms of her compensation, and that they would further discuss compensation in 2019 if any of her cases paid fees, on a case by case basis'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12.

**REQUEST NO. 43**:

All documents concerning the allegation in Paragraph 94 of the Complaint that Fields and Kupka "continued to request guidance and assistance from Plaintiff, who was forced to contribute more work to the cases without billing her time."

**RESPONSE TO REQUEST NO. 43**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents... that Fields and Kupka "continued to request guidance and assistance from Plaintiff, who was forced to contribute more work to the cases without billing her time" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive document previously produced at bates stamp 000003 – 000008 and produces responsive documents bates stamped 000417 – 000418.

**REQUEST NO. 44**:

All documents concerning the allegation in Paragraph 95 of the Complaint that "it was known that Levi repeatedly told female attorneys, when they became mothers, that he believed that they should no longer work as attorneys, and instead should stay home to raise their babies."

**RESPONSE TO REQUEST NO. 44**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 45**:

All documents concerning the allegations in Paragraphs 96 through 97 of the Complaint that "Korsinsky decided to change Miller's spacious office into a conference room" and that "Levi and Korsinsky refused" Plaintiff's "request[ ] to move into a similarly sized office that was vacant … and told her to move into a much smaller office."

**RESPONSE TO REQUEST NO. 45**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Korsinsky decided to change Miller's spacious office into a conference room' and that 'Levi and Korsinsky refused' Plaintiff's "request[ ] to move into a similarly sized office that was vacant … and told her to move into a much smaller office'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 46**:

All documents concerning the allegation in Paragraph 98 of the Complaint that "Plaintiff's L&K colleagues confessed that they believed Defendants were discriminating against her on the basis of sex."

**RESPONSE TO REQUEST NO. 46**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Plaintiff's L&K colleagues confessed that they believed Defendants were discriminating against her on the basis of sex'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any such responsive documents.

**REQUEST NO. 47**:

All documents concerning the allegation in Paragraph 99 of the Complaint that, "[i]n early 2019, aside from informing Korsinsky and Levi that they were discriminating against her on the basis of sex, Plaintiff also followed the 'Informal Procedure' 'Complaint Procedure' provided in L&K's September 2018 Employee Handbook."

**RESPONSE TO REQUEST NO. 47**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents... that '[i]n early 2019, aside from informing Korsinsky and Levi that they were discriminating against her on the basis of sex, Plaintiff also followed the 'Informal Procedure' 'Complaint Procedure' provided in L&K's September 2018 Employee Handbook'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive documents bates stamped 000081 – 000130.

**REQUEST NO. 48**:

All documents and communications concerning the allegation in Paragraph 100 of the Complaint that Plaintiff "reported Korsinsky and Levi's discriminatory actions towards her to L&K partner Shannon Hopkins."

**RESPONSE TO REQUEST NO. 48**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents and communications... that Plaintiff 'reported Korsinsky and Levi's discriminatory actions towards her to L&K partner Shannon Hopkins'" without specifying the particular documents being

requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any further responsive documents.

**REQUEST NO. 49**:

All documents and communications concerning the allegations in Paragraph 100 of the Complaint that "Ms. Hopkins acknowledged that Korsinsky and Levi were discriminating against her on the basis of sex," and "advised Plaintiff to 'put out feelers' to find a new job as [Ms. Hopkins] explained that she could not help Plaintiff with this issue, and that Korsinsky and Levi were biased towards women, especially mothers."

**RESPONSE TO REQUEST NO. 49**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents and communications… that 'Ms. Hopkins acknowledged that Korsinsky and Levi were discriminating against her on the basis of sex,' and 'advised Plaintiff to 'put out feelers' to find a new job as [Ms. Hopkins] explained that she could not help Plaintiff with this issue, and that Korsinsky and Levi were biased towards women, especially mothers'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Plaintiff will produce any relevant non-privileged documents pursuant to the parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 50**:

Any severance agreement given to Plaintiff by L&K.

**RESPONSE TO REQUEST NO. 50**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive documents bates stamped 000684 – 000689.

**REQUEST NO. 51**:

All documents concerning the allegation in Paragraph 104 of the Complaint that "Korsinsky told Plaintiff that she was not entitled to any earned vacation pay from 2019 because she had worked from home on certain days in 2019."

**RESPONSE TO REQUEST NO. 51**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Korsinsky told Plaintiff that she was not entitled to any earned vacation pay from 2019 because she had worked from home on certain days in 2019'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any such responsive documents.

**REQUEST NO. 52**:

All documents concerning the allegation in Paragraph 110 of the Complaint that "Plaintiff remains entitled to earn additional commissions on such cases, despite her unlawful termination by Defendants."

**RESPONSE TO REQUEST NO. 52**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Plaintiff remains entitled to earn additional commissions on such cases, despite her unlawful termination by Defendants'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 12.

**REQUEST NO. 53**:

All documents concerning the allegation in Paragraph 162 of the Complaint that "Plaintiff was entitled to three weeks of paid vacation per year."

**RESPONSE TO REQUEST NO. 53**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents… that 'Plaintiff was entitled to three weeks of paid vacation per year'" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. To the extent that documents responsive to this request are not located within Plaintiff's ESI production, Plaintiff is not in possession of any such responsive documents.

**REQUEST NO. 54**:

The "employment contract" set forth in Paragraph 165 of the Complaint that Plaintiff alleges was breached when L&K did not pay her for unused accrued vacation days as alleged in Paragraph 165 of the Complaint.

**RESPONSE TO REQUEST NO. 54**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff directs Defendants to bates 00046-130.

**REQUEST NO. 55**:

All recordings, videos, photographs or images concerning the allegations and claims set forth in the Complaint.

**RESPONSE TO REQUEST NO. 55**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects that this request is unnecessarily repetitive and overlapping with several other requests. Without waiving the foregoing objections, Plaintiff will produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 56**:

Plaintiff's recording(s), regardless of form, of any conversation with any L&K employee during her employment.

**RESPONSE TO REQUEST NO. 56**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects that this request is unnecessarily repetitive and overlapping with several other requests. Without waiving the foregoing objections, Plaintiff will produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 57**:

Plaintiff's postings, submissions or messages on Facebook, LinkedIn, Twitter, Tumblr, Instagram, Tik Tok, or other social networking websites from January 1, 2016 through the present.

**RESPONSE TO REQUEST NO. 57**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case and is an unwarranted invasion of privacy designed to embarrass and intimidate Plaintiff. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts. Plaintiff also objects to this request on the grounds that Defendants' counterclaims were dismissed in full on February 12, 2021 (Dkt. # 31) (*Miller v. Levi & Korsinsky, LLP*, 2021 WL 535599 (S.D.N.Y. Feb. 12, 2021). Plaintiff will seek a protective order and all other appropriate relief if Defendants continue to seek improper, extreme and sweeping discovery as demanded herein.

**REQUEST NO. 58**:

For each Facebook account maintained by Plaintiff, produce Plaintiff's Facebook account data for the period of January 1, 2016 through present. Plaintiff may download her Facebook data by logging onto her Facebook account, selecting "Settings" under the downward facing arrow on her homepage, clicking on "Download a copy of your Facebook data" below her General Account settings, and clicking "Start My Archive."

**RESPONSE TO REQUEST NO. 58**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case and is an unwarranted invasion of privacy designed to embarrass and intimidate Plaintiff. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to

Plaintiff's claims of discriminatory or retaliatory acts. Plaintiff objects to Defendants' instructions because Plaintiff, as the producing party, is in the best position to determine how to search her own records and Defendants cannot dictate the process. Plaintiff will seek a protective order and all other appropriate relief if Defendants continue to seek improper, extreme and sweeping discovery as demanded herein. Without waiving these objections, Plaintiff produces bates 000693-000732 pursuant to the Parties' ESI agreement.

**REQUEST NO. 59**:

To the extent that Plaintiff has accounts on LinkedIn, Twitter, Tumblr, Instagram, Tik Tok, or other social networking websites from January 1, 2016 through the present, she should follow each website's instructions to obtain complete account downloads and produce the same.

**RESPONSE TO REQUEST NO. 59**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case, and is an unwarranted invasion of privacy designed to embarrass and intimidate Plaintiff.. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts. Plaintiff will seek a protective order and all other appropriate relief if Defendants continue to seek improper, extreme and sweepingdiscovery as demanded herein. Without waiving these objections, Plaintiff produces bates 00733-000746 from her LinkedIn account.

**REQUEST NO. 60**:

All documents, including emails, personal diaries, and notes, concerning Plaintiff's activity to obtain employment or otherwise secure income outside of L&K, since August 15, 2016, including

all documents identifying, stating or showing:

      (a)     Any and all employment agencies or recruiters contacted by Plaintiff;

      (b)     Any and all advertisements for employment to which Plaintiff responded;

      (c)     Any and all advertisements that Plaintiff placed or posted in any print or electronic newspaper, magazine, journal, publication or site in connection with an employment search;

      (d)     Any and all prospective employers contacted by Plaintiff either directly or on her behalf by a recruiter or employment agency;

      (e)     Dates that Plaintiff contacted any prospective employers;

      (f)     Dates that Plaintiff submitted any applications to any prospective employers;

      (g)     Dates that Plaintiff contacted any professional organizations in search of employment or in search of help securing employment;

      (h)     Dates that Plaintiff had any interviews or other meetings for employment;

      (i)     Any and all positions, whether full-time, part-time, seasonal or casual, that Plaintiff applied for;

      (j)     Any and all offers received by Plaintiff;

      (k)     Starting compensation, including, benefits offered in any and all positions offered Plaintiff;

      (l)     Plaintiff's reason(s) for rejecting any offers received, and

      (m)     The reason(s) given by any prospective employers for not extending an offer to Plaintiff.

      (n)     Dates that any and all prospective employers contacted Plaintiff;

      (o)     Any and all documents and information presented to a prospective employer, including resumes and documents concerning client activity Plaintiff represented she would induce the transfer or removal of from L&K or a business plan.

**In addition to responding to this Request, please sign and return a release for each employment agency and recruiter Plaintiff communicated with since August 15, 2016 to release all documents and communications regarding Plaintiff's activity to obtain**

**employment or otherwise secure income outside of L&K.**

**RESPONSE TO REQUEST NO. 60**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Plaintiff further objects because the time frame is overly broad because Plaintiff obtained employment full-time employment in 2019, making any efforts to obtain employment past that time irrelevant. Without waiving these objections, and construing the request as one ending in August 2019, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement. Plaintiff objects to the request for a signed release because the time-frame is unlimited and goes until present, is an unwarranted invasion of privacy, and is not narrowly tailored to the needs of the case.

**REQUEST NO. 61**:

All documents, including emails and communications, personal diaries or notes, showing Plaintiff's communications with employees of L&K concerning any L&K employee leaving L&K to join or work with Plaintiff at another law firm.

**RESPONSE TO REQUEST NO. 61**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts and Defendants' have no defense related to other employees leaving L&K. Without waiving these objections, Plaintiff will produce any

relevant non-privileged documents pursuant to the Parties' ESI agreement.

**REQUEST NO. 62**:

Any and all documents, including emails and communications, with individuals not employed at L&K, including friends, family members, Plaintiff's spouse, individuals employed at Plaintiff's former employers, and individuals employed at other law firms with whom Plaintiff interacted while employed at L&K, regarding her interest in and activity to seek employment or otherwise secure income outside of L&K.

**RESPONSE TO REQUEST NO. 62**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 63**:

All documents, including emails, personal diaries or notes, concerning interviews and/or meetings between Plaintiff and prospective employers that occurred in or around 2017 through 2019 while Plaintiff was traveling for business on behalf of L&K.

**RESPONSE TO REQUEST NO. 63**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case.  Plaintiff further objects that the term "traveling for business on behalf of L&K" is not defined. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties'

ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 64**:

All documents, including emails, personal diaries or notes, concerning the effects a search for employment outside of L&K could have on Plaintiff's compensation, including Plaintiff's willingness to forfeit or forgo a bonus from L&K if she were to obtain an offer of employment from a prospective employer in either 2017 or 2018 prior to bonuses being provided for the calendar year.

**RESPONSE TO REQUEST NO. 64**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 65**:

If Plaintiff has been employed or paid for services for any period of time (as an employee or independent contractor) before commencing employment at L&K, documents concerning the jobs and positions held by Plaintiff, her managers and supervisors, her rates of pay and/or salary level(s) in all such jobs or positions, fringe benefits which she received or was eligible for in connection with all such jobs or positions, all other terms and conditions of employment associated with such jobs or positions, and documents reflecting evaluations or appraisals of Plaintiff's job performance in such jobs and positions, and, if applicable, the cessation of such employment. **Please sign and return a release for each of Plaintiff's employers at which she was employed as an attorney to release copies of Plaintiff's entire employment file and/or documents regarding the**

**employment of Plaintiff, including, but not limited to, correspondence, employment application(s), resume(s), business plans, invoices, pay slips, W-2 forms, 1099 forms, documents describing benefits received, and documents regarding any disciplinary actions.**

**RESPONSE TO REQUEST NO. 65**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case.

**REQUEST NO. 66**:

All documents, including emails and communications, personal diaries or notes, concerning Plaintiff's activities to transfer to another law firm work performed by L&K attorneys or matters or actions in which L&K represented any client or on which L&K had performed work.

**RESPONSE TO REQUEST NO. 66**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts. Plaintiff also objects to this request on the grounds that Defendants' counterclaims were dismissed in full on February 12, 2021 (Dkt. # 31) (*Miller v. Levi & Korsinsky, LLP*, 2021 WL 535599 (S.D.N.Y. Feb. 12, 2021).

**REQUEST NO. 67**:

All documents, including emails and communications, personal diaries or notes, concerning Plaintiff's activities and efforts to disparage and/or make unflattering statements regarding L&K, Korsinsky and/or Levi, during or after her employment at L&K.

**RESPONSE TO REQUEST NO. 67**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Plaintiff further objects to this request on the grounds that it is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts. Plaintiff also objects to this request on the grounds that Defendants' counterclaims were dismissed in full on February 12, 2021 (Dkt. # 31) (*Miller v. Levi & Korsinsky, LLP*, 2021 WL 535599 (S.D.N.Y. Feb. 12, 2021).

**REQUEST NO. 68**:

All documents concerning, in any way, Plaintiff's treatment by or consultation with any medical doctor, physician, psychologist, psychiatrist, social worker, mental health practitioner, chiropractor, pharmacist, physical therapist, counselor, nurse, hospital, clinic, or other health provider or practitioner of the healing arts (hereinafter, "Health Care Professional") for emotional health reasons (a) during the five-year period immediately preceding her employment with L&K, and (b) during her employment with L&K. Such documents shall include, without limitation, reports of doctors, physicians, psychiatrists, psychologists, counselors, social workers, medical groups or therapists; hospital reports and records; insurance claim forms, reports and records; employment-related forms, reports and records; and any and all invoices or bills, paid or unpaid, and canceled checks relating to any such treatment or therapy. **In addition to responding to this Request, please sign and return a HIPAA-compliant authorized release in the form provided as Exhibit A hereto for each such Health Care Professional, making sure to initial all items in section 9(a) that require Plaintiff s initials for the release of information.**

**RESPONSE TO REQUEST NO. 68**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request on the grounds that it such information is not proportional to the needs of the case. Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is claiming garden variety emotional distress damages and Defendants are not entitled to the release of such medical records. *Feltenstein v. City of New Rochelle*, 2018 WL 3752874, at *5 (S.D.N.Y. Aug. 8, 2018) ("Therefore, because Plaintiff merely asserts garden variety claims of emotional distress, she has not put her mental condition at issue, thus barring disclosure of the subject mental health records."); *Kunstler v. City of N.Y.*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007) ("[A] party does not put his or her emotional condition in issue by merely seeking incidental, 'garden variety,' emotional distress damages.").

**REQUEST NO. 69**:

All documents concerning treatment, therapy, or medical or psychological attention of any kind Plaintiff has received in connection with any mental or emotional distress damages that Plaintiff is claiming in this lawsuit. This Request is intended to include, without limitation, copies of any and all records reflecting treatment by any Health Care Professional. **In addition to responding to this Request, please sign and return a HIPAA-compliant authorized release in the form provided as Exhibit A hereto for each such Health Care Professional, making sure to initial all items in section 9(a) that require Plaintiff s initials for the release of information.**

**RESPONSE TO REQUEST NO. 69**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request on the grounds that it such information is not proportional to the needs of the case. Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is claiming garden

variety emotional distress damages and Defendants are not entitled to the release of such medical records. *Feltenstein*, 2018 WL 3752874, at *5; *Kunstler*, 242 F.R.D. at 264.

**REQUEST NO. 70**:

All documents concerning Plaintiff's application, receipt of, or attempts to receive, unemployment insurance benefits, social security disability benefits, workers' compensation benefits, or disability insurance benefits.

**RESPONSE TO REQUEST NO. 70**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this interrogatory on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case because Defendants' are not entitled to any off-set as a result of such public benefits. *Clark v. Gotham Lasik, PLLC*, 2013 WL 4437220, at *5 (S.D.N.Y. Aug. 20, 2013) (refusing to off-set backpay with unemployment payments); *Norris v. N.Y.C. Coll. of Tech.*, 2009 WL 3841970, at *1 (E.D.N.Y. Nov. 18, 2009) ("[D]istrict courts of this circuit have generally declined to make the deduction [of Title VII benefits from a back pay award] by invoking the collateral source rule."); *Shannon v. Fireman's Fund Ins. Co.*, 136 F. Supp. 2d 225, 232 (S.D.N.Y. 2001) (noting Second Circuit's preference that employer who terminated employee should not benefit from off-set of unemployment payments and declining to do so).

**REQUEST NO. 71**:

All documents showing Plaintiff's history of payments, salary, bonuses, incentives, awards, benefits, commissions and any other compensation or remuneration from January 1, 2016 to present, including, but not limited to, earnings or benefits statements (pay stubs), federal, state and local income tax returns, IRS Form W-2s and 1099s issued to Plaintiff between 2016 and the

present, plus all schedules, attachments, and other supporting documents.

**RESPONSE TO REQUEST NO. 71**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this interrogatory on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case such as, for example, income derived from other financial sources that have no bearing on Plaintiff's damages or this case. Without waiving these objections, Plaintiff did not earn any professional income or any payment for work that would mitigate her lost salary at L&K until she was hired at Cohen Milstein in 2019. However, as relevant for Plaintiff's damages, she will produce Cohen Milstein payroll information under separate cover and produces an L&K 2019 W-2 as bates 000692

**REQUEST NO. 72**:

All documents showing communications from any employer or other third party concerning any payments, salary, bonuses, incentives, awards, benefits, commissions and any other compensation or remuneration earned, awarded, granted, arranged and/or received by Plaintiff since March 28, 2019 and the basis for same.

**RESPONSE TO REQUEST NO. 72**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. See Response to Request No. 72.

**REQUEST NO. 73**:

All documents concerning the jobs and positions held by Plaintiff, her managers and supervisors, her rates of pay and/or salary level(s) in all such jobs or positions, fringe benefits which she

received or was eligible for in connection with all such jobs or positions, all other terms and conditions of employment associated with such jobs or positions, and documents reflecting evaluations or appraisals of Plaintiff's job performance in such jobs and positions, and, if applicable, the cessation of such employment.

**RESPONSE TO REQUEST NO. 73**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further object to this request on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and disproportionate to the needs of this case. Plaintiff will seek a protective order and all other appropriate relief if Defendants continue to seek improper, extreme and sweeping discovery as demanded herein.

**REQUEST NO. 74**:

All documents concerning Plaintiff's request for punitive damages and requests set forth in her unnumbered paragraph following Paragraph 166 of the Complaint (i.e., the "Prayer for Relief") for:

(a)  "monetary loss and damages, including Plaintiff's loss of past and future earnings, bonuses, compensation and other employment benefits;"

(b)  "damages to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury for each cause of action;"

(c)  "damages in an amount to be determined upon the trial of this matter to compensate Plaintiff for violations of her rights under Title VII, the Equal Pay Act, New York Equal Pay Law, the NYSHRL and the NYCHRL;"

(d)  "[a]n award of punitive damages to be determined at the time of trial for each cause of action;" and

(e)  "[a]n award of reasonable attorney's fees and costs related to Plaintiff's claims under Title VII, the Equal Pay Act, and the NYCHRL."

**RESPONSE TO REQUEST NO. 74**:

Plaintiff objects to this request on the grounds set forth in her general objections. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 5.

**REQUEST NO. 75**:

To the extent not otherwise produced in response to other requests, documents, including handwritten notes and/or tape recordings, concerning any communications, whether oral, written or electronically transmitted, between Plaintiff and any employee, agent, or representative of L&K, Korsinsky or Levi regarding the allegations in the Complaint, the defenses in the Answer or Plaintiff's employment with L&K.

**RESPONSE TO REQUEST NO. 75**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "documents, including handwritten notes and/or tape recordings, concerning any communications, whether oral, written or electronically transmitted, between Plaintiff and any employee, agent, or representative of L&K, Korsinsky or Levi" without specifying the particular documents being requested. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 5. Plaintiff will also produce any non-privileged audio recordings after initial depositions in this matter are complete.

**REQUEST NO. 76**:

To the extent not provided in response to the Requests above, all documents concerning any acts, practices or conduct directed at, or taken against, Plaintiff by L&K, its management, agents and/or employees, Levi and/or Korsinsky that were allegedly motivated by any lawful or non-business related purpose.

**RESPONSE TO REQUEST NO. 76**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning any acts, practices or conduct directed at, or taken against, Plaintiff" without specifying the particular documents being requested. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 77**:

Other than this action, all documents concerning claims, complaints, lawsuits, or charges filed or otherwise brought by Plaintiff in the last seven years.

**RESPONSE TO REQUEST NO. 77**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff further objects to this request on the grounds that it is overbroad, requests information that is irrelevant and disproportionate to the needs of this case and is not narrowed in scope to only include information relevant to Plaintiff's claims of discriminatory or retaliatory acts.

**REQUEST NO. 78**:

To the extent not otherwise produced, all documents, except those prepared by Plaintiff's counsel, including but not limited to, notes, statements, memoranda and/or diary entries, prepared by or on behalf of or in any way relating to Plaintiff, that pertain to, establish, support or contradict any of the allegations in Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 78**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope and burdensome and repetitive of

prior requests. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents.

**REQUEST NO. 79**:

All documents used by or relied upon in any way by Plaintiff in answering Defendants' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 79**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents used by or relied upon in any way by Plaintiff in answering Defendants' First Set of Interrogatories" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff refers to responsive documents previously produced at bates stamps 000001 – 000361.

**REQUEST NO. 80**:

All documents concerning affidavits, declarations or other statements from individuals with knowledge of the matters alleged in the Complaint.

**RESPONSE TO REQUEST NO. 80**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning affidavits, declarations or other statements from individuals with knowledge of the matters alleged in the Complaint" without specifying the particular documents being requested. Without waiving the foregoing objections, Plaintiff is not in possession of any such affidavits,

declarations or other statements.

**REQUEST NO. 81**:

All documents that substantiate, form the basis of, refute, or otherwise concern the relief Plaintiff seeks in the Complaint, which was set forth in greater detail in response to Interrogatory No. 2(b) of the Pilot Discovery Protocols for Counseled Cases, including but not limited to documents concerning the alleged economic damages suffered by Plaintiff, including the "$300,000 for referral fee on Amalgamated Bank after termination due to Mr. Korsinsky's threats to Mark regarding McKesson."

**RESPONSE TO REQUEST NO. 81**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents that substantiate, form the basis of, refute, or otherwise concern the relief Plaintiff seeks in the Complaint" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 5.

**REQUEST NO. 82**:

All documents, including emails, concerning any referral fees or free arrangements Plaintiff discussed and/or entered into with individuals not employed at L&K for inducing the transfer or removal of client activity from L&K.

**RESPONSE TO REQUEST NO. 82**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents, including emails, concerning any referral fees or free arrangements Plaintiff discussed and/or

entered into with individuals not employed at L&K for inducing the transfer or removal of client activity from L&K" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff produces responsive documents bates stamped 000562 – 000572 and 000594 – 000596.

**REQUEST NO. 83**:

To the extent not provided in response to the Requests above, documents that concern, relate to, establish or contradict Plaintiff's allegations that she was retaliated against or discriminated against by Defendants.

**RESPONSE TO REQUEST NO. 83**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "documents that concern, relate to, establish or contradict Plaintiff's allegations that she was retaliated against or discriminated against by Defendants" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 5.

**REQUEST NO. 84**:

To the extent not provided in response to the Requests above, documents that concern, relate to, establish or contradict Plaintiff's allegations that Defendants breached a contract with Plaintiff regarding the payment of vacation days.

**RESPONSE TO REQUEST NO. 84**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects

to this request on the grounds that it is overly broad in scope by requesting "documents that concern, relate to, establish or contradict Plaintiff's allegations that Defendants breached a contract with Plaintiff regarding the payment of vacation days" without specifying the particular documents being requested. Without waiving these objections, Plaintiff will produce any relevant non-privileged documents pursuant to the Parties' ESI agreement and otherwise has been unable to locate any further responsive documents and further directs Defendants to bates 00046-000130.

**REQUEST NO. 85**:

To the extent not provided in response to the Requests above, all documents concerning (a) any alleged acts, practices or conduct directed at or taken against Plaintiff by L&K, its management, agents and/or employees, Korsinsky and/or Levi which were allegedly motivated by any discriminatory, unfair, unlawful, retaliatory or non-business related purpose; and (b) any allegations contained in Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 85**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff objects to this request on the grounds that it is overly broad in scope by requesting "all documents concerning (a) any alleged acts, practices or conduct directed at or taken against Plaintiff by L&K, its management, agents and/or employees, Korsinsky and/or Levi which were allegedly motivated by any discriminatory, unfair, unlawful, retaliatory or non-business related purpose; and (b) any allegations contained in Plaintiff's Complaint" without specifying the particular documents being requested. Plaintiff further objects to this request to the extent that it seeks information equally available to Defendants. Without waiving the foregoing objections, Plaintiff responds as follows: See Response to Request No. 5.

**REQUEST NO. 86**:

Defendants reserve the right to inspect each laptop computers, tablets, notebooks, smartphone or cell phone devices, instant messaging systems, flash drives, thumb drives, hard drives, backup tapes, memory cards, digital cameras, "floppy disks," diskettes, archives, or other electronic-based information depositories and any other device used for voice, data, cloud, cellular, telephonic, email, text, instant message, and other computer-based information, social media postings and any other electronic data transmission or storage computer (desktop or laptop), tablet, smartphone, cellular telephone, kindle, memory card or other electronic device that stores information that Plaintiff has possessed or used since August 15, 2016.

**RESPONSE TO REQUEST NO. 86**:

Plaintiff objects to this request on the grounds set forth in her general objections. Plaintiff will produce ESI in accordance with the ESI agreement.

Dated:      New York, New York
            December 22, 2021

                              _____
                              **MADUEGBUNA COOPER, LLP**
                     By:      Samuel O. Maduegbuna, Esq. (SM 6084)
                              Attorneys for Plaintiff AMY MILLER
                              30 Wall Street, 8th Floor
                              New York, NY 10005
                              (212) 232-0155


To:      Epstein Becker & Green P.C.
         Attorneys for Defendants
         875 Third Avenue
         New York, NY 10022

         Attention:      Allen B. Roberts, Esq.
                         Lori A. Medley, Esq.

- 51 -

## DECLARATION OF SERVICE

I, SAMUEL O. MADUEGBUNA, served the foregoing **PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** by causing a copy to be delivered by ELECTRONIC MAIL on December 22, 2021, to:

> To:  Epstein Becker & Green P.C.
>        Attorneys for Defendants
>        875 Third Avenue
>        New York, NY 10022
>
>        Attention:   Allen B. Roberts, Esq.
>                         Lori A. Medley, Esq.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:  New York, New York
          December 22, 2021

_____
SAMUEL O. MADUEGBUNA, ESQ.