

EPSTEIN
BECKER
GREEN

Attorneys at Law

Allen B. Roberts
t  212.351.3780
f  212.878.8600
ARoberts@ebglaw.com

Plaintiff shall submit a response on or
before January 14, 2022.

SO ORDERED.

*Loretta A. Preska*

1/11/2022

January 10, 2022

ECF

Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

  Re: *Amy Miller v. Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*
    Civil Action No. 1:20-cv-01390-LAP-BCM

Dear Judge Preska:

  By this letter-motion for a pre-motion discovery conference, Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky ("Korsinsky") and Joseph Levi ("Levi") (collectively, "Defendants") request an informal conference with the Court pursuant to the Court's Individual Practices and Local Civil Rule 37.2 seeking an order compelling production of documents at the heart of certain essential claims pleaded by Plaintiff Amy Miller ("Plaintiff").

  Confronted by the dilemma that her tactical pleadings of pay inequality may be contradicted, Plaintiff persists in wrongfully withholding from Defendants relevant documents concerning the compensation she received from the new employer she obtained after a thorough search of market opportunities as she shopped L&K's cases, processes and associates, and disparaged L&K, both internally and in the close community of law firms, prospective employees and clients within L&K's practice area before her employment was terminated.  (*See* Defendants' Answers, Defenses and Counterclaims, ECF No. 19, ¶¶ 102, 196).  In the circumstances, Plaintiff may not deprive Defendants of the opportunity to debunk the shock value of Plaintiff's specious claims by concealing requested documents concerning compensation she received, including bonuses, supplements or changes in base pay.

  Additionally, by refusing disclosures and execution of HIPAA-compliant release authorizations for the healthcare professionals she consulted, Plaintiff obstructs Defendants' legitimate inquiry into whether her pleading and assertion of substantial emotional distress damages has any legitimate basis or connection to anything associated with Defendants, or instead is either not valid or attributable entirely to unrelated personal or business investment factors of her domestic or other activities or relations.

Honorable Loretta A. Preska, U.S.D.J.
January 10, 2022
Page 2

      1.   Defendants' Document Request Nos. 71 and 72

Plaintiff's contentions of entitlement to damages because an objective but unwelcoming market apparently valued her talent and worth at less than Defendants were paying her (*see* ECF No. 1, Complaint WHEREFORE Clause ¶ b. at p. 24) – even as she shopped her attractiveness based on the fee potential of L&K cases and clients – is no justification for Plaintiff's intransigent refusals to produce documents responsive to Defendants' First Request for the Production of Documents served September 28, 2021 ((ECF No. 53-1) each, "Defendants' Document Request"). Defendants' Document Request No. 71 seeks "documents showing Plaintiff's history of payments, salary, bonuses, incentives, awards, benefits, commissions and any other compensation or remuneration from January 1, 2016 to present, including, but not limited to, earnings or benefits statements (pay stubs), federal, state and local income tax returns, IRS Form W-2s and 1099s issued to Plaintiff between 2016 and the present, plus all schedules, attachments, and other supporting documents." (*See* ECF No. 53-1).  Although Plaintiff initially refused any responsive production whatsoever to Defendants' Document Request No. 71, she modified her position minimally after receiving deficiency letters from Defendants on November 16 and December 14, representing in Plaintiff's Supplemental Responses and Objections to Defendants' First Request for the Production of Documents dated December 22, 2021 that "she will produce Cohen Milstein payroll information under separate cover and produces an L&K 2019 W-2 as bates 000692." (*See* ECF No. 53-1).  Defendants' Document Request No. 72 seeks "documents showing communications from any employer or other third party concerning any payments, salary, bonuses, incentives, awards, benefits, commissions and any other compensation or remuneration earned, awarded, granted, arranged and/or received by Plaintiff since March 28, 2019 and the basis for same." (*See* ECF No. 53-1).  Plaintiff responded with no production and an evasive statement referring enigmatically to a response to the very same request.  (*Id*.).

Since first objecting on October 28, 2021, and supplementing responses on December 22, 2021, Plaintiff participated with Defendants in a January 7, 2022 meet and confer, during which Plaintiff refused to provide requested assurance that withheld documents, other than inadequate W-2s, would be forthcoming. While Plaintiff produced W-2 forms from Plaintiff's current employer for 2019 and 2020 on January 10, Plaintiff otherwise has not made compliant production responsive to Defendants' Document Request Nos. 71 and 72, and she refuses to commit to production of wrongfully withheld documents of central relevance to claims and defenses.

Despite the clarity of Defendants' ongoing requests for uncontroversial earnings information focused on damages claims and mitigation, and Defendants' deficiency letters and attempts at good faith resolution by meeting and conferring, Plaintiff has remained obstinate from the outset, objecting to Defendants' document production requests and producing a 2019 offer letter and W-2s as the only communications from her employer about her compensation, but no other compensation-related documents or communications showing requested earnings information and context for the portion of 2019 after her L&K employment ended or for all of the full years 2020 and 2021.

Honorable Loretta A. Preska, U.S.D.J.
January 10, 2022
Page 3

Plaintiff has no justification for evading her obligation to produce documents that will enable Defendants to discover information about her earnings as they relate to claims, defenses, damages and mitigation in this action in which Plaintiff nominally seeks millions of dollars in damages – if she were able to establish liability.

2.   Defendants' Interrogatory No. 19 and Document Request Nos. 68 and 69

Plaintiff has pleaded that she has suffered and continues to suffer from "severe emotional distress, lasting embarrassment, humiliation, and anguish, as well as other incidental and consequential damages and expenses" as a further proximate result of Defendants' actions. (ECF No. 1, Complaint ¶ 113).  On May 7, 2021, Plaintiff quantified the amount of her emotional distress damages claim at $100,000, reserving the right to increase that amount by identifying additional damages,[1] and as recently as September 27, 2021, averred that "ongoing" damages purportedly suffered by Plaintiff include "severe emotional distress, lasting embarrassment, humiliation and anguish."[2]  Defendants' Interrogatory No. 19, seeking the identity and services of healthcare providers for baseline and employment periods in connection with suffering pleaded by Plaintiff[3] and Document Request Nos. 68 and 69 (*see* ECF No. 53-1) and the accompanying customary request for HIPAA-compliant authorizations go squarely to that pleading.  Plaintiff now ignores her own contradictory positions and discovery responses and trivializes as "garden variety" her pleading and damages estimates with the transparent expedience of her attempted backdoor recantation and disavowal to unilaterally deprive Defendants of the opportunity to receive discovery responses concerning her dubious Complaint allegations and previous assertions, and reasons for changing the position she maintained unwaveringly for more than a year and a half after commencing this action with the Complaint allegations.

For the reasons set forth herein and in accordance with Local Civil Rule 37.2, Defendants respectfully request that the Court grant an informal pre-motion discovery conference to address the issues raised in this letter.

Respectfully,

*/s/Allen B. Roberts*

Allen B. Roberts

cc:   All counsel of record via ECF

---

[1] Pursuant to Local Civil Rule 5.1, *see* Plaintiff's Responses to the Pilot Discovery Protocols for Counseled Employment Cases, Response to Interrogatory No. 2(b), attached as Exhibit 1.

[2] Pursuant to Local Civil Rule 5.1, *see* "Initial Computation of Any Category of Damages, etc." of Plaintiff's Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1), attached as Exhibit 2.

[3] Pursuant to Local Civil Rule 5.1, *see* Plaintiff's Amended Responses and Objections to Defendants' First Set of Interrogatories, attached as Exhibit 3.