

EPSTEIN
BECKER
GREEN

Attorneys at Law

Allen B. Roberts
t  212.351.3780
f  212.878.8600
ARoberts@ebglaw.com

January 12, 2022

ECF FILING – REDACTED PER ORDER

Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:   *Amy Miller v. Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*
      *Civil Action No. 1:20-cv-01390-LAP-BCM*

Dear Judge Preska:

Pursuant to the Court's January 12, 2022 Order (ECF No. 58), this response to the motion by Plaintiff Amy Miller ("Plaintiff") for a protective order (ECF No. 53) is filed on behalf of Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky ("Korsinsky") and Joseph Levi ("Levi") (collectively, "Defendants") as a redacted document with a companion unredacted filing under seal.  Plaintiff has moved for a protective order with respect to "four discoverable audio recordings."  (ECF No. 53).  However, Plaintiff has kept Defendants in the dark as to the actual number of audio recordings she possesses that are responsive to discovery requests.  In Plaintiff's Supplemental Responses and Objections to Defendants' First Request for the Production of Documents dated December 22, 2021 (ECF No. 53-1) ("Plaintiff's Supplemental Responses").  Plaintiff avers eight times that she possesses supportive revealing audio recordings – but defiant of Rule 26 – she intransigently withholds them, asserting that they will be held hostage until certain depositions have been completed.  (Plaintiff's Supplemental Responses to Request Nos. 16, 21, 31, 40, 41, 55, 56 and 75).[1]  Plaintiff's motion should be denied in its entirety and Plaintiff should be ordered to produce immediately and prior to the commencement of any depositions all audio recordings in her possession, and not only "four discoverable audio recordings" of Korsinsky.

Although Plaintiff was aware ████████████████████████████████ (PLF ESI 0000248 attached as Ex.1), and ████████████████████████████ ( *see* PLF ESI 0000547 attached as Ex. 2), "Confidential"

---

[1]  Plaintiff's Supplemental Responses refer obliquely to post-deposition production of "any non-privileged audio recordings after initial depositions in this matter are complete" (Plaintiff's Supplemental Responses to Request Nos. 16, 21, 31, 34, 40, 41, 55, 56 and 75), but it is unclear from Plaintiff's Privilege Log if any audio recordings are listed in the Privilege Log.

Honorable Loretta A. Preska, U.S.D.J.
January 12, 2022
Page 2

emails show her █████████████████████████████████████████
██████████████████████████████████████████████████████████
Knowing there was no case for pay inequality or caregiver-status discrimination, Plaintiff
produced documents in which she describes ███████████████████
███████████████████████████████████████████ (*See* PLF ESI
0001366 attached as Ex. 3 ██████████████████████████████████
PLF ESI 0001786 attached as Ex. 4 ████████████████████
███; PLF ESI 0002767 attached as Ex. 5 ██████████████
████████████████████.

        Plaintiff's "Confidential" emails reveal how ████████████
███████████████████████████████████████████████████████████
(*See* PLF ESI 0001051 attached as Ex. 6 ██████████████████
██████████████████; PLF ESI 0001366 attached as Ex. 3
████████████████████; PLF ESI 0001947 attached as Ex. 7 ████
██████████████████████████████████████████████
        In essence, Plaintiff ████████████████████████
████████( *See* Plaintiff's Responses to the Pilot Discovery Protocols for Counseled Employment
Cases, Response to Interrogatory No. 2(b) (ECF 55-1); Plaintiff's Amended Responses and
Objections to Defendants' First Set of Interrogatories, Response to Interrogatory No. 14 (attached
pursuant to Local Civil Rule 5.1 as Ex. 8)).  Neither Fed. R. Civ. P. Rule 11 nor sound,
dispassionate governing case authority promotes, tolerates or condones such posturing.

        Contrary to Plaintiff's unsubstantiated assertions, authority within the Second Circuit
demonstrates that Plaintiff has no reason to hold her audio recordings hostage.  "[A] party is not
free to unilaterally withhold production without court authorization," but instead must move for a
protective order *and* establish the need for the protective order by showing good cause for the
requested protection.  *Gordon v. Target Corp.*, 318 F.R.D. 242, 244-45 (E.D.N.Y. 2016).  As
established by *Ampong v. Costco Wholesale Corp.*, No. 1:21-cv-02049 (CM)(SDA), 2021 WL
3159757, at *2 (S.D.N.Y. July 27, 2021), courts require a party's fulfillment of the Rule 26
standards by showing good cause for the requested withholding of responsive discovery:

            The burden of showing good cause for the issuance of a protective
            order falls on the party seeking the order. *See Brown v. Astoria Fed.
            Sav. & Loan Ass'n*, 444 Fed. App'x 504, 505 (2d Cir. 2011). "To
            establish good cause under Rule 26(c), courts require a particular
            and specific demonstration of fact, as distinguished from
            stereotyped and conclusory statements." *Jerolimo v. Physicians for
            Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)

Honorable Loretta A. Preska, U.S.D.J.
January 12, 2022
Page 3

Plaintiff's unsubstantiated motion fails the showing necessary for a protective order.  Under Rule 26(c), "[o]pen discovery is the norm.  Gamesmanship with information is discouraged and surprises are abhorred.  Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes."  *Rofail v. U.S.A.*, 227 F.R.D. 53, 55 (E.D.N.Y. 2005).  A mere conclusory contention that a witness may tailor testimony does not confer a unilateral right to withhold the audio recordings in Plaintiff's possession or render Plaintiff worthy of a protective order.  *Gordon*, 318 F.R.D. at 245-46.  Moreover, "because plaintiff recorded her conversation with the defendants without their knowledge, there is a heightened justification for producing the tape recordings to the defendants in advance of their depositions."  *Costa v. Afgo Mechanical Services, Inc.*, 237 F.R.D. 21, 26 (E.D.N.Y. 2006).  A party whose conversation was secretly recorded "should not be subjected to a deposition, the partial purpose of which is simply to create inconsistencies or otherwise set up impeachment in [the defendants'] testimony, without [the defendant] having had a chance to review the tapes—the same opportunity that [plaintiff] had prior to her deposition."  *Id.*, at 25 (citation omitted).

Embedded in Plaintiff's protective order motion is an additional, extraneous request that the Korsinsky deposition precede Plaintiff's.  (ECF No. 53 at 3).  Defendants first learned about Plaintiff's desire to delay Plaintiff's deposition until after the Korsinsky deposition by reading her instant motion for a protective order concerning audio tapes.  There was no meet and confer on the topic.  That request, not properly before the Court, should be denied.  Without protest from Plaintiff, Defendants had noticed Plaintiff's deposition on September 28, 2021 for December 7, 2021 so it would precede any depositions by Plaintiff.  Pending receipt of discovery responses, the parties agreed to postpone all depositions.  On December 14, 2021, Defendants wrote to Plaintiff concerning deficiencies previously noted in a November 16 deficiency letter and repeated their demand that "[those] deficiencies be remedied immediately so depositions may proceed promptly, commencing with Plaintiff's deposition at an early date to be rescheduled mutually."  The parties participated in a meet and confer in apparent good faith at 10:30 AM on January 7, 2022, a few hours before Plaintiff filed the instant motion, and discussed rescheduling Plaintiff's deposition for January 21 or 24, concluding with an expectation that Plaintiff would respond.  To the extent Plaintiff's request for priority of deposition is considered an element of the instant motion, it should be denied for Plaintiff's failure to meet and confer as required by Fed. R. Civ. P. 37, in addition to its lack of merit.

For the reasons set forth herein and in accordance with Local Civil Rule 37.2, Defendants respectfully request that the Court deny Plaintiff's motion and direct Plaintiff to produce the four audio recordings that are expressly referenced in her motion and any others she is withholding.

Respectfully,
*/s/Allen B. Roberts*
Allen B. Roberts