**MADUEGBUNA COOPER LLP**
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
TEL: (212) 232-0155
FAX: (212) 232-0156

January 13, 2022

**VIA ELECTRONIC FILING (ECF)**
Honorable Loretta A. Preska
500 Pearl Street, Room 2220
New York, New York 10007

*Amy Miller v. Levi & Korsinsky, LLP, et al.*
**Docket No. 1:20-cv-01390 (LAP)(BCM)**

Dear Judge Preska:

      We represent Plaintiff, Amy Miller, and write in opposition to the pre-motion letter filed pursuant to S.D.N.Y Local Rule 37.2 filed by Defendants Levi & Korsinsky LLP, Eduard Korsinsky and Joseph Levi (collectively, "Defendants"). (Dkt. # 55, dated Jan. 10, 2022).

      Defendants have failed to show any relevancy or a compelling need for financial data beyond the W-2s and salary information produced. Second, Plaintiff's garden-variety emotional distress damages have not put her medical history in issue. Plaintiff also cross-moves for a protective order preventing Defendants from asking irrelevant questions about her medical history under Fed.R.Civ.P. 26(c) during her deposition.

    **1. Defendants Are Not Entitled to Overbroad Financial Discovery and Tax Returns**

      Plaintiff has provided sufficient discovery to support her backpay damages by providing W-2s and an offer letter detailing her compensation at Cohen Milstein. Defendants are not entitled to tax returns in response to Request No. 71 or "all documents showing any communications from any employer" about pay in Request No. 72. See **Ex. 1**.

      Plaintiff was unlawfully terminated from L&K as a partner on March 28, 2019. In mitigating her damages, Plaintiff received an offer from Cohen Milstein on May 15, 2019 in an "of counsel" position with a lower base salary than L&K. Due to conflict waiver issues, Plaintiff could not start working at Cohen Milstein until July 2019. Between L&K and Cohen Milstein, Plaintiff did not have any other employment or receive a salary. Plaintiff produced her offer letter from Cohen Milstein that provides her salary and also produced her W-2s from 2019 and 2020, with 2021 forthcoming when available. Plaintiff provided W-2s after re-assessing that her back-pay damages continued at Cohen Milstein, not because of Defendants' deficiency letters, which overlooked that Plaintiff had initially ended her backpay damages in July 2019.

Discovery of tax returns "presents a delicate situation" where "the requesting party bears the burden of establishing both relevancy and a compelling need for the tax returns." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018). To compel discovery of tax returns, "a two-pronged test must be met: first, the court must find that the returns are relevant []; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015).

Here, Defendants do not show relevancy or a compelling need for tax returns. In failing to meet the first prong, Defendants' pre-motion letter does not explain why they need tax returns or cite any legal support. Instead, Defendants tout their since dismissed counterclaims and claim Plaintiff is "concealing requested documents." Defendants put the cart before the horse. They have not established that any documents beyond the offer letter and W-2s are relevant. Defendants can determine backpay damages by comparing Plaintiff's L&K W-2s against her Cohen Milstein offer letter and W-2s. *Babbitt*, 2019 WL 3296984, at *9 (denying demand for plaintiff's tax returns where W-2s and pay stubs were produced sufficient to show backpay damages); *Carmody v. Village of Rockville Ctr.*, 2007 WL 2042807, at *3 (E.D.N.Y. July 13, 2007) (denying motion to compel plaintiff's tax returns because W-2s showed lost earnings); *Shannon v. Liberty Mut. Group Inc.*, 2021 WL 2644742, at *8 (D. Conn. June 28, 2021) (denying request for tax returns where plaintiff provided efforts to obtain employment and W-2s).

Defendants' demand for tax returns is also overbroad because they contain irrelevant financial information beyond wages (contained in W-2s). *Gattegno v. Pricewaterhouse, LLP*, 205 F.R.D. 70, 74 (D. Conn. 2001) (denying discovery of tax returns because they contain non-relevant data like "taxable interest, dividend income, tax credits, real estate rental income, deductions and partnership and other income."). Since this data is not at issue, no compelling need can be shown.

Defendants fail to meet the second prong because they can obtain financial information of lost earnings from Plaintiff's deposition, which they have not taken yet. *Carmody*, 2007 WL 2042807, at *3; *Raba v. Suozzi*, 2007 WL 81932, at *2 (E.D.N.Y. Jan. 9, 2007) (refusing to compel tax returns when plaintiff had yet to be deposed concerning lost earnings which was a less intrusive discovery means). More fundamentally, Defendants have no compelling need for tax returns because the W-2s and offer letter provide all necessary data. The same is true of Request No. 72 seeking every single piece of paper from her current employer about pay. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding "request for 'any and all' documents .. is inherently overbroad"). Finally, while Plaintiff's Rule 26 stated "she may" rely on tax returns, her amended disclosure removed that reference. Accordingly, Defendants' motion should be denied because Plaintiff's W-2s and offer letter suffice.

2. **Defendants' Motion to Compel Medical Records Must be Denied**

In seeking medical documents, Defendants' motion should be denied because in moving to compel responses to Requests Nos. 68-69 and Interrogatory No. 19 they failed to provide the discovery demands as required by S.D.N.Y. Civil Local Rules 5.1 and 37.1.

Plaintiff has never claimed that she will support her claim for emotional distress with medical testimony. Though Defendants latch onto the word "severe," Plaintiff's discovery responses clarified that she only seeks "garden variety" emotional distress damages. *See* **Ex. 2**.

Caselaw firmly supports Plaintiff's position that asserting garden-variety emotional distress does not waive the therapist-patient privilege. *Feltenstein v. City of New Rochelle*, 2018 WL 3752874, at *5 (S.D.N.Y. Aug. 8, 2018) ("Therefore, because Plaintiff merely asserts garden variety claims of emotional distress, she has not put her mental condition at issue, thus barring disclosure of the subject mental health records."); *Misas v. N.-Shore Long Island Jewish Health System*, 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016); *Kunstler v. City of N.Y.*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007); *see also Basile v. City of New York*, 2019 WL 4572812, at *2 (S.D.N.Y. Sept. 20, 2019) (codifying garden variety rule in S.D.N.Y. Local Rule 83.10 Plan for Certain § 1983 Cases where medical releases not required).

Given her garden-variety claims, Plaintiff has not waived the therapist-patient privilege and Defendants are not entitled to medical records. *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 121 (W.D.N.Y. 2009). To avoid confusion, Plaintiff's amended Rule 26 initial disclosure of January 12, 2022 removed the word "severe" and added "garden variety." Next, Defendants wrongly imply that Plaintiff estimating her emotional distress damages at $100,000 makes medical records discoverable. (Defs. at 3.) Garden variety claims support damage awards over $100,000. *Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012); *Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 320 (S.D.N.Y. 2018). Moreover, outside the therapist-patient privilege, Plaintiff has not waived her privacy interest in medical records by putting into issue her physical condition. *Misas*, 2016 WL 4082718, at *4 (finding no waiver of medical privacy when physical condition not put into issue by plaintiff's garden variety emotional distress claims).

Given their motion's lack of legal support, Defendants' goal is to exploit Plaintiff's private medical history in hopes of embarrassing her. Request No. 68 has no connection to emotional distress damages in this case by seeking "all documents" of medical records relating to "emotional health" five years **before** she started at L&K. *See* **Ex. 2**. Courts have blocked defendants from such baseless medical discovery. *Misas*, 2016 WL 4082718, at *4 (denying Epstein Becker's client disclosure of medical records to find alternative triggers of plaintiff's emotional distress like "sexual assaults, miscarriages, and incidents of sexually transmitted diseases in Plaintiffs' past" where plaintiff sought garden variety damages). Accordingly, Defendants' motion should be denied with an order precluding Defendants from asking medical questions at her deposition.

### 3. Conclusion

We request that the Court deny Defendants' motion and issue a protective order preventing Defendants from asking irrelevant questions about Plaintiff's medical history at her deposition.

Respectfully Submitted,

*/s/ Samuel O. Maduegbuna*

Samuel O. Maduegbuna

cc: all counsel of record (*via* ECF)