UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMY MILLER,

                    Plaintiff,

 -against-

LEVI & KORINSKY, LLP, EDUARD
KORINSKY, AND JOSEPH LEVI,

                    Defendants.

---

No. 20 CV 1390 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are (1) Plaintiff's motion for a temporary
protective order delaying the production of certain audio
recordings until after Defendant Korinsky's deposition (dkt. no.
53) and (2) Defendants' motion to compel the production of
certain materials relating to Plaintiff's compensation and claim
of emotional damages (dkt. no. 56).  The Court considers both
motions to be fully briefed.  For the reasons that follow,
Plaintiff's motion for a temporary protective order is GRANTED,
and Defendants' motion to compel is GRANTED IN PART.

   1.   **Plaintiff's Motion for a Temporary Protective Order**

    Plaintiff filed her motion for a temporary protective order
on January 7, 2022 (dkt. no. 53), Defendants opposed on January
12(dkt. no. 59), and Plaintiff submitted a reply on January 13
(dkt. no. 63).

    According to Plaintiff, she is in possession of four audio
recordings of meetings from the first quarter of 2019 between

1

Plaintiff and, among others, Defendant Korinsky.  Plaintiff
seeks a temporary protective order permitting her to withhold
production of these audio recordings until after Mr. Korinsky's
deposition to ensure that his testimony at deposition reflects
his own recollections and is not tailored to statements made in
the recording.

Although there is a strong presumption in favor of open
discovery, and although there may be a "heightened
justification" required in circumstances involving one-way audio
recordings, see Costa v. Afgo Mechanical Servs., Inc., 237
F.R.D. 21, 26 (E.D.N.Y. 2006), courts within this circuit "have
delayed the production of audio or video tapes prior to one or
more depositions in order to prevent the defendant or its
witnesses from tailoring their testimony to conform with their
prior recorded statements or actions," Poppo v. AON Risk
Services, Inc., 2000 WL 1800746, at *2 (S.D.N.Y. Dec. 6, 2000)
(collecting cases).  Defendants claim that Plaintiff's request
is supported only by "conclusory" assertions and lacks the
"particular and specific demonstration of fact" required for a
showing of good cause.  (Dkt. No. 59 at 2-3.)  Plaintiff asserts
that she has a compelling interest in Mr. Korinsky's
"unrefreshed recollection of key conversations," which interest
is buttressed by "Defendants' continued . . . demand for audio
of conversations they participated in."  (Dkt. No. 53 at 3.)

Plaintiff has met her burden of establishing good cause for a temporary protective order under Rule 26(c).  Plaintiff's request is consistent with this court's truth-seeking function.  Moreover, Plaintiff's request is narrowly tailored to achieve her stated interest in an unrefreshed deposition of Mr. Korinsky.

Accordingly, Plaintiff's request for a temporary protective order is GRANTED.  The deposition of Mr. Korinsky shall be scheduled before the deposition of Ms. Miller.  This temporary protective order will expire 48 hours after Mr. Korinsky signs his deposition transcript.  Ms. Miller shall produce the audio recordings to Defendants within that 48-hour period, and Ms. Miller's deposition shall be scheduled to provide Defendants with sufficient time to study the recordings before her deposition.

### 2.  Defendants' Motion to Compel

Defendants filed their motion to compel on January 10, 2022 (dkt. no. 55), Plaintiff opposed on January 13 (dkt. no. 62), and Defendants submitted a reply on January 14 (dkt. no. 64).

Defendants move to compel the production of two categories of documents relating to Plaintiff's claim to damages: (1) discovery relating to Plaintiff's claimed financial damages and mitigation, and (2) discovery relating to Plaintiff's claimed emotional damages.

3

As to the first category (financial damages), Defendants contend that Plaintiff has produced W-2 records but has otherwise failed to produce discoverable material.  According to Plaintiff, her production of W-2s and an offer letter detailing her current compensation is sufficient.  Plaintiff challenges Defendants' request for production of her tax returns on the ground that such discovery is disfavored and that any relevant information contained in her tax returns is already available to Defendants.

Even assuming that Plaintiff's tax returns would be relevant, Defendants have failed to establish a compelling need for her returns, and to that extent Defendants' motion is denied.  See Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 11 (S.D.N.Y 2015).  Plaintiff need not produce her tax returns to Defendants.

Defendants have, however, met their burden with respect to their request to compel documents, such as paystubs, sufficient to show the breakdown of Plaintiff's compensation into salary, bonus, incentives, rewards, etc., and Plaintiff shall do so.  In addition, Plaintiff shall provide a statement under oath that the documents produced reflect all of her income, in whatever form, from her professional practice.  To that extent, Defendants' motion to compel is granted.

As to the second category (emotional distress damages), Defendants contend that Plaintiff asserts "severe emotional distress," as opposed to "garden variety" emotional distress. As a result, Defendants seek medical records supporting her claim of "severe" emotional distress.  Plaintiff responds that she removed the word "severe" from her initial disclosures, seeks damages only for garden variety emotional distress, and does not intend to support her claim for emotional distress with medical testimony.

In light of Plaintiff's concessions, the motion to compel this category of documents is denied, subject to Plaintiff's providing a statement under oath that (1) the damages she seeks are limited only to garden variety emotional distress and (2) she will not refer to or attempt to introduce any evidence regarding any therapy or psychological attention or diagnosis in attempting to prove her alleged emotional distress damages.

### 3.  Conclusion

For the foregoing reasons, Plaintiff's request for a temporary protective order (dkt. no. 53) is GRANTED, and Defendant's motion to compel (dkt. no. 55) is GRANTED IN PART.

Counsel shall confer and inform the Court by letter when the depositions of Plaintiff and Mr. Korinsky will be conducted.

The Clerk of the Court is respectfully directed to mark these motions (dkt. nos. 53, 55) as closed.

**SO ORDERED.**

Dated:      January 26, 2022
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge