# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

February 22, 2022

**VIA ELECTRONIC CASE FILING**
The Honorable Loretta A. Preska
United States District Judge
500 Pearl Street
New York, NY 10007-1312

        **Re:**   *Amy Miller v. Levi & Korsinsky, LLP, et al.*
                **Docket No.: 20-cv-01390(LAP)(BCM)**

Dear Judge Preska:

      We represent the Plaintiff Amy Miller and write to request a pre-motion conference regarding our proposed motion to quash the overbroad and unnecessary subpoena Defendants served on non-parties Bruce Litvin and Windsor Consultants, Inc. on December 21, 2021 with a return date of January 26, 2022. *See* **Ex. 1**. The subpoena in 12 separate requests sought the production of all manner of documents and communications concerning Plaintiff's employment with Defendants and her job placement efforts.

      On February 7, 2022, we emailed Defendants a detailed letter requesting that they withdraw the subpoena. On February 18, 2022, Defendants provided a letter that was faxed from Mr. Litvin in which he summarized his law firm placement or "headhunter" work for Plaintiff without producing any documents. Since Defendants never responded to our February 7 letter or withdrew the subpoena, we are writing the Court to ensure that the subpoena is quashed and no further attempts are made to force Mr. Litvin's compliance with onerous document demands.

      **1.  Defendants' Subpoena Should be Quashed Because it is Overbroad and Plaintiff Provided the Documents Already, which have Marginal Relevance to this Case**

      As an initial matter, Plaintiff has standing to quash because Defendants are seeking her private and financial information in the subpoena, which she has a personal right and privilege to protect. *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009).

      Second, the information sought about Plaintiff's job search is not material. There is no dispute that Plaintiff was looking for a new job after L&K denied her equal pay and began

*Miller v. L&K, et al.*
February 22, 2022
Page 2 of 2

sabotaging her cases and settlements. Defendants even claim they knew about her job search, though they could not testify to any non-speculative facts on this issue. Defendant Levi testified that he did not care if Plaintiff was looking for a job. Thus, the information is not relevant or material to this action and can be quashed on those grounds alone, particularly when it burdens a non-party like Mr. Litvin. *Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) ("A subpoena that pursues material with little apparent or likely relevance to the subject matter ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous.").

Third, Defendants' non-party subpoena is unnecessary because the information can be and has been provided by Plaintiff through Defendants' discovery requests. The duplicative subpoena should, therefore be quashed. *Rossman v. EN Engr., LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative.") (collecting cases); *Atlas Industrial Contractors LLC v. In2Gro Technologies LLC*, 2020 WL 1815718, *3 (S.D. Ohio 2020) ("As part of the undue burden analysis, courts within this Circuit have generally not required production by a non-party when the same documents are available from a party."); *see also Roth v. Cty. of Nassau*, 2017 WL 75753, at *6 (E.D.N.Y. Jan. 6, 2017) (quashing subpoena of nonparty as to documents relating to plaintiff's "current compensation and benefit information" in disability discrimination action where such records could be requested from plaintiff).

Notably, Defendants sent the subpoena out for service on Mr. Litvin on December 21, 2021 at 8:36 PM without waiting to receive Plaintiff's ESI and supplemental production that they knew was due the next day, December 22, 2021, pursuant to the Court's updated scheduling order. (Dkt. # 52.) Defendants did not act reasonably in doing this. They should have waited to see if there were deficiencies in Plaintiff's responses before subpoenaing Mr. Litvin for documents that have little to no true relevance. Instead, Defendants bombarded him with 12 document demands that seek every single scrap of paper, electronic file or communication imaginable. *N'Diaye v. Metro. Life Ins. Co.*, 2018 WL 2316335, at *7 (S.D.N.Y. May 8, 2018) (providing that subpoena could be quashed when documents were not compelled from party before serving subpoena on non-party).

**2.  Conclusion**

We therefore ask the Court to issue an Order quashing the subpoena that Defendants served on Mr. Litvin and his company. We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Samuel O. Maduegbuna*

Samuel O. Maduegbuna

```
The parties shall appear for a telephonic conference regarding this
motion, using the below teleconference information, on Thursday
February 24, 2022 at 1:30 p.m.

Dial in (877) 402-9753; Access Code 6545179.

SO ORDERED.
                 2/23/2022
```
*Loretta A. Preska* (signature)