EPSTEIN BECKER & GREEN, P.C.
Allen B. Roberts
Lori A. Medley
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
ARoberts@ebglaw.com
LMedley@ebglaw.com
*Attorneys for Defendants*
*Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMY MILLER,                              :
                                         :
                    Plaintiff,           :
                                         :
                                         :
              -v-                        :
                                         :   Case: 1:20-cv-01390-LAP-BCM
                                         :
LEVI & KORSINSKY, LLP, EDUARD KORSINSKY, :   **ANSWER AND DEFENSES**
and JOSEPH LEVI,                         :   **TO AMENDED COMPLAINT**
                                         :
                                         :
                    Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky ("Korsinsky"), and

Joseph Levi ("Levi") (collectively, "Defendants"), by and through their attorneys Epstein Becker

& Green, P.C., answer the Amended Complaint (Dkt. No. 79) (the "Amended Complaint") of

Plaintiff Amy Miller ("Plaintiff"), filed pursuant to the Court's Order (Dkt. No. 78) granting

Plaintiff's request to amend the Complaint (Dkt. No. 1) by "specifying that her retaliation claim

includes Defendants' counterclaim lawsuit that was previously dismissed" (Dkt. No. 77), as

follows:

I.      **THE NATURE OF THIS ACTION**

        1.      The allegations set forth in Paragraph 1 of the Amended Complaint state

conclusions of law and Plaintiff's characterization of the case, which Defendants are not required

1

to either admit or deny. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2.     The allegations set forth in Paragraph 2 of the Amended Complaint state conclusions of law and Plaintiff's characterization of the case, which Defendants are not required to either admit or deny. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3.     Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint, except admit that Plaintiff was employed at L&K, and aver that the last title she held during her employment at L&K was a non-equity Partner and that Plaintiff's employment at-will with L&K terminated on or around March 28, 2019.

## II.     JURISDICTION AND VENUE

4.     The allegations set forth in Paragraph 4 of the Amended Complaint state conclusions of law, which the Defendants are not required to either admit or deny.  To the extent a response is required, Defendants deny any violations under any of the laws or liability for any of the causes of action referenced in the Amended Complaint.

5.     The allegations set forth in Paragraph 5 of the Amended Complaint state conclusions of law, which the Defendants are not required to either admit or deny.  To the extent a response is required, Defendants deny any violations under any of the laws or liability for any of the causes of action referenced by Plaintiff in the Amended Complaint.

6.     The allegations set forth in Paragraph 6 of the Amended Complaint state conclusions of law, which the Defendants are not required to either admit or deny. To the extent a response is required, Defendants admit that venue is proper in the United States District Court for the Southern District of New York based on 28 U.S.C. § 1391(b).

### III. <u>PROCEDURAL REQUIREMENTS</u>

7. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of the Amended Complaint. To the extent a response is required, Defendants deny the allegations.

### IV. <u>PARTIES</u>

11. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 11 of the Amended Complaint, except admit that Plaintiff is female.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13. The allegations set forth in Paragraph 13 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint, except aver that Plaintiff was employed by L&K in the position of Counsel from August 2016 to December 2017, and from in or around January 2018 until March 28, 2019, with the title of non-equity Partner in L&K's New York office.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint, except aver that L&K is a leading firm practicing in the area of securities and derivatives litigation.

17.     The allegations set forth in Paragraph 17 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation concerning L&K's status as set forth in Paragraph 17 of the Amended Complaint, but deny any violations under the Equal Pay Act or the New York Equal Pay Act.

18.     Defendants admit the allegations set forth in Paragraph 18 of the Amended Complaint.

19.     Defendants admit the allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Defendants admit the allegations set forth in Paragraph 20 of the Amended Complaint.

21.     Defendants admit the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint, except aver that as the founding and managing partners of L&K, Korsinsky and Levi made various personnel, staffing and compensation decisions.

23.     The allegations set forth in Paragraph 23 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny

any discrimination on the basis of sex, familial status, or retaliation for engaging in protected activity and aver that each of them acted lawfully.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25.     The allegations set forth in Paragraph 25 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint, except aver that as the founding and managing partners of L&K, Korsinsky and Levi made various personnel, staffing and compensation decisions.

## V.     FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff's Skill, Qualifications and Background:*

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of the Amended Complaint, except admit that, while employed at L&K, Plaintiff was an attorney licensed to practice law in the State of New York.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint, except aver that Plaintiff began her at-will employment at L&K as Of Counsel and her title was changed to Partner in or around January 2018.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint, except aver that Plaintiff did not lead L&K's corporate governance practice, but admit that she worked in L&K's corporate governance practice, which represented institutional and individual stockholders in derivative lawsuits, class actions, and appraisal proceedings.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint, except aver that Plaintiff, along with other attorneys at various levels of activity bore some responsibility for supervising associates and support staff and participating in strategy for the development and management of cases, but Plaintiff did not develop or retain clients, having introduced only a single client to L&K and having failed to produce for L&K adequate revenue relative to related expenses.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint, except aver that Plaintiff's title was changed to Partner at L&K in or around January 2018.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

*KORSINSKY Offers Promotion but Fails to Increase Plaintiff's Salary:*

38.     Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint, except aver that Levi and Korsinsky were dissatisfied with aspects of Plaintiff's performance and offered her a title change to Partner in order to attempt to bolster her standing with her colleagues in the derivative defense bar where she had been struggling professionally, and that Plaintiff was informed that her salary and compensation terms would remain the same and not increase, although her compensation could be revisited if and when the cases for which Plaintiff had supervisory or lead responsibility generated adequate revenue for L&K relative to related expenses.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint, except aver that at all times Plaintiff was an at-will employee of L&K and the terms of Plaintiff's compensation at the time of her hire were set forth in her offer of employment letter and Plaintiff's compensation exceeded her performance and always remained at a level higher than warranted by Plaintiff's failure to work and contribute to L&K in a manner that generated adequate revenue relative to related expenses.

*Plaintiff is* [sic] *Promised Commissions as Offered to her Comparable Male Partners with L&K:*

40.     Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint, except aver that Plaintiff was told that she might receive a larger annual bonus if her work generated adequate revenue for L&K relative to related expenses.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

*Plaintiff Receives the Same Bonus as One of Her Male Subordinate Associates:*

45.     Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint, except admit that Plaintiff was informed she would receive a bonus of $30,000 for 2017.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint, except admit that Plaintiff received a bonus of $30,000 for 2017.

48.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 48 of the Amended Complaint concerning Plaintiff's knowledge and deny the remaining allegations set forth in Paragraph 48 of the Amended Complaint, except admit that Will Fields received a bonus of $30,000 for 2017.

*Plaintiff is* [sic] *Considered the "Head" of the New York Derivative Department:*

49.     Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint, except aver that Plaintiff was required to provide Defendants with reports related to cases on which Plaintiff worked, including fee projections.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint, except aver that although Plaintiff was required to regularly provide Korsinsky with reports regarding the cases she worked on and supervised, she submitted reports to Korsinsky only sporadically.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint and aver that Plaintiff was informed that Defendants would revisit exploring her bonus eligibility if and when the cases for which Plaintiff had supervisory responsibility and was assigned a lead role generated sufficient fee revenue for L&K relative to related expenses, and further aver as a whole the cases for which Plaintiff had supervisory responsibility and was assigned a lead role during her employment with L&K failed to generate adequate revenue for L&K relative to related expenses, and that her tenure resulted in a substantial economic loss for L&K.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

*Plaintiff is* [sic] *Denied Commissions on a Derivative Case Against Fox News:*

56.     Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint, except admit that Plaintiff worked on a derivative case against Twenty-First Century Fox, Inc.'s board of directors and deny that she had sole management responsibility for the case. Plaintiff worked on the case and reported to Korsinsky, who was ultimately responsible for the management of the case, on all substantial issues.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint, and aver that it is improper for Plaintiff to plead confidential, non-public terms of litigation agreements or arrangements concerning client matters.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint, except aver that there was no reasonable basis for Plaintiff to expect to receive bonuses comparable to that of attorneys who generated a substantial amount of fee revenue for L&K relative to related expenses on a consistent basis and the only reasonable basis for Plaintiff to believe she would receive a bonus would be by qualifying for treatment comparable to other L&K attorneys by generating fee revenue for L&K relative to related expenses similar to theirs.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint, except aver upon information and belief that Plaintiff spoke from time to time about various matters with Svetlana Mayzus, who was L&K's office manager, and Ms. Mayzus did not have the authority to make decisions regarding attorneys' compensation.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

*KORSINSKY Makes Discriminatory Statements to Plaintiff:*

61.     Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint, except aver that there was no reasonable basis for Plaintiff to believe that she performed her duties and responsibilities while generating fee revenue for L&K relative to related expenses comparably to other attorneys to whom she compares herself.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Amended Complaint, except aver that Defendants maintained the consistent position that they would revisit the amount of her bonus if and when Plaintiff improved her fee revenue generation for L&K relative to related expenses, which she did not.

*KORSINSKY Makes More Discriminatory Statements to Plaintiff*:

69.     Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint, except aver that there was no reasonable basis for Plaintiff to expect to receive bonuses without generating for L&K similar to other attorneys.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Amended Complaint, except aver that there is no reasonable basis for Plaintiff to believe that she was treated by L&K differently from other female attorneys who were mothers and received favorable treatment.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint, except aver that Plaintiff was not entitled to attempt to obtain L&K's financial information from anyone other than Levi or Korsinsky without first obtaining the permission of Defendants.

*KORSINSKY Withdraws Compliments of Plaintiff*:

74.     Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint, except aver that there is no reasonable basis for Plaintiff to believe that competent written work product was a basis for the additional compensation she sought from Defendants.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint, except deny sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 75 of the Amended Complaint concerning Plaintiff's co-counsel.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

*KORSINSKY Retaliates Against Plaintiff*:

77.     Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with Svetlana Mayzus and that Ms. Mayzus, as L&K's office manager, did not have the authority to negotiate or suggest the terms of an employee's compensation.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint, except aver that L&K's clients did not enter into a settlement agreement and that when the focus of the litigation transformed into a securities fraud class action, Plaintiff repeatedly informed Defendants that securities fraud actions were not her specialty. Thus, based on Plaintiff's repeated representations that she did not have the knowledge and experience with securities fraud class actions to adequately represent L&K's clients, L&K had to ask another Partner, a skilled litigator with focus on securities class actions and Rule 10b-5 litigations, to assume responsibility for the litigation, and aver that it is improper for Plaintiff to plead confidential, non-public terms of litigation agreements or arrangements concerning confidential client matters.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with   Svetlana Mayzus.

82.     Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint, except aver upon information and belief that Plaintiff from time to time spoke about various matters with Svetlana Mayzus and that Ms. Mayzus was not involved in any of the decision making regarding attorneys' bonuses.

*Plaintiff Meets with LEVI and Faces Further Discrimination and Retaliation*:

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint, except aver that Levi met with Plaintiff on December 14, 2018 to inform Plaintiff that her bonus for 2018 was $15,000.

84.     Defendants deny the allegations set forth in paragraph 84 of the Amended Complaint, except aver that in or around 2018 Plaintiff was often not present in the office for hours at a time during the day, which adversely impacted her ability to oversee and lead associates in the derivative group.

85.     Defendants deny the allegations set forth in paragraph 85 of the Amended Complaint, except aver that Defendants did not object to Plaintiff being out of the office on firm business, but did have objections to Plaintiff being out of the office for hours at a time on a regular basis in order to attend to personal matters that were outside of L&K's lawful policy and practice.

86.     Defendants deny the allegations set forth in paragraph 86 of the Amended Complaint, except aver that Plaintiff received a bonus of $15,000 for 2018.

87.     Defendants deny the allegations set forth in paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 88 of the Amended Complaint as to what Plaintiff was aware of regarding Shannon Hopkins, and Defendants aver that Shannon Hopkins is a female and mother of two children and she is a highly regarded Partner in L&K's Connecticut office who always has expressed appreciation to Defendants and others for the professional opportunities and treatment she has received from Defendants and whose strong performance over the years led to L&K accommodating her personal and professional circumstances by creating and maintaining an office in Connecticut to allow Hopkins to be situated near her home in order to better assist Hopkins with balancing her professional obligations with her care of her young children.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint, except aver that Plaintiff was reminded that whether she would qualify to receive a discretionary bonus depended in part on the amount of revenue generated by cases on which she worked relative to related expenses of those matters for L&K.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Amended Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 91 of the Amended Complaint as to what Plaintiff learned regarding compensation of Will Fields and Defendants further aver that Will Fields worked on a number of cases at L&K, only some of which Plaintiff had oversight over, and Will Fields also worked on cases that he managed on his own that, unlike the cases Plaintiff oversaw, generated satisfactory revenue for L&K relative to related expenses.

*KORSINSKY Continues to Retaliate Against Plaintiff*:

92.     Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint, except aver that Will Fields and Chris Kupka, who were senior-level associates at L&K and capable of assuming greater responsibility over cases, were assigned as part of their case load cases that did not require or necessitate Plaintiff's oversight or that were supervised by other Partners of L&K.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 94 of the Amended Complaint as to what "was clear to Plaintiff," and deny the remaining allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint, except aver that Plaintiff, while employed at L&K, was expected to have, and should have, billed all of the time she worked on cases and that Plaintiff's title as a Partner of L&K signified that she was expected to give guidance to associate attorneys and allow associate attorneys to work on smaller less-complicated matters so that Plaintiff could concentrate on larger more complex and potentially more profitable cases.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint, except aver that, due to the thinness of the walls and the level at which sound carried from the adjoining office occupied at the time by Plaintiff, Korsinsky converted the office next to his from an actively occupied attorney office to a conference room used principally for his meetings, and that former office remains dedicated to such auxiliary conference use.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 99 of the Amended Complaint as to what Plaintiff may have discussed with colleagues.

100.     Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint, except admit that L&K's September 2018 Employee Handbook sets forth the complaint procedure process for reporting or making a complaint of discrimination and respectfully refer the Court to the September 2018 Employee Handbook for its contents.

101.     Defendants deny the allegations set forth in Paragraph 101 of the Amended Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 101 of the Amended Complaint as to what Plaintiff may have discussed with Shannon Hopkins but aver that Ms. Hopkins testified at her deposition that no one, including Plaintiff, made complaints to her about Defendants Korsinsky or Levi acting in a discriminatory manner.

102.     Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint, except aver that Shannon Hopkins repeatedly and consistently expressed to Defendants her appreciation for the professional opportunities and treatment she received from Levi and Korsinsky as an attorney and mother of young children.

*Plaintiff's Employment with Defendant L&K is* [sic] *Terminated*:

103.     Defendants deny the allegations set forth in Paragraph 103 of the Amended Complaint, except admit that during a meeting with Korsinsky and Svetlana Mayzus on March 28, 2019, Plaintiff's employment at L&K was terminated and aver that Levi and Korsinsky suspected not only that Plaintiff was seeking other employment but also that Plaintiff was "shopping" L&K's cases, processes and associates, and disparaging L&K, both internally and in the close community of law firms, prospective employees and clients within L&K's practice area and that Plaintiff dishonestly denied such activity when confronted by Defendants.

104.     Defendants deny the allegations set forth in Paragraph 104 of the Amended Complaint.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Amended Complaint, except that Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 106 of the Amended Complaint as to what Plaintiff may have heard from Joanna Cheblus and Defendants further aver that customary and uniform attendance records were maintained for L&K for legitimate nondiscriminatory business reasons by Svetlana Mayzus, and Joanna Cheblus had no authority from L&K to track time of any L&K employee or whether he/she was either in the office or out of the office, except as may have been useful to her for purposes of performing her own marketing related functions.

107.     Defendants deny the allegations set forth in Paragraph 107 of the Amended Complaint, except aver that Plaintiff was offered a severance agreement, which she did not sign.

*Plaintiff's Termination was* [sic] *Timed to Benefit L&K and Deprive her Commissions on Fees*:

108.     Defendants deny the allegations set forth in Paragraph 108 of the Amended Complaint, except are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 108 of the Amended Complaint regarding what Plaintiff believed Mr. Fields had "confirmed" to her.

109.     Defendants deny the allegations set forth in Paragraph 109 of the Amended Complaint, except aver that certain matters in which L&K represents clients have been resolved by settlement since the date of Plaintiff's employment termination.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Amended Complaint, except aver that Plaintiff and other L&K attorneys worked significant hours on the referenced case, Plaintiff attended a mediation session when the case was substantially concluded by March 2019, and L&K deserved a "significant fee" based upon its lodestar for the work performed for its financial institution client by Plaintiff and other L&K attorneys, but a few months before the announced settlement set forth in Paragraph 110 of the Amended Complaint, Plaintiff deprived L&K of the value of the "significant fee" it would have been entitled to receive for the matter by entering into a scheme to be paid as much as $500,000 in consideration for causing L&K's financial institution client to transfer its case to another law firm.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Amended Complaint.

*Defendants Filed Retaliatory Counter-Claims Against Plaintiff:*

112.    Defendants deny the allegations set forth in Paragraph 112 of the Amended Complaint and aver that although the counterclaims were dismissed, Plaintiff's various wrongful conduct, including confidentiality and ethical breaches while employed by L&K and owing a duty of loyalty to L&K and following Plaintiff's employment termination, has been admitted by Plaintiff in her deposition testimony and confirmed by documents produced by Plaintiff – as anticipated in Defendants' memorandum of law in opposition to Plaintiff's motion to dismiss the counterclaims (Dkt. No. 29).

113.    Defendants admit the allegations set forth in Paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Amended Complaint and aver that Defendants' counterclaims, asserted upon information and belief and

subject to evidence attainable in discovery, are based upon sound and sufficient legal and factual bases that have been validated by after-acquired evidence disclosed by Plaintiff's admissions in deposition testimony and confirmed by documents produced by Plaintiff.

115. Defendants deny the allegations set forth in Paragraph 115 of the Amended Complaint and aver that Plaintiff's admissions in her deposition testimony, together with her document production, demonstrate the merit and good faith of Defendants' counterclaims and the substantial damage caused to Defendants by Plaintiff's wrongful and deliberate conduct, purposefully calculated by her to be for her own personal and economic advantage and the substantial financial and other detriment to Defendants, with no legitimate or good faith justification.

116. Defendants deny the allegations set forth in Paragraph 116 of the Amended Complaint and aver that Plaintiff's pejorative allegations of admissions, "speculation", "intuition", and forgetfulness are improper distortions, falsifications and/or fabrications of deposition testimony, asserted by Plaintiff in bad faith and having no foundation in the deposition testimony of either Levi or Korsinsky in the context of deposition questions asked and responsive answers supplied, conventional dictionary definitions, and commonsense usage. Defendants further aver that deposition transcripts affirmatively establish that:

a) Korsinsky did not use the word speculation anywhere in his deposition testimony relative to Defendants' counterclaims against Plaintiff, his single use of the word "intuition" does not diminish his testimony concerning the knowledge and beliefs about which he gave thorough testimony, and he did not refer to forgetting any fact concerning Defendants' counterclaims;

b)     Korsinsky did not rely improperly on speculation or intuition, and he was not forgetful, when he testified about:

     i.     Plaintiff's disparagements and unfaithful and insubordinate disregard of explicit instructions,

    ii.     Plaintiff's conspiracy and ethical breach in scheming with an attorney at another law firm to receive as much as $500,000, the value of her billed time when she worked on the client matter while employed and paid by L&K, as her price for causing the client to transfer a valuable matter to the other attorney and his law firm;

c)     Levi explained his use of "intuition" as his comprehension of a fact pattern and tapping into a situation based upon his "experience" and "judgment," taking account of the "color" and "context" of a situation "tested in real time," and there is no good faith record support for Plaintiff's deceptive allegations that Defendants' counterclaims are based on improper "speculation" or that Levi "forgot" any facts concerning Defendants' counterclaims or that Defendants' counterclaims are "baseless," as alleged by Plaintiff.

117.    Defendants deny the allegations set forth in Paragraph 117 of the Amended Complaint and aver that Plaintiff breached her duty of loyalty to L&K and caused economic and other harm by disobeying an instruction concerning a client fee, and Defendants further aver that Plaintiff's deposition testimony, including her admission that she did not want Defendants to "mess with resolving" the client fee issue, and her document production demonstrate Plaintiff's wrongful and insubordinate unilateral actions that were contrary to instruction, outside the scope of her authority, and concealed from Defendants.

118.     Defendants deny the allegations set forth in Paragraph 118 of the Amended Complaint.

119.     Defendants admit that Plaintiff's known, disapproved and admonished breach of her duty of loyalty to L&K and insubordinate unilateral action in settling a case in a manner that was contrary to instruction and outside the scope of her authority, alleged in Paragraph 119 of the Amended Complaint, was not expressly mentioned during the meeting at which Plaintiff's employment was terminated, and Defendants further aver that after-acquired evidence obtained by way of Plaintiff's deposition testimony and document production establishes the acts and deceptions constituting Plaintiff's insubordination and breach of her duty of loyalty to L&K.

120.     Defendants deny the allegations set forth in Paragraph 120 of the Amended Complaint and aver that Defendants' counterclaims, asserted upon information and belief and subject to evidence attainable in discovery, are based upon sound and sufficient legal and factual bases that have been validated by after-acquired evidence disclosed by Plaintiff's admissions in deposition testimony and confirmed by documents produced by Plaintiff.

121.     Defendants deny the allegations set forth in Paragraph 121 of the Amended Complaint and aver that after-acquired evidence obtained by way of Plaintiff's deposition testimony and document production establish that Plaintiff acted wrongfully and without regard for her legal and ethical responsibilities, and her duty of loyalty to L&K, by, among other acts:

a)     Plaintiff schemed to accomplish the transfer of a multi-party derivative actions case for the large financial institution that was an L&K client, referenced in Paragraph 121 of the Amended Complaint, to another law firm in furtherance of her arrangement with an attorney at the other law firm to directly pay Plaintiff as much as $500,000 for the time she had worked on the case while employed and paid by L&K;

b)	By entering into a deal for compensation in consideration for causing L&K's financial institution client to transfer its multi-party derivative actions case to the law firm that agreed to pay Plaintiff as much as $500,000 for accomplishing the transfer, Plaintiff misappropriated a valuable L&K asset for her own gain and substantially damaged Defendants;

c)	Plaintiff's wrongful acts to orchestrate and accomplish the transfer of the multi-party derivative actions case to another law firm in consideration for agreement to pay Plaintiff as much as $500,000, after most substantive work was completed and within a few months of an announced settlement, deprived L&K from obtaining appropriate compensation referenced in Paragraph 110 of the Amended Complaint for its lodestar invested in the representation of the large financial institutional client and caused L&K to lose the value of millions of dollars in fees; and

d)	Although Plaintiff maintained two email accounts for her personal business, she communicated only by text messages and orally with the attorney with whom she made the deal to accomplish the transfer of the multi-party derivative actions case so it would not be "discoverable" by Defendants.

122.	Defendants deny the allegations set forth in Paragraph 122 of the Amended Complaint and aver that Defendants' counterclaims concerning disparagement by Plaintiff, asserted upon information and belief and subject to evidence attainable in discovery, are based upon sound and sufficient legal and factual bases that have been validated by after-acquired evidence disclosed by Plaintiff's admissions in deposition testimony and confirmed by documents produced by Plaintiff, and Defendants further aver that Plaintiff's allegations in Paragraph 122 of the Amended Complaint are improper distortions, falsifications and fabrications of deposition

testimony, asserted in bad faith, and they have no foundation in the deposition testimony of Levi and Korsinsky.

123.     Defendants deny the allegations set forth in Paragraph 123 of the Amended Complaint and aver that Defendants' counterclaims concerning transfer of the case of the large financial institutional client of L&K, asserted upon information and belief and subject to evidence attainable in discovery, are based upon sound and sufficient legal and factual bases that have been validated by after-acquired evidence disclosed by Plaintiff's admissions in deposition testimony and confirmed by documents produced by Plaintiff, and Defendants further aver that Plaintiff's allegations in Paragraph 123 of the Amended Complaint concerning "speculation" are improper distortions, falsifications and fabrications of deposition testimony, asserted in bad faith, and they have no foundation in the deposition testimony of Levi and Korsinsky.

*Defendants' Actions are* [sic] *Unlawful and Caused Plaintiff Harm:*

124.     Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint.

125.     Defendants deny the allegations set forth in Paragraph 125 of the Amended Complaint.

126.     Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint.

127.     Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint.

128.     Defendants deny the allegations set forth in Paragraph 128 of the Amended Complaint, except aver that Plaintiff has no entitlement to a remedy at law.

## FIRST COUNT AGAINST DEFENDANT L&K
### (Sex/Gender Discrimination Under Title VII)

129.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 128 of the Amended Complaint, as if fully set forth herein.

130.     Defendants deny the allegations set forth in Paragraph 130 of the Amended Complaint.

131.     Defendants deny the allegations set forth in Paragraph 131 of the Amended Complaint, including subparagraphs 131(a) through 131(g).

132.     Defendants deny the allegations set forth in Paragraph 132 of the Amended Complaint.

133.     Defendants deny the allegations set forth in Paragraph 133 of the Amended Complaint.

134.     Defendants deny the allegations set forth in Paragraph 134 of the Amended Complaint.

## SECOND COUNT AGAINST DEFENDANT L&K
### (Retaliation Under Title VII)

135.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 134 of the Amended Complaint, as if fully set forth herein.

136.     Defendants deny the allegations set forth in Paragraph 136 of the Amended Complaint.

137.     Defendants deny the allegations set forth in Paragraph 137 of the Amended Complaint.

## THIRD COUNT AGAINST ALL DEFENDANTS
### (Violation of the Equal Pay Act)

138.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 137 of the Amended Complaint, as if fully set forth herein.

139.    Defendants deny the allegations set forth in Paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations set forth in Paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations set forth in Paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations set forth in Paragraph 142 of the Amended Complaint.

143.    Defendants deny the allegations set forth in Paragraph 143 of the Amended Complaint.

144.    Defendants deny the allegations set forth in Paragraph 144 of the Amended Complaint.

145.    Defendants deny the allegations set forth in Paragraph 145 of the Amended Complaint.

## FOURTH COUNT AGAINST ALL DEFENDANTS
### (Retaliation in Violation of the Equal Pay Act, Section 215(a)(3))

146.    Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 145 of the Amended Complaint, as if fully set forth herein.

147.    Defendants deny the allegations set forth in Paragraph 147 of the Amended Complaint.

148.     Defendants deny the allegations set forth in Paragraph 148 of the Amended Complaint.

## FIFTH COUNT AGAINST ALL DEFENDANTS
### (Violation of N.Y. Labor Law § 194)

149.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 148 of the Amended Complaint, as if fully set forth herein.

150.     The allegations set forth in Paragraph 150 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 150 of the Amended Complaint.

151.     Defendants deny the allegations set forth in Paragraph 151 of the Amended Complaint.

152.     Defendants deny the allegations set forth in Paragraph 152 of the Amended Complaint.

153.     Defendants deny the allegations set forth in Paragraph 153 of the Amended Complaint.

154.     Defendants deny the allegations set forth in Paragraph 154 of the Amended Complaint.

155.     Defendants deny the allegations set forth in Paragraph 155 of the Amended Complaint.

## SIXTH COUNT AGAINST ALL DEFENDANTS
### (Sex and Familial Status Discrimination in Violation of the NYSHRL)

156.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 155 of the Amended Complaint, as if fully set forth herein.

157.     The allegations set forth in Paragraph 157 of the Amended Complaint state a legal conclusion to which no response is required.

158.     Defendants deny the allegations set forth in Paragraph 158 of the Amended Complaint.

159.     Defendants deny the allegations set forth in Paragraph 159 of the Amended Complaint.

## SEVENTH COUNT AGAINST ALL DEFENDANTS
### (Sex and Familial Status Discrimination in Violation of the NYCHRL)

160.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 159 of the Amended Complaint, as if fully set forth herein.

161.     The allegations set forth in Paragraph 161 of the Amended Complaint state a legal conclusion to which no response is required.

162.     Defendants deny the allegations set forth in Paragraph 162 of the Amended Complaint.

163.     Defendants deny the allegations set forth in Paragraph 163 of the Amended Complaint, except admit that Plaintiff purports to seek punitive damages.

164.     Defendants deny the allegations set forth in Paragraph 164 of the Amended Complaint.

## EIGHTH COUNT AGAINST ALL DEFENDANTS
### (Caregiver Discrimination in Violation of the NYCHRL)

165.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 164 of the Amended Complaint, as if fully set forth herein.

166.     The allegations set forth in Paragraph 166 of the Amended Complaint state a legal conclusion to which no response is required.

167.     The allegations set forth in Paragraph 167 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 167 of the Amended Complaint.

168.     Defendants deny the allegations set forth in Paragraph 168 of the Amended Complaint.

169.     Defendants deny the allegations set forth in Paragraph 169 of the Amended Complaint, except admit that Plaintiff purports to see punitive damages.

170.     Defendants deny the allegations set forth in Paragraph 170 of the Amended Complaint.

**NINTH COUNT AGAINST ALL DEFENDANTS**
**(Retaliation in Violation of the NYSHRL and NYCHRL)**

171.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 170 of the Amended Complaint, as if fully set forth herein.

172.     Defendants deny the allegations set forth in Paragraph 172 of the Amended Complaint.

173.     Defendants deny the allegations set forth in Paragraph 173 of the Amended Complaint.

**TENTH CAUSE OF ACTION AGAINST DEFENDANT L&K**
**(Breach of Contract)**

174.     Defendants restate and incorporate their responses to the allegations in Paragraphs 1 through 173 of the Amended Complaint, as if fully set forth herein.

175.     Defendants deny the allegations set forth in Paragraph 175 of the Amended Complaint.

176. Defendants deny the allegations set forth in Paragraph 176 of the Amended Complaint.

177. Defendants deny the allegations set forth in Paragraph 177 of the Amended Complaint.

178. Defendants deny the allegations set forth in Paragraph 178 of the Amended Complaint.

## PUNITIVE DAMAGES

179. Defendants deny the allegations set forth in Paragraph 179 of the Amended Complaint, except admit that Plaintiff purports to seek punitive damages.

180. Defendants deny that Plaintiff is entitled to any judgment in her favor, the relief sought in the unnumbered WHEREFORE paragraph following Paragraph 179 of the Amended Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

181. The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

182. The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

183. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages, if any exist, as required under the law.

## FOURTH AFFIRMATIVE DEFENSE

184.     At all relevant times, L&K had an appropriate policy and program against unlawful discrimination, harassment, and retaliation, and an effective complaint procedure that was known and available to all employees, including Plaintiff.  Nonetheless, Plaintiff unreasonably failed to take advantage of the preventative or corrective measures provided by L&K to avoid harm or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

185.     At all relevant times, all actions taken by Defendants with respect to Plaintiff were non-discriminatory, non-retaliatory, and non-harassing in nature, were based on reasonable, legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws.

## SIXTH AFFIRMATIVE DEFENSE

186.     Defendants would have taken the same employment actions, if any, toward Plaintiff in the absence of any alleged protected status or alleged impermissible motivating factor.

## SEVENTH AFFIRMATIVE DEFENSE

187.     Plaintiff has failed to state a claim for the recovery of punitive and/or liquidated damages.

## EIGHTH AFFIRMATIVE DEFENSE

188.     Plaintiff has not suffered any damages as a result of any acts or omissions by Defendants.

## NINTH AFFIRMATIVE DEFENSE

189.     Plaintiff's claims are barred, in whole or in part, to the extent she failed to invoke and exhaust applicable administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

190.     Subject to proof through discovery, Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

191.     Any damages sought for emotional distress, pain and suffering, mental anguish, embarrassment, and/or humiliation suffered or claimed to be suffered by Plaintiff are not reasonable or justified under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

192.     To the extent that Plaintiff purports to allege a claim or claims for emotional, mental, or physical injuries, including any claim for infliction of emotional distress and any claim for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

193.     The alleged harassment and other conduct complained of consisted of nothing more than "petty slights and trivial inconveniences," which are not actionable under the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

194.     Defendants deny every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.  Any pay differential, if any, was or is based on merit, quality of production, or a factor other than sex.

## FIFTEENTH AFFIRMATIVE DEFENSE

195.     The positions Plaintiff refers to as being paid unequal do not involve substantively equal work, do not require substantively equal skill, effort and responsibility and/or are not performed in equal working conditions.

## SIXTEENTH AFFIRMATIVE DEFENSE

196.     Defendants assert all affirmative defenses provided by Section 194 of the New York Labor Law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

197.     No enforceable contract exists between Plaintiff and Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

198.     Plaintiff failed to perform her duties and obligations to L&K faithfully, with utmost good faith and loyalty in the performance of her duties, and, instead, she acted in a prohibited manner, inconsistent with her agency and trust.

## NINETEENTH AFFIRMATIVE DEFENSE

199.     Plaintiff's claims are barred, in whole or in part, based on Plaintiff's faithless and disloyal service and the faithless servant doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

200.     Plaintiff's claims concerning Defendants' counterclaims are barred by the doctrines of waiver, unclean hands, estoppel, laches, and after-acquired evidence.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

201.     Plaintiff's claims concerning Defendants' counterclaims are barred by Plaintiff's admitted breaches and violations of L&K's policies which Plaintiff has acknowledged and agreed are binding upon her, by separate agreements with L&K, and by the remedies available to Defendants for such admitted breaches and violations.  Among such policies and agreements are: Plaintiff's agreements concerning L&K's E-Mail/Internet/Voice-Mail Policy and Plaintiff's Non-Disclosure Non-Solicitation Agreement with L&K, and Plaintiff's acknowledgments of L&K's Handbook provisions, including: (i) Confidentiality, (ii) Outside Employment, Conflicts of Interest, and Client Relations, and (iii) Personal Misconduct, including insubordination,

uncooperative conduct and refusing to follow a supervisor's or manager's requests, instructions and orders.

## **TWENTY SECOND AFFIRMATIVE DEFENSE**

202.    Plaintiff's claims concerning Defendants' counterclaims are barred by Plaintiff's admitted ethical breaches, her violations of law, her breaches of her duty of loyalty owed to L&K, and her fiduciary breaches.

## **RESERVATION OF RIGHTS**

203.    In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment against Plaintiff as follows:

A.    Denying the relief sought by Plaintiff and entering an Order dismissing Plaintiff's Amended Complaint in its entirety;

B.    Awarding L&K the amount of any salary, bonuses, or other compensation and/or benefits Plaintiff received from L&K during the entirety of her period of faithless and disloyal service.

C.    Awarding L&K compensatory damages, together with prejudgment interest, in an amount to be determined at trial.

D.    Granting Defendants their attorneys' fees and costs and such other and further relief as may be just and proper.

Dated: New York, New York  
June 14, 2022

EPSTEIN BECKER & GREEN, P.C.

By:    /s/ Allen B. Roberts  
Allen B. Roberts

Lori A. Medley
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
*Attorneys for Defendants*
*Levi & Korsinsky, LLP, Eduard Korsinsky*
*and Joseph Levi*