

Attorneys at Law

Allen B. Roberts
t  212.351.3780
f  212.878.8600
ARoberts@ebglaw.com

July 8, 2022

VIA ECF

Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

      Re:  *Amy Miller v. Levi & Korsinsky, LLP, et al,* 1:20-cv-01390 (LAP)(BCM)
           Defendants' Opposition to Plaintiff's Pre-Motion Letter – Partial Summary
           Judgment

Dear Judge Preska:

      On behalf of Defendants Levi & Korsinsky, LLP ("L&K"), Eduard Korsinsky ("Korsinsky") and Joseph Levi ("Levi"), we write in opposition to the pre-motion conference request of Plaintiff Amy Miller ("Plaintiff") (Dkt. No. 81). The request should be denied because Plaintiff fails to justify partial summary judgment consideration of the fanciful embellishments freshly added in her Amended Complaint (Dkt. No. 79) – itself an apparent product of Plaintiff's realization that her gender, familial and caregiver discrimination, retaliation and breach of contract claims she has been pressing for more than two years are gutted by undisputed facts.[1]

      Unlike Defendants on their authorized summary judgment motion (Dkt. No. 76), Plaintiff cannot show the Court that facts essential to the summary judgment motion she wants to bring will be undisputed. Rather, Plaintiff's request shows that she is not able to satisfy the straightforward instruction of Rule 56 of the Federal Rules of Civil Procedure, requiring that a movant for summary judgment show "that there is no genuine dispute as to any material fact." Plaintiff directs the Court's attention to the "12 short paragraphs" added to her February 18, 2020 Complaint (Dkt. No. 1) by her Amended Complaint. However, Plaintiff is not entitled to pursue summary judgment in the face of the undisputed facts contained in documents she produced and reinforced by her own deposition testimony and undisputed deposition testimony of Levi and Korsinsky (referenced in this

---

[1] Plaintiff's added retaliation claim, an evident afterthought Plaintiff has known about since 2020, has no discernable economic remedy of any significance or consequence. By her own testimony and documentary account, Plaintiff has enjoyed material success since the counterclaims were filed. Plaintiff continues to be employed by the same law firm that hired her in July 2019 and her employment status and earnings have not been impaired in any measure by Defendants' counterclaims filed in June 2020.

Honorable Loretta A. Preska, U.S.D.J.
July 8, 2022
Page 2

letter and available if Plaintiff's requested conference is scheduled or if otherwise requested by the Court) showing:

- Plaintiff disparaged Defendants and entered into a clandestine tortious scheme with a partner of a competing law firm to deprive L&K of the value of a "significant fee" in exchange for an undisclosed payment to her of as much as $500,000 in consideration for causing a client to transfer its relationship in a multi-party representative securities lawsuit from L&K to that other law firm. This tortious scheme was revealed in Plaintiff's mobile phone texts obtained in discovery and her deposition testimony. (Dkt. No. 80 at ¶¶ 110; 112; 114; 116; 121; Plaintiff's Deposition at 191:18-193:23).

- Defendants suffered substantial economic damage caused by Plaintiff's wrongful and deliberate conduct, purposefully calculated by her to be for her own personal and economic advantage, with no legitimate or good faith justification and without regard for her legal and ethical responsibilities, and her duty of loyalty to L&K. (Dkt. No. 80 at ¶ 115).

- Deposition transcripts of Levi and/or Korsinsky refute Plaintiff's pejorative allegations of admissions, "speculation", "intuition", and/or forgetfulness, and allegations concerning Plaintiff's disparagements and unfaithful and insubordinate disregard of explicit instructions or her tortious conspiracy and ethical breach. (Dkt. No. 80 at ¶¶ 116; 122; 123).

- Plaintiff did not want Korsinsky to "mess with resolving" L&K's fee dispute with the same competing firm at issue in Defendants' counterclaim concerning her clandestine referral scheme so she breached her duty of loyalty to L&K by wrongful and insubordinate unilateral actions that were contrary to instruction, outside the scope of her authority, and concealed from Defendants. (Dkt. No. 80 at ¶¶ 117; 119; Confidential PLF ESI 0001306-07; PLF ESI 0001308-09; PLF ESI 0001310-11; PLF ESI 0001046).[2]

- Defendants' counterclaims concerning Plaintiff's disparagements, unfaithful and insubordinate disregard of explicit settlement instructions, and her conspiracy and ethical breach with a competing

---

[2] Plaintiff breached her duty of loyalty to L&K by binding L&K to accept a fee of $1.1 million after she had been specifically instructed to accept no less than $1.5 million that had already been escrowed (Korsinsky Deposition at 317:3-318:3; 389:9-24), benefitting the same competing firm with which Plaintiff had schemed tortiously in exchange for a secret payment upwards of $500,000. (Korsinsky Deposition at 278:5-279:6; 387:19-390:9).

- firm – furthering tortious interference with prospective economic advantage but not mentioned at all in her request – were not alleged by "speculation", "intuition", and/or forgetfulness, but grounded in indisputable documents produced by Plaintiff, as testified by Levi and Korsinsky. (Dkt. No. 80 at ¶¶ 116; 122; 123)

- Defendants' counterclaims asserted upon information and belief have been validated by after-acquired evidence disclosed in documents produced by Plaintiff responsive to production requests and then reinforced by Plaintiff's deposition testimony. (Dkt. No. 80 at ¶¶ 120; 122; 123).

Plaintiff's request to move for partial summary judgment on her retaliation claim fails by her complete silence on Defendants' tortious interference with prospective economic advantage counterclaim, compounded by her failure to satisfy the elemental Rule 56 requirement of showing that her desired motion would be based on undisputed facts. Plaintiff's one-sided request offers nothing whatsoever to satisfy Rule 56 by even suggesting that "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (*quoting Lunds, Inc. v. Chem. Bank*, 870 F.2d 840, 844 (2d Cir. 1989)) (internal quotation marks omitted). Moreover, the legal theory of her retaliation claim (Dkt. No. 75 at 3) does not satisfy the applicable legal standard for assessing counterclaims: "Several courts have found that compulsory counterclaims are not actionable adverse actions unless they are 'totally baseless.'" *Grauer v. UBS Fin. Services, Inc.*, 2008 WL 11398936, at *8 (S.D.N.Y. Dec. 17, 2008). Far from being "totally baseless," the merit of Defendants' counterclaims is validated through supportive discovery showing Plaintiff's various breaches and corruptions as predicates of the counterclaims – as anticipated throughout Defendants' briefing of Plaintiff's motion to dismiss the counterclaims (Dkt. No. 29).

Rule 56 and governing case authority make plain that Plaintiff should not be allowed to subject Defendants to further escalating costs of defending her meritless lawsuit with partial summary judgment briefing of the belatedly added retaliation claim. Plaintiff does not remotely do what is required by a pre-motion letter; she merely cites her own pleading and then offers "Plaintiff's Proposed Briefing Sequence," opportunistically attempting to stage briefing so her moving submission would follow the filing of Defendants' authorized summary judgment submission and allow Plaintiff to file her reply brief after Defendants' motion has been fully briefed (Dkt. No. 81). Plaintiff's spare "12 short paragraphs" concerning retaliation have nothing to do with Defendants' summary judgment motion or the undisputed material facts on which Defendants' summary judgment motion will rely. Even if permitted to pursue partial summary judgment on her new retaliation claim, Plaintiff should not be indulged with the unfair advantage of her requested "briefing sequence" giving her the benefit of awaiting receipt of Defendants' submission before filing her initial brief and then the opportunity of filing a reply after Defendants' motion is fully briefed.

                                      Respectfully submitted,
                                      */s/ Allen B. Roberts*
                                      Allen B. Roberts

Honorable Loretta A. Preska, U.S.D.J.
July 8, 2022
Page 4


cc:     All counsel of record via ECF