**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Allen B. Roberts
Jessica Giambrone Palmese
t 212.351.4500
f 212.878.8600
ARoberts@ebglaw.com
JPalmese@ebglaw.com

The request to file under seal and to file a public redacted version is granted.

SO ORDERED. *Loretta A. Preska*
9/26/2022

September 23, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Amy Miller v. Levi & Korsinsky, LLP, Eduard Korsinsky and Joseph Levi*
Case No. 20-cv-01390(LAP)(BAM)

Dear Judge Preska:

This Firm represents Defendants in the above referenced matter. We write pursuant to Individual Practice Rule 4(A) to advise the Court that Plaintiff has *just* responded to Defendants' ongoing requests to remove her wholesale confidentiality designations of virtually every document she produced during discovery by advising Defendants that should they wish to use *any* of them in support of Defendants' motion for summary judgment they must be under seal. Defendants' motion for summary judgment is due today September 23, 2022.

In this action, Plaintiff alleges that that she was discriminated against on the basis of her sex and family and caregiver status and was paid unequally under the Equal Pay Act and New York State Equal Pay Act and claims retaliation and breach of contract. Plaintiff has chosen to proceed with this matter in a public forum and the documents Defendants intend using do not contain any information for which Plaintiff can have a good faith basis for sealing.

The bulk of these documents are emails or other electronic correspondence Plaintiff freely sent to friends, family and various third parties concerning her employment with Defendants and a search she had initiated to find another job, as well as about 215 pages of documents she secretly took from Defendants' electronic system about Defendants' clients and cases and sent to herself during the

evening after being told her employment was terminated. Plaintiff marked the documents "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order which was So-Ordered by the Court on May 6, 2021. Docket No. 35. Some of these documents will be annexed as exhibits to Defendants' summary judgment motion and referred to within the 56.1 Statement and Defendants' Brief in support of the Motion for Summary Judgment.

Defendants made repeated overtures (on August 19, September 8, and September 14), requesting that Plaintiff meet and confer to discuss her excessive and unwarranted confidentiality designations, but Plaintiff's counsel did not make themselves available. Although they asserted they were occupied with a trial, no attempt was ever made by them to find a time in the last five weeks to address this issue. Most recently, on September 14, 2022, Defendants advised Plaintiff that unless notified to the contrary in the days that followed, Defendants would proceed as though none of her emails were confidential. It was only at 11:19 a.m. today, the date of filing, that Plaintiff's counsel directed Defendants to file under seal. In the several weeks of knowing Defendants' intent to use documents within the universe of more than a thousand documents undiscerningly designated as confidential, Plaintiff has done nothing whatsoever to demonstrate that the material contains confidential information or to object by bringing a motion or other action to have the contested information declared non-confidential.

Defendants regret that Plaintiff's inaction and belated directive to seal necessitates this request that burdens the Court and complicates the Defendants' filing. Nevertheless, and in accordance with the Court's Individual Practices, Defendants reluctantly request this Court's permission to file documents under seal, and where necessary, with redactions.

We thank the Court for its consideration of this request.

Respectfully submitted,

*Jessica G. Palmese*

Jessica Giambrone Palmese

cc: *via ECF*: Samuel Maduegbuna, Esq. and William W. Cowles, Esq.